IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD CANTOR, IVAN SNYDER and JAMES A. SCARPONE, as TRUSTEES OF THE MAFCO LITIGATION, and as SUCCESSORS IN INTEREST TO MARVEL ENTERTAINMENT GROUP, INC. et al.,<br><br>                            Plaintiffs,<br><br>          v.<br><br>RONALD O. PERELMAN, MAFCO HOLDINGS INC., MacANDREWS & FORBES HOLDINGS INC., ANDREWS GROUP INC., WILLIAM C. BEVINS and DONALD G. DRAPKIN,<br><br>                            Defendants. | C. A. No. 97-586-KAJ |

## SCHEDULING ORDER

At Wilmington, Delaware, this 18th day of October, 2005,

Following a scheduling conference held on September 9, 2005, IT IS ORDERED that:

1. <u>Discovery</u>

    (a) <u>Fact Discovery</u>. Fact discovery is complete and neither party can initiate additional fact discovery without leave of the Court, with the exception of matters addressed by paragraph 1(e) herein.

    (b) <u>Disclosure of Expert Testimony.</u> Either party may identify additional expert testimony on or before January 13, 2006 by filing additional reports in accordance with Federal Rule 26(a)(2). The parties shall file rebuttal expert reports on or before March 3, 2006. Depositions upon oral examinations of experts so identified shall be initiated so that they will be completed on or before April 21, 2006.

(c) <u>Daubert Motions.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than June 1, 2006.

(d) <u>Discovery Disputes (In General).</u> Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

(e) <u>The Pending Motion to Compel</u> The parties should meet and confer to resolve the outstanding dispute regarding defendants' assertion of the attorney-client and other privileges. If the parties are not able to resolve that dispute, then on or before October 21, 2005, plaintiffs shall renew their application, in accordance with the procedure set forth in the prior paragraph, by making their request for a teleconference.

2. <u>Motion to Strike Jury Demand</u> Defendants shall file their motion to strike the jury demand and supporting papers on or before October 21, 2005. Plaintiffs shall

file their opposition and supporting papers on or before November 23, 2005. Defendants shall file their reply and supporting papers on or before December 7, 2005.

3.  <u>Pretrial Conference</u>  On September 11, 2006, the Court will hold a Rule 16(d) Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.  On or before May 22, 2006, plaintiffs' counsel shall forward to defendants' counsel a draft of the pretrial order with the information plaintiff proposes to include in that draft.  On or before June 8, 2006, defendants' counsel shall, in turn, provide plaintiffs' counsel with comments on the plaintiffs' draft and the information the defendants intend to include in the proposed order.  Each party shall include in the draft pretrial order an identification of each expert witness that party expects to call to testify at the trial and a brief statement of the substance of each opinion the expert will testify to at the trial.  The final pretrial order shall be filed with the Court on or before July 14, 2006.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).

4.  <u>Motions *in Limine*</u>.  Motions *in Limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

5. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. If the case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should simultaneously exchange draft proposed instructions to the jury, special verdict forms and jury interrogatories on August 7, 2006. The parties shall file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms and jury interrogatories.

6. <u>Trial.</u> This matter is scheduled for a trial beginning at 9:30 a.m. on October 10, 2006 and shall conclude on October 27, 2006.

UNITED STATES DISTRICT JUDGE