IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
RONALD CANTOR, et al.,                   :
                                         :
            Plaintiffs,                  :
                                         :   No. 97-CIV-586-KAJ
       v.                                :
                                         :
RONALD O. PERELMAN, et al.,              :
                                         :
            Defendants.                  :
---------------------------------------------------------x

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO STRIKE PLAINTIFFS' JURY DEMAND**

<div style="text-align:right">

Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000
Attorneys for Defendants

</div>

DATED: October 21, 2005

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES ................................... i

NATURE AND STAGE OF THE PROCEEDINGS ........................... 1

SUMMARY OF ARGUMENT ............................................ 2

STATEMENT OF FACTS ............................................. 4

ARGUMENT ....................................................... 6

I.    PLAINTIFFS HAVE NO RIGHT TO A JURY TRIAL ..................... 6

II.   THE BALANCE OF FACTORS SHOWS THAT PLAINTIFFS' BREACH
OF THE DUTY OF LOYALTY CLAIM IS EQUITABLE ................. 6

    A. Breach Of Fiduciary Duty Claims Were Heard By Courts Of Equity
In The 18th Century .......................................... 7

    B. Delaware Law Provides An Equitable Remedy For A Breach Of The
Duty Of Loyalty .............................................. 9

III.  MARVEL'S COMMENCEMENT OF THIS ACTION WHILE A DEBTOR IN
BANKRUPTCY ELIMINATED ANY RIGHT TO A JURY TRIAL ........ 12

CONCLUSION ..................................................... 15

# TABLE OF CASES AND AUTHORITIES

**CASES**       **PAGE(S)**

Billing v. Ravin, Greenberg & Zackin, P.A.,
    22 F.3d 1242 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13, 14

Cantor Fitzgerald, L.P. v. Cantor,
    C.A. No. 16297, 2000 WL 307370 (Del. Ch. Mar. 13, 2000) . . . . . . . . . . . . . . . 10

Cantor Fitzgerald, L.P. v. Cantor,
    C.A. No. 16297, 2001 WL 536911 (Del. Ch. May 11, 2001) . . . . . . . . . . . . . 3, 10

Cantor Fitzgerald, L.P. v. Cantor,
    C.A. No. 16297, 2003 WL 21488707 (Del. Ch. June 19, 2003) . . . . . . . . . . . 3, 10

In re Carter Paper Co.,
    220 B.R. 276 (Bankr. M.D. La. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,
    494 U.S. 558 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Clark v. Teeven Holding Co.,
    625 A.2d 869 (Del. Ch. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Crowe Rope Indus. LLC,
    307 B.R. 1 (Bankr. D. Me. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

In re Cummins,
    174 B.R. 1005, 1008 n.1 (Bankr. W.D. Ark. 1994) . . . . . . . . . . . . . . . . . . . 3, 13

Dardovitch v. Haltzman,
    190 F.3d 125 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re Gebco Inv. Corp.,
    641 F.2d 143, 146 (3d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Gilliken v. Hughes,
    609 F. Supp. 178 (D. Del. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.,
    817 A.2d 160 (Del. 2002) .................................... 10, 11

Granfinanciera, S.A. v. Nordberg,
    492 U.S. 33 (1989) ........................................ 2, 6, 12

HMG/Courtland Props., Inc. v. Gray,
    749 A.2d 94 (Del. Ch. 1999) ..................................... 10

Hatco Corp. v. W.R. Grace & Co.,
    59 F.3d 400 (3d Cir. 1995) .................................. 11, 12

In re Hechinger Inv. Co. of Del.
(Liquid. Trust of Hechinger Inv. of Del. Inc. v. Fleet Retail Fin. Group),
    327 B.R. 537 (D. Del. 2005) ............................. 2, 7, 9, 13

Hynson v. Drummond Coal Co.,
    601 A.2d 570 (Del. Ch. 1991) ..................................... 8

