# EXHIBIT A

Except as otherwise provided herein, upon the Consummation Date, all Claims against and Equity Interests in each of the Debtors will be satisfied, discharged and released in full exchange for the consideration provided hereunder. All entities shall be enjoined and precluded from asserting against any Debtor or Newco or their respective properties or interests in property, any other Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date.

(b) <u>Exculpations</u>. From and after the Consummation Date, no Exculpated Person shall have or incur any liability to any other Exculpated Person or any entity accepting any distribution under this Plan of Reorganization (i) for any act taken or omission made in connection with or in any manner related to negotiating, formulating, implementing, confirming or consummating (x) this Plan of Reorganization (or prior iterations) or the transactions contemplated hereby, or (y) any agreement, instrument or other documents created in connection with this Plan of Reorganization, (ii) for the actions or other participation of such Exculpated Person in respect of any of the Reorganization Cases (including the negotiation of any other plan of reorganization, settlement or arrangement), (iii) for any matters that relate, directly or indirectly, by implication or otherwise, to the Existing Credit Documents, the DIP Claims, or the Senior Secured Claims, (iv) for any matters that relate, directly or indirectly, to or were asserted in or could have been asserted in the District Court Complaint, or (v) for any matters that relate, directly or indirectly, to or were asserted in or could have been asserted in the LaSalle Action; <u>provided, however</u>, that such exculpation shall not affect the rights and obligations of parties to agreements entered into in connection with the Plan of Reorganization or under the Plan of Reorganization. All Exculpated Persons as well as all entities receiving any distribution under this Plan of Reorganization shall be enjoined and precluded from asserting against the Exculpated Persons or their respective properties or interests in property any other Claims based upon liability exculpated pursuant to the preceding sentence.

(c) <u>Treatment of Indemnification Claims</u>. Notwithstanding Del. Code Ann. (General Corporation) §145 (1997) or any other state or local statute or rule, all existing indemnification and other similar obligations as of the Confirmation Date of any Debtor are released or discharged except as provided in this Section 12.2(c), and the Confirmation Order shall be deemed an injunction enforcing such releases and discharge; provided, that: (i) existing indemnity obligations shall survive to the extent of insurance coverage, but shall in no event entitle such directors or officers to assert any Claim (including, without limitation, with respect to any deductible)

58

against Newco, Toy Biz, Marvel or any of their Affiliates, and (ii) any such directors or officers shall be entitled to make Claims only against the insurance and the proceeds thereof. This Section 12.2(c) shall not limit any right of directors or officers or former directors and officers from asserting Claims against any Debtor based upon timely filed proofs of claim or requests for payment of Administration Expense Claims nor shall it limit the right of Newco to object to any such Claim or request for payment of Administration Expense Claims. Notwithstanding any provision of the Plan to the contrary, nothing contained herein, including, but not limited to, Section 12.2(a) hereof, shall be construed or interpreted in any manner to eliminate, reduce or otherwise limit in any fashion the availability of insurance coverage for the benefit of officers and directors, whether for indemnification, liability or other purposes. Newco shall render reasonable assistance to the officers and directors in ensuring their access to such insurance coverage, it being understood that such assistance shall not in any way operate as a waiver of Newco's right to object to the Allowance of any Administration Expense Claim or proof of claim. To the extent such Claims are Allowed Claims, such Claims shall be treated under this Plan of Reorganization with Claims in any class or subclass, as applicable, having the same legal rights and priority as such Claims; provided, that the Confirmation Order shall establish a bar date for Administration Expense Claims.

12.3    Term of Injunctions or Stays.

Unless otherwise provided, all injunctions or stays provided for in the Reorganization Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through and including the Consummation Date.

SECTION 13.    WAIVER OF CLAIMS

13.1    Avoidance Actions.

Effective as of the Consummation Date, Newco shall have the right to prosecute and release any actions under sections 510, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code that are not Litigation Claims conveyed, granted, assigned, transferred or delivered to the Avoidance Litigation Trust in accordance with Section 7.1(a) of this Plan of Reorganization and the applicable Litigation Trust shall have the right to prosecute and release any actions under sections 510, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code that are Litigation Claims conveyed, granted, assigned, transferred or delivered to the Avoidance Litigation Trust in accordance with Section 7.1(a) of this Plan of Reorganization; provided, however, that

59

notwithstanding the foregoing, the applicable Litigation Trust, the Debtors and Newco will be deemed to have waived the right to assert or pursue any claims, rights, and causes of action to recover preferences or fraudulent conveyances, or to pursue similar avoidance actions against any current customers or suppliers of the Panini Entities (solely in such capacities) or otherwise relating, directly or indirectly, to any of the Panini Entities.