Markman v. Westview Instruments, Inc.,
    517 U.S. 370 (1996) ............................................ 6, 9

N.I.S. Corp. v. Hallahan (In re Hallahan),
    936 F.2d 1496, 1505 (7th Cir. 1991) .......................... 3, 13

Pereira v. Farace,
    413 F.3d 330, 339-40 (2d Cir. 2005) .............................. 12

Smith v. Shell Petroleum, Inc.,
    C.A. No. 8395, 1990 WL 186446 (Del. Ch. Nov. 26, 1990) ............ 3

Standard Chlorine of Del., Inc. v. Sinibaldi,
    821 F. Supp. 232 (D. Del. 1992) ................................... 7

Thorpe v. CERBCO, Inc.,
    676 A.2d 436 (Del. 1996) ......................................... 11

STATUTES

28 U.S.C. § 1334 ..................................................... 13

U.S. Const. amend. VII. Section 4 .......................................... 9

Del. Const. art. I, § 4 ..................................................... 9

AUTHORITIES

Donald J. Wolfe, Jr. & Michael A. Pittenger,
CORPORATION AND COMMERCIAL PRACTICE IN THE
DELAWARE COURT OF CHANCERY § 1.3 (1998) ............................... 8

Rodman Ward, Jr. and Erin Kelly,
"Why Delaware Leads in the United States as a Corporate Domicile,"
9-FALL DEL. LAW. 15 (1991) ................................................ 8

## NATURE AND STAGE OF THE PROCEEDINGS

In accordance with the scheduling order entered by the Court on October 18, 2005, defendants hereby submit their argument in support of their motion to strike plaintiffs' demand for a jury trial.

## SUMMARY OF ARGUMENT

1. Defendants move to strike plaintiffs' jury demand because the only claim in this case – plaintiffs' claim that defendants breached their fiduciary duty of loyalty – is a classic equitable claim that carries with it no right to a jury trial. The Supreme Court has adopted a three-part test to determine the right to a jury trial:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989) (citation omitted). Each step of this test refutes plaintiffs' demand for a jury trial.

a. The first step provides a clear and direct answer. In the 18th century, a claim for breach of the fiduciary duty of loyalty fell within the traditional equity jurisdiction of the English Court of Chancery. In re Hechinger Inv. Co. of Del. (Liquid. Trust of Hechinger Inv. of Del. Inc. v. Fleet Retail Fin. Group), 327 B.R. 537, 544 (D. Del. 2005) (Robinson, J.). Indeed, the 18th-century tradition of a chancellor, rather than a jury, hearing claims for breach of fiduciary duty has been instrumental in the development of Delaware corporation law and the modern prominence of the Delaware Court of Chancery.

2

b. The remedy step of the test also favors equity. Under Delaware law, "[a] case involving a breach of the duty of loyalty permits broad, discretionary, and equitable remedies." Cantor Fitzgerald, L.P. v. Cantor, C.A. No. 16297, 2003 WL 21488707, at *1 (Del. Ch. June 19, 2003). Thus, if plaintiffs were to prove a breach by defendants, the Court is not even bound by the remedies suggested by the parties, but "must strive to find an equitable remedy and it traditionally has broad discretion in doing so." Smith v. Shell Petroleum, Inc., C.A. No. 8395, 1990 WL 186446, at *5 (Del. Ch. Nov. 26, 1990). This broad equitable discretion in crafting a remedy in no way resembles a claim for damages typically awarded by a jury.

c. Finally, even if plaintiffs were entitled to a jury trial under the first two steps, their request should be denied because plaintiffs' predecessor-in-interest, Marvel, waived its right to a jury trial by filing for bankruptcy protection. See N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496, 1505 (7th Cir. 1991); In re Cummins, 174 B.R. 1005, 1008 n.1 (Bank. W.D. Ark. 1994). Similarly, plaintiffs' claims, to the extent they involve legal rights, were converted into equitable claims that carry no jury trial right because they relate to the claims allowance process in bankruptcy. See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1251 (3d Cir. 1994). Accordingly, plaintiffs' demand for a jury trial should be stricken.