SECTION 14.   RETENTION OF JURISDICTION

14.1 Retention of Jurisdiction.

The Bankruptcy Court may retain jurisdiction of and, if the Bankruptcy Court exercises its retained jurisdiction, shall have exclusive jurisdiction of all matters arising out of, and related to, the Reorganization Cases and this Plan of Reorganization pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any are pending, and the allowance of Claims resulting therefrom;

(b) To determine any and all adversary proceedings, applications and contested matters including, without limitation, proceedings relating to Litigation Claims, matters relating to the extent, scope and effect of the succession to certain privileges and immunities by the MAFCO Litigation Trust pursuant to Section 7.1(b) and the MAFCO Litigation Trust Agreement, matters concerning the Litigation Trust and actions pursuant to Section 7.9 hereof;

(c) To ensure that distributions to holders of Allowed Claims and Allowed Equity Interests are accomplished as provided herein;

(d) To hear and determine any timely objections to Administration Expense Claims or to proofs of claim and equity interests filed, both before and after the Confirmation Date, including, without limitation, any objections to the classification of any Claim or Equity Interest, and to allow or disallow any Disputed Claim or Equity Interest, in whole or in part;

(e) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

60

(f) To issue such orders in aide of execution of this Plan of Reorganization, to the extent authorized by section 1142 of the Bankruptcy Code;

(g) To consider any amendments to or modifications of this Plan of Reorganization, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h) To hear and determine all applications for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Consummation Date;

(i) To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan of Reorganization, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or relating to any of the foregoing;

(j) To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(k) To hear any other matter not inconsistent with the Bankruptcy Code;

(l) To hear and determine all disputes involving the existence, scope and nature of the discharges granted under Section 12.2 hereof;

(m) To issue injunctions and effect any other actions that may be necessary or desirable to restrain interference by any entity with the consummation or implementation of this Plan of Reorganization;

(n) To hear and determine all disputes regarding the reasonableness of fees requested pursuant to the Litigation Trust Professional Fee Guaranty or any other dispute concerning the administration of the Litigation Trust; and

(o) To enter a final decree closing the Reorganization Cases.

14.2 *Amendment of Plan of Reorganization*.

Amendments of this Plan of Reorganization may be proposed in writing only jointly by the Proponents at any time before confirmation, provided that this Plan of Reorganization, as amended, satisfies the conditions of sections 1122 and 1123 of

61

the Bankruptcy Code, and the Proponents shall have complied with section 1125 of the Bankruptcy Code. This Plan of Reorganization may be amended only by the Proponents acting jointly at any time after confirmation and before substantial consummation, provided that this Plan of Reorganization, as amended, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms this Plan of Reorganization as amended under section 1129 of the Bankruptcy Code and the circumstances warrant such amendments. A holder of a Claim or Equity Interest that has accepted this Plan of Reorganization shall be deemed to have accepted this Plan of Reorganization as amended if the proposed amendment does not materially and adversely change the treatment of the Claim or Equity Interest of such holder. Notwithstanding the foregoing, this Plan of Reorganization may not be amended in a manner which (a) adversely changes the distributions to holders of Unsecured Claims or otherwise materially and adversely affects the rights of holders of Unsecured Claims without the consent of the Creditors Committee, (b) adversely changes the distributions to the holder of the LaSalle Claim or otherwise materially and adversely affects the rights of holders of the LaSalle Claim without the consent of LaSalle, (c) adversely changes the distributions to holders of Equity Interests in Class 6A or otherwise materially and adversely affects the rights of holders of Equity Interests in Class 6A without the consent of the Equity Committee, High River, Westgate, LaSalle, and the Trustee, or (d) adversely impacts the rights of High River and Westgate with respect to the Settlement Payment without the consent of High River and Westgate. Notwithstanding the foregoing, this Plan of Reorganization may not be amended in a manner which increases the distributions to any class of Claims or Equity Interests without the consent of the Creditors Committee, the Equity Committee, LaSalle, High River, Westgate and the Trustee.

SECTION 15.   MISCELLANEOUS PROVISIONS

15.1   Payment of Statutory Fees.

All fees payable under section 1930, chapter 123, title 28, United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Consummation Date. Any such fees accrued after the Consummation Date will constitute an Allowed Administration Expenses Claim and be treated in accordance with Section 2.2 hereof.

15.2   Retiree Benefits.

On and after the Consummation Date, pursuant to section 1129(a)(13) of the Bankruptcy Code, the Reorganized Debtors or Newco, as applicable, shall continue to pay all retiree benefits (within the meaning of section 1114 of the Bankruptcy Code), at

62

the level established in accordance with subsection (e)(1)(B) or (g) of section 1114 of the Bankruptcy Code, at any time prior to the Confirmation Date, for the duration of the period each Debtor has obligated itself to provide such benefits and shall assume such obligations.

### 15.3 Compliance with Tax Requirements.

In connection with the consummation of this Plan of Reorganization, the Debtors shall comply with all withholding and reporting requirements imposed by any taxing authority, and all distributions hereunder shall be subject to such withholding and reporting requirements.

### 15.4 Recognition of Guaranty Rights.

The classification of and manner of satisfying all Claims hereunder take into account (a) the existence of guaranties by certain Debtors of obligations of other Debtors and (b) the fact that the Debtors may be joint obligors with each other or other entities with respect to an obligation. All Claims against the Debtors based upon any such guaranties or joint obligations shall be discharged in the manner provided in this Plan of Reorganization; provided, that no creditor shall be entitled to receive more than a single satisfaction of its Allowed Claims.