3

## STATEMENT OF FACTS

**The Origin of This Action**

In October 1997, Marvel, then a debtor-in-possession in bankruptcy, filed this action. In June 1998, Judge McKelvie confirmed the Fourth Amended Plan of Reorganization for Marvel (the "Plan"). (Ex. A)[1] Pursuant to the Plan, Marvel assigned its claims against the defendants in this action to the Mafco Litigation Trust as partial satisfaction for the claims of the former unsecured creditors and holders of equity interests of Marvel. (Ex. B at A01508) The trustees of the Mafco Litigation Trust thereafter substituted as plaintiffs in this action and have prosecuted it as Marvel's successors-in-interest.

**Plaintiffs' Breach Of Fiduciary Duty Claim**

According to plaintiffs, they "are asserting the claims of Marvel against Perelman (who was Marvel's controlling shareholder and Chairman of the Board of Directors) and others (including Bevins and Drapkin, who were directors of Marvel) for breach of fiduciary duty to Marvel." (Pls. Br. Opp. S.J. at 1, D.I. No. 291) Plaintiffs contend that Mr. Perelman breached his fiduciary duty of loyalty when Marvel's immediate parent companies issued notes that were secured by shares of Marvel stock owned by them. Marvel was not a party to these transactions, and its rights were unaffected. Nevertheless, plaintiffs contend that the "[t]he Notes are classic examples of self deal-

---

[1] The exhibits cited herein are found in the Declaration of James A. Whitney filed herewith.

4

ing." (Id. at 7) Plaintiffs advance no claim other than their breach of fiduciary duty claim based on alleged self-dealing and an ancillary claim for aiding and abetting the alleged breach of fiduciary duty against certain companies owned by Mr. Perelman. (Sec. Am. Compl. ¶¶ 47-56, D.I. No. 149)

Plaintiffs' Second Amended Complaint states that they seek "damages" but describes those damages as "including all benefits obtained by defendants as a result of their breaches of fiduciary duty or participation in breaches of fiduciary duty . . . ." (Id. at 16) Plaintiffs have also requested "such other and further relief as the Court deems just and proper." (Id. at 17)

5

## ARGUMENT

### I. PLAINTIFFS HAVE NO RIGHT TO A JURY TRIAL.

The Seventh Amendment preserves the right to a jury trial as it "existed under the English common law when the Amendment was adopted." Markman v. Westview Instruments, Inc., 517 U.S. 370, 376 (1996) (quoting Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 657 (1935)). The Supreme Court has adopted a three-part test for determining whether a right to a jury trial exists. The first two factors are balanced together as the Court should (i) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity[; and (ii)] examine the remedy sought and determine whether it is legal or equitable in nature." Granfinanciera, S.A. v. Nordberg, 492 U.S. at 42. If the balance of these two factors tips in favor of concluding that the claims are legal, then the Court must decide "whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." Id.

Here, as described below, all three steps favor striking the jury demand.

### II. THE BALANCE OF FACTORS SHOWS THAT PLAINTIFFS' BREACH OF THE DUTY OF LOYALTY CLAIM IS EQUITABLE.

The Court must balance two factors – the historical nature of the claim and the nature of the remedy – to reach a single determination as to whether the claim asserted by plaintiffs is legal or equitable. See Granfinanciera, 492 U.S. at 42. Here, that balance

tips overwhelmingly in favor of finding that plaintiffs' breach of fiduciary duty claim are equitable.