### 15.5 Severability of Plan Provisions.

In the event that, prior to the Confirmation Date, any term or provision of this Plan of Reorganization is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall, with the consent of the Proponents and the Trustee (which consent shall not be unreasonably withheld or delayed), have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision hereof, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable in accordance with its terms.

15.6 Governing Law.

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an Exhibit hereto provides otherwise, the rights, duties and obligations arising under this Plan of Reorganization shall be governed by, and construed and enforced in accordance with, the laws of the State of New York without regard to the principles of the conflicts of law.

15.7 Further Assurances. All parties in interest shall execute and deliver such documents, instruments, certificates, assignments, and other writings, and do such other acts as may be necessary or desirable to carry out the intents and purposes of this Plan of Reorganization, including, without limitation, effecting the Merger Agreement.

15.8 Time of the Essence.

Time shall be of the essence relative to any and all dates contained in this Plan of Reorganization on the Confirmation Date.

15.9 Counterparts.

This Plan of Reorganization may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

15.10 Notices.

All notices, requests, and demands, to be effective, shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

If to the Debtors:

MARVEL ENTERTAINMENT GROUP, INC.
387 Park Avenue South
12th Floor
New York, New York 10016
Attn: Mr. Joseph Calamari
Telephone:   (212) 696-0808
Telecopier:  (212) 576-9260

If to Toy Biz:

    TOY BIZ, INC.
    685 Third Avenue
    New York, New York 10017
    Attn: Mr. Joseph M. Ahearn
    Telephone:  (212) 588-5103
    Telecopier: (212) 588-5330

        -and-

    BATTLE FOWLER LLP
    75 East 55th Street
    New York, New York 10022
    Attn: Lawrence Mittman, Esq.
          Douglas L. Furth, Esq.
          Madlyn Gleich Primoff, Esq.
    Telephone:  (212) 856-7000
    Telecopier: (212) 856-7807

        -and-

    PEPPER HAMILTON LLP
    1201 Market Street, Suite 1600
    P.O. Box 1709
    Wilmington, Delaware 19899
    Attn: David B. Stratton, Esq.
    Telephone:  (302) 777-6500
    Telecopier: (302) 777-8865

If to The Secured Lenders:

    THE CHASE MANHATTAN BANK
    380 Madison Avenue, 9th Floor
    New York, New York 10017
    Attn: Ms. Susan E. Atkins
    Telephone:  (212) 622-4834
    Telecopier: (212) 622-4880

        -and-

    WACHTELL, LIPTON, ROSEN & KATZ
    51 West 52nd Street
    New York, New York 10019
    Attn: Chaim J. Fortgang, Esq.
    Telephone:  (212) 403-1000
    Telecopier: (212) 403-2000

        -and-

A 01477

A175

```
ZALKIN, RODIN & GOODMAN LLP
750 Third Avenue
New York, New York 10017-2771
Attn: Richard S. Toder, Esq.
Telephone:  (212) 455-0600
Telecopier: (212) 682-6331
```

If to The Chapter 11 Trustee:

```
John J. Gibbons, Esq.
Gibbons, Del Deo, Dolan, Griffinger &
  Vecchione
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:  (973) 596-4521
Telecopier: (973) 639-6250
```

-and-

```
Frank J. Vecchione, Esq.
Gibbons, Del Deo, Dolan, Griffinger
  & Vecchione
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:  (973) 596-4521
Telecopier: (973) 639-6250
```

If to Creditors Committee:

```
Tonny K. Ho, Esq.
Willkie Farr & Gallagher
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Telecopier: (212) 728-8111
```

If to Equity Committee:

```
Gary Schildhorn, Esq.
Adelman Lavine Gold and Levin
Two Penn Center Plaza, Suite 1900
Philadelphia, PA 19102-1799
Telephone:  (215) 569-5082
Telecopier: (215) 557-7922
```

If to LaSalle:

    James Spiotto, Esq.
    Chapman & Cutler
    111 West Monroe
    Chicago, IL 60603
    Telephone:  (312) 845-3763
    Telecopier: (312) 701-6604

If to High River and Westgate:

    Edward Weisfelner, Esq.
    Berlack, Israels & Liberman LLP
    120 West 45th Street
    New York, New York 10036
    Telephone:  (212) 704-0100
    Telecopier: (212) 704-0196

Dated: Wilmington, Delaware
July __, 1998

Respectfully submitted,

TOY BIZ, INC.

By: _____
Name: Joseph M. Ahearn
Title: President

BATTLE FOWLER LLP
Attorneys for Toy Biz, Inc.
75 East 55th Street
New York, New York 10022
(212) 856-7000

-and-

PEPPER HAMILTON LLP
1201 Market Street
Wilmington, Delaware 19899
(302) 777-6500

By: _____

A 01480

WACHTELL, LIPTON, ROSEN, KATZ
Attorneys for The Secured
 Lenders
51 West 52nd Street
New York, New York  10019
(212) 403-1000

       -and-

RICHARDS, LAYTON & FINGER, P.A.
Attorneys for The Secured
 Lenders
One Rodney Square
Wilmington, Delaware  19899
(302) 658-6541

By:_____