### A. Breach Of Fiduciary Duty Claims Were Heard By Courts Of Equity In The 18th Century.

"'Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity' – carrying with them no right to a trial by jury.'" In re Hechinger Inv. Co. of Del. (Liquid. Trust of Hechinger Inv. of Del., Inc. v. Fleet Retail Fin. Group), 327 B.R. 537, 544 (D. Del. 2005) (Robinson, J.) (quoting In re Evangelist, 760 F.2d 27, 29 (1st Cir. 1985) (Breyer, J.)). Accord In re Carter Paper Co., 220 B.R. 276, 303 (Bankr. M.D. La. 1998) ("The vast majority of courts to rule on the issue has held that breach of fiduciary duty actions are equitable actions."); In re Crowe Rope Indus. LLC, 307 B.R. 1, 5 (Bankr. D. Me. 2004) ("Federal courts are nearly unanimous in holding that a breach of fiduciary duty claim is an action in equity, to which no jury right attaches."). This is not a close question. Decisions in this District consistently have found breach of fiduciary duty claims to be inherently equitable even where the plaintiff sought monetary relief. See Hechinger, 327 B.R. at 544 (collecting cases); Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F. Supp. 232, 254 (D. Del. 1992) (request for monetary remedy based on breach of fiduciary duty is "distinctly equitable in nature"); Gilliken v. Hughes, 609 F. Supp. 178, 181-82 (D. Del. 1985) (striking jury demand for breach of fiduciary duty claim even though compensatory and punitive damages were requested). In addition, the Supreme Court and the Third Circuit have recognized that

7

fiduciary duty claims were heard in equity at the time the Seventh Amendment was adopted. See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567 (1990) (actions against trustee for breach of fiduciary duty "were within the exclusive jurisdiction of courts of equity"); Dardovitch v. Haltzman, 190 F.3d 125, 134 n.1 (3d Cir. 1999) (affirming denial of jury trial for breach of fiduciary duty claim against trustee for self-dealing).

Delaware case law also confirms that a claim for breach of fiduciary duty against directors of a Delaware corporation is indistinguishable from an 18th-century action in equity against trustees of a trust. Under Delaware law, an action "against corporate directors for breach of duties owed either to the corporation or to stockholders as a class is both historically and functionally very similar to a judicial accounting by a trustee." Hynson v. Drummond Coal Co., 601 A.2d 570, 575 (Del. Ch. 1991). "As with trust beneficiaries, so with corporate shareholders, the law that creates the relationship affords to them a right to hold fiduciaries accountable in equity (although the standards of accountability differ)." Id. (emphasis added). Indeed, the Delaware Court of Chancery's modern day role as a court of corporation law results from the historical fact that breach of fiduciary duty claims were heard by courts of equity in 18th-century England and colonial America. See Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATION AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 1.3 (1998). See also Rodman Ward, Jr. and Erin Kelly, "Why Delaware Leads in the United States as a Corporate Domicile," 9-FALL DEL. LAW. 15, at 2-3 (1991).

8

As Chief Judge Robinson explained in Hechinger, even though federal, not state, law governs the jury trial right, "the well-established precedent in Delaware of trying breach of fiduciary duty cases in a court of equity reinforces the common law tradition affording courts of equity jurisdiction over these matters." See In re Hechinger, 327 B.R. at 544. Delaware case law is particularly persuasive because the test establishing the jurisdiction of the Court of Chancery and the standard for determining whether claims are tried without a jury under the Seventh Amendment are the same.[2] See Clark v. Teeven Holding Co., 625 A.2d 869, 875 (Del. Ch. 1992) (Delaware Court of Chancery "has the same jurisdiction as the English High Court of Chancery had in 1776."); Markman, 517 U.S. at 376 (Seventh Amendment preserves right to jury trial as it "existed under the English common law when the Amendment was adopted.") Thus, in both Delaware courts and federal courts, there are no jury trials for "such traditional, equitable matters as trusts and fiduciary relations." Clark, 625 A.2d at 875; see Chauffeurs, 494 U.S. at 567.

### B. Delaware Law Provides An Equitable Remedy For Breach Of The Duty Of Loyalty.

The remedy analysis also comes down strongly in favor of equity. Plaintiffs seek to prove a breach of the fiduciary duty of loyalty. (Sec. Am. Compl. ¶ 49)

---

[2] The Seventh Amendment, adopted in 1791, provides that "the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Section 4 of the Delaware Bill of Rights, adopted in 1792, provides: "Trial by jury shall be as heretofore." Del. Const. art. I, § 4. Thus, both preserve the right to a jury trial that existed in England and America in the late eighteenth century.

9

Under Delaware law, "[a] case involving a breach of the duty of loyalty permits broad, discretionary, and equitable remedies." Cantor Fitzgerald, L.P. v. Cantor, C.A. No. 16297, 2003 WL 21488707, at *1 (Del. Ch. June 19, 2003); see also Cantor Fitzgerald, L.P. v. Cantor, C.A. No. 16297, 2001 WL 536911, at *5 (Del. Ch. May 11, 2001) ("the Court has broad discretion to craft a remedy for a breach of the duty of loyalty"); Gotham Partners, L.P. v. Hallwood Realty Partners, L.P., 817 A.2d 160, 176-77 (Del. 2002) (to remedy breach of fiduciary duty of loyalty, court "has the discretion to award any form of legal and/or equitable relief").

       The broad, flexible and discretionary remedy analysis that Delaware law requires the Court to apply upon finding a breach of the duty of loyalty is far removed from the traditional province of a jury -- even if the analysis results in a money judgment. In such circumstances, Delaware law requires the Court to give consideration to numerous equitable factors to determine the form and amount of any money awarded, and the relief provided is often shaped by the judge's creativity. See, e.g., Cantor Fitzgerald, L.P. v. Cantor, C.A. No. 16297, 2000 WL 307370, at *28-32 (Del. Ch. Mar. 13, 2000) (after analysis of equities, awarding damages equal to cost of prosecuting case against disloyal fiduciaries instead of awarding damages sought by plaintiff); HMG/Courtland Props., Inc. v. Gray, 749 A.2d 94, 122-23 (Del. Ch. 1999) ("I have done my best to 'craft from the "panoply of equitable remedies" a damage award that approximates a price [and terms] the [HMG] board would have approved absent a breach of duty.'") (quoting Ryan v. Tad's Enters., Inc., 709 A.2d 682, 699 (Del. Ch.), aff'd mem., 693 A.2d 1082 (Del. 1997)).

Indeed, throughout this litigation, plaintiffs have emphasized that, under Delaware law, a court crafting a remedy for breach of the duty of loyalty is not bound to a typical compensatory damages analysis. (See Ex. C, Plaintiffs-Appellants Brief at 54-56 (citing Thorpe v. CERBCO, Inc., 676 A.2d 436, 445 (Del. 1996))) Delaware's broad and flexible remedy analysis for breaches of fiduciary duty is not within the province of a jury.

The Third Circuit's decision in Hatco Corp. v. W.R. Grace & Co., 59 F.3d 400, 414 (3d Cir. 1995), illustrates this point. In Hatco, the trial court, after a bench trial, awarded the plaintiff a judgment of $12,189,778.16. Id. at 404. Even though the relief granted was a money judgment, the Third Circuit held that the trial court correctly tried the case without a jury because the claim arose under the Comprehensive Environmental Response, Compensation and Liability Act, which required the court to establish the amount of the money judgment "'using such equitable factors as the court determines are appropriate.'" Id. at 411 (citation omitted). The Third Circuit found no right to a jury trial because the statute's reference to "equitable factors" meant that the monetary relief provided thereunder was "a flexible remedy that may be based on circumstances not cognizable in nor readily adaptable to an action at law." Id. at 414.

A remedy for breach of the duty of loyalty under Delaware law is even more flexible and distinct from an action at law than the statutory claim tried in Hatco; it requires the Court to exercise the traditional powers of a Chancellor "'to fashion any form of equitable and monetary relief as may be appropriate.'" Gotham Partners, 817 A.2d at 176 (citation omitted). It should be noted that the "Chancellor's discretion" that the Court

11

would employ to craft a remedy bears little resemblance to the legal damages at issue in Pereira v. Farace, 413 F.3d 330, 339-40 (2d Cir. 2005), which held that corporate directors had a right to a jury trial on breach of fiduciary duty claims. In Pereira, the plaintiff sought only money damages designed to compensate for the company's loss, and the Second Circuit's opinion does not mention any need for the court to perform a discretionary balancing of equitable factors. See id. at 339. As the Pereira opinion does not contemplate the trial court exercising its equitable discretion to craft a remedy – as would be required here – that decision has no bearing on this case. At all events, the Third Circuit's opinion in Hatco is controlling.

On balance, the first two factors in the Granfinanciera test strongly favor striking the jury demand because both the historical treatment of fiduciary duty claims and the flexible and discretionary remedies provided for such claims under Delaware law mark the claims here as equity claims. Accordingly, defendants' motion to strike the jury demand should be granted.

### III. MARVEL'S COMMENCEMENT OF THIS ACTION WHILE A DEBTOR IN BANKRUPTCY ELIMINATED ANY RIGHT TO A JURY TRIAL.

Further, plaintiffs have no right to a jury trial because this action was commenced by Marvel as a voluntary debtor in bankruptcy and plaintiffs sue as Marvel's successors-in-interest. "A voluntary petition does submit a debtor-in-possession to the equitable jurisdiction of the bankruptcy court and, for that reason, the filing of a bankruptcy petition would, as a general rule, extinguish whatever jury right a debtor-in-possession might have had in a cause of action which arose before bankruptcy."

12

In re Crowe Rope, 307 B.R. at 3-4.  See also N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496, 1505 (7th Cir. 1991) (holding voluntary bankruptcy debtor waives right to jury trial).

The debtor-in-possession's waiver of a jury trial applies here even though the debtor-in-possession is no longer the plaintiff and the case is pending in district court. Under hornbook law, plaintiffs, as successors-in-interest to Marvel, stand in Marvel's shoes and have "no greater rights than the bankrupt had." In re Gebco Inv. Corp., 641 F.2d 143, 146 (3d Cir. 1981).  Thus, as Marvel had no right to a jury trial, plaintiffs also have no such right.  In addition, Marvel's waiver extends beyond bankruptcy court to cases brought in a federal district court pursuant to 28 U.S.C. § 1334, the statute providing federal courts with jurisdiction over bankruptcy matters.  See In re Cummins, 174 B.R. 1005, 1008 n.1 (Bankr. W.D. Ark. 1994) ("Since the jurisdiction of the district court exists only by virtue of the pending bankruptcy case, [the debtor's] waiver of a right to jury trial is effective in both the bankruptcy and district courts.").

The Third Circuit discussed this general waiver theory in Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1251-53 (3d Cir. 1994), but did not need to adopt it in order to resolve the narrow issue presented there.  In Billing, the debtor sued its former counsel for malpractice, and also objected to paying that counsel's fees.  See id. at 1250. The Third Circuit held that such a claim concerns the "allowance and disallowance of claims" in bankruptcy and is therefore automatically converted into an equitable claim with no jury trial right.  Id.  Accord Hechinger, 327 B.R. at 546 (debtor liquidation trust had no right to jury trial for fraudulent conveyance claims against creditors because

13


claims arise out of claims allowance process in bankruptcy). The <u>Billing</u> approach would also bar plaintiffs from obtaining a jury trial in this action. Plaintiffs' claims fall within "the claims allowance process" because the Mafco Litigation Trust succeeded to Marvel's rights under the terms of Marvel's bankruptcy plan for the express purpose of partially satisfying the claims of Marvel's unsecured creditors and former equity holders. Accordingly, plaintiffs' demand for a jury trial should be stricken.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to strike plaintiffs' jury demand should be granted.

/s/ Thomas J. Allingham II
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Defendants

DATED: October 21, 2005