# EXHIBIT 3

MAFCO LITIGATION TRUST AGREEMENT

by and among

MARVEL ENTERTAINMENT GROUP, INC.,
THE ASHER CANDY COMPANY,
FLEER CORP.
FRANK H. FLEER CORP.,
HEROES WORLD DISTRIBUTION, INC.,
MALIBU COMICS ENTERTAINMENT, INC.
MARVEL CHARACTERS, INC.
MARVEL DIRECT MARKETING, INC.,
SKYBOX INTERNATIONAL INC.,
John J. Gibbons
(solely in his capacity as chapter 11 trustee),

MARVEL ENTERPRISES, INC.

and

Ronald Cantor as MAFCO Litigation Trustee,
Ivan Snyder as MAFCO Litigation Trustee, and
James A. Scarpone as MAFCO Litigation Trustee

Dated as of October 1, 1998

730835.9

## TABLE OF CONTENTS

**Page**

DECLARATION OF TRUST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARTICLE I**
**DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    1.01   *Certain Terms Defined* . . . . . . . . . . . . . . . . . . . . . 3
    1.02   *Meanings of Other Terms* . . . . . . . . . . . . . . . . . . . . 6

**ARTICLE II**
**MAFCO LITIGATION TRUSTEES' ACCEPTANCE** . . . . . . . . . . . . . . 6
    2.01   *Acceptance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    2.02   *Purpose of MAFCO Litigation Trust.* . . . . . . . . . . . . . . 6
    2.03   *Incidents of Ownership* . . . . . . . . . . . . . . . . . . . . . 7
    2.04   *The Shared Privileges* . . . . . . . . . . . . . . . . . . . . . 7

**ARTICLE III**
**BENEFICIARIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    3.01   *Beneficial Interests.* . . . . . . . . . . . . . . . . . . . . . . 8
    3.02   *Rights of Beneficiaries* . . . . . . . . . . . . . . . . . . . . . 9

**ARTICLE IV**
**DURATION AND TERMINATION OF MAFCO LITIGATION TRUST** . . . . . 9
    4.01   *Duration* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    4.02   *No Termination by Beneficiaries* . . . . . . . . . . . . . . . . 10
    4.03   *Continuance of MAFCO Litigation Trust for Winding Up.* . . . . . 10

**ARTICLE V**
**LITIGATION COSTS; REDUCTION OF JUDGMENT; COOPERATION;**
**INDEPENDENT CAUSES OF ACTION; INDEMNIFICATION COSTS;**
**DISTRIBUTIONS; ADMINISTRATION OF TRUST ESTATE** . . . . . . . . . 10
    5.01   *Payment of Costs* . . . . . . . . . . . . . . . . . . . . . . . . 10
    5.02   *Reduction of Judgment; Cooperation* . . . . . . . . . . . . . . 12
    5.03   *Indemnification Costs* . . . . . . . . . . . . . . . . . . . . . 13
    5.04   *Distribution of Distributable Proceeds* . . . . . . . . . . . . . 14
    5.05   *Distributions Generally; Method of Payment; Undeliverable Property.*
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**ARTICLE VI**
  **TAX MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    6.01  *Treatment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    6.02  *Allocation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**ARTICLE VII**
  **POWERS OF AND LIMITATIONS ON THE MAFCO LITIGATION TRUSTEES**
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    7.01  *Powers of the MAFCO Litigation Trustees* . . . . . . . . . . . . . . 16
    7.02  *Action by Majority.* . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    7.03  *No Operations as an Investment Company, Trade or Business* . . . . . 17
    7.04  *Investment of MAFCO Litigation Trust Moneys* . . . . . . . . . . . 18

**ARTICLE VIII**
  **CONCERNING THE MAFCO LITIGATION TRUSTEES** . . . . . . . . . . . . 18
    8.01  *Generally.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    8.02  *Reliance by MAFCO Litigation Trustee* . . . . . . . . . . . . . . . . 18
    8.03  *Liability to Third Persons* . . . . . . . . . . . . . . . . . . . . . . . . 19
    8.04  *Nonliability of MAFCO Litigation Trustees for Acts of Others* . . . . 19
    8.05  *Indemnity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    8.06  *Bond* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**ARTICLE IX**
  **COMPENSATION OF MAFCO LITIGATION TRUSTEES** . . . . . . . . . . . 20
    9.01  *Fees and Expenses* . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**ARTICLE X**
  **MAFCO LITIGATION TRUSTEES AND SUCCESSOR MAFCO LITIGATION**
  **TRUSTEES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    10.01  *Generally* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    10.02  *Resignation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    10.03  *Removal* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    10.04  *Appointment of Successor MAFCO Litigation Trustee; Acceptance of
           Appointment by Successor MAFCO Litigation Trustee* . . . . . . . . 21

**ARTICLE XI**
  **CONCERNING THE BENEFICIARIES** . . . . . . . . . . . . . . . . . . . . . 22
    11.01  *No Suits by Beneficiaries* . . . . . . . . . . . . . . . . . . . . . . . 22
    11.02  *Requirement of Undertaking* . . . . . . . . . . . . . . . . . . . . . . 22

**ARTICLE XII**
  **JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    12.01  *Jurisdiction.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

730835.9

**ARTICLE XIII**
    **ADMINISTRATION OF TRUST ESTATE** . . . . . . . . . . . . . . . . . . . . . . . . 23
        13.01 *Reports* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
        13.02 *Fiscal Year* . . . . . . . . . . . . . . . . . . . . . . . . . 23
        13.03 *Books and Records* . . . . . . . . . . . . . . . . . . . . . 23
        13.04 *Newco Reports to MAFCO Litigation Trustee* . . . . . . . . . . . . . 24

**ARTICLE XIV**
    **MISCELLANEOUS PROVISIONS** . . . . . . . . . . . . . . . . . . . . . . . . 24
        14.01 *Construction* . . . . . . . . . . . . . . . . . . . . . . . . 24
        14.02 *Severability* . . . . . . . . . . . . . . . . . . . . . . . . . 24
        14.03 *Cooperation.* . . . . . . . . . . . . . . . . . . . . . . . . 24
        14.04 *Notices* . . . . . . . . . . . . . . . . . . . . . . . . . . 24
        14.05 *Headings.* . . . . . . . . . . . . . . . . . . . . . . . . . 25
        14.06 *Counterparts* . . . . . . . . . . . . . . . . . . . . . . . . 25

730835.9

## MAFCO LITIGATION TRUST AGREEMENT

This **MAFCO LITIGATION TRUST AGREEMENT**, dated as of October 1, 1998, is by and among Marvel Entertainment Group, Inc., The Asher Candy Company, Fleer Corp., Frank H. Fleer Corp., Heroes World Distribution, Inc., Malibu Comics Entertainment, Inc., Marvel Characters, Inc., Marvel Direct Marketing Inc., and Skybox International Inc., each (other than Marvel Characters, Inc. and Malibu Comics Entertainment, Inc.) being Delaware corporations and Marvel Characters, Inc. and Malibu Comics Entertainment, Inc. being California corporations (the "Marvel Debtors"), John J. Gibbons, solely in his capacity as chapter 11 trustee for the Marvel Debtors, Marvel Enterprises, Inc., a Delaware corporation ("Newco"), and Ronald Cantor, Ivan Snyder, and James A. Scarpone, as trustees (the "MAFCO Litigation Trustees").

### RECITALS

**WHEREAS,** on or about July 31, 1998, the United States District Court for the District of Delaware (the "District Court") entered an order confirming the Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, dated July 31, 1998 (as such plan may hereafter be amended, restated or otherwise modified, the "Plan"), filed by certain of the secured lenders of the Marvel Debtors and by Toy Biz, Inc. (which has since changed its name to Marvel Enterprises, Inc.);

**WHEREAS,** pursuant to Section 7.1(b) of the Plan, the Marvel Debtors have agreed to contribute to the MAFCO Litigation Trustees in trust (the "MAFCO Litigation Trust") (A) all of their interests in any Causes of Action against any of the MAFCO Defendants asserted in the District Court Complaint or which could have been asserted in the District Court Complaint (exclusive of all Causes of Action (x) pursuant to sections 510, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, (y) relating to any tax-sharing or other similar agreement or (z) against any person or entity released or exculpated under the Plan) (the "MAFCO Litigation Claims") and (B) an interest, to be jointly shared by the MAFCO Litigation Trust with Newco, in the Marvel Debtors' right to the benefits of the attorney-client privilege, work-product immunity or other protection from disclosure with respect to the Shared Privilege Matters (as defined herein) (the "Shared Privileges");

**WHEREAS,** the Marvel Debtors, Newco and the MAFCO Litigation Trustees collectively acknowledge that, except as otherwise specifically provided or conditioned herein, the MAFCO Litigation Trust shall succeed to all rights and privileges heretofore enjoyed and preserved by the Marvel Debtors in connection with the MAFCO Litigation Claims;

**WHEREAS,** the MAFCO Litigation Trustees and Newco have a joint interest in preserving and enhancing Newco's unfettered ability to defend and/or prosecute claims, in a manner so as to preserve and/or enhance Newco's going concern values;

730835.9

**WHEREAS**, the Marvel Debtors have requested that the MAFCO Litigation Trustees, and the MAFCO Litigation Trustees are willing to agree with the Marvel Debtors to, enforce the MAFCO Litigation Claims, if any, for the benefit of all holders of Allowed Unsecured Claims (other than Intercompany Claims and the LaSalle Claim), holders of Allowed Class Securities Litigation Claims, and holders of Allowed Equity Interests in Entertainment (collectively, the "Beneficiaries"), to prosecute, direct, settle or compromise any MAFCO Litigation Claims on behalf of and for the benefit of the Beneficiaries, and to hold the Net MAFCO Litigation Proceeds, if any, in trust for the Beneficiaries, and distribute the Distributable Proceeds to the Beneficiaries, all on and subject to the terms set forth herein;

**WHEREAS**, pursuant to Section 7.5(b) of the Plan, promptly after the execution and delivery of this MAFCO Litigation Trust Agreement, (i) the MAFCO Litigation Trustees and Newco will enter into that certain MAFCO Litigation Trust Loan Agreement (together with the promissory note and security agreement executed and delivered therewith, the "MAFCO Loan Agreement"), whereby Newco will agree to make loans to the MAFCO Litigation Trustees for the benefit of the MAFCO Litigation Trust in an amount not to exceed, at any given time outstanding, One Million Dollars ($1,000,000) to be used by the MAFCO Litigation Trustees to fund Administrative Costs and Expenses, (ii) the MAFCO Litigation Trustees will execute and deliver to Newco a note (the "MAFCO Note") under which the MAFCO Litigation Trust will be obligated to reimburse Newco for all sums advanced under the MAFCO Loan Agreement, and (iii) the MAFCO Litigation Trustees and Newco will enter into a Security Agreement (the "MAFCO Security Agreement") whereby the MAFCO Litigation Trustees will pledge to Newco all of the MAFCO Litigation Trust Assets as security for the MAFCO Litigation Trust's obligations under the MAFCO Loan Agreement, the MAFCO Note and the MAFCO Security Agreement; and

**WHEREAS**, the District Court shall have jurisdiction over the MAFCO Litigation Trust, the MAFCO Litigation Trustees and the MAFCO Litigation Claims, as provided herein and in the Plan.

## DECLARATION OF TRUST

**NOW THEREFORE**, in order to declare the terms and conditions hereof, and in consideration of the Recitals, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the terms and conditions of the Plan and this MAFCO Litigation Trust Agreement, the Marvel Debtors and John J. Gibbons (solely in his capacity as chapter 11 trustee for the Marvel Debtors), on behalf of the Marvel Debtors, have executed this MAFCO Litigation Trust Agreement and absolutely and irrevocably grant, assign, transfer, convey, and deliver to, and otherwise acknowledge that, the MAFCO Litigation Trustees, and their successors and assigns, succeed to, without representation, warranty or recourse (except the Marvel Debtors represent they have full rights to make the assignments herein), on behalf of and for the benefit of the Beneficiaries, (A) all

right, title and interest of the Marvel Debtors in and to any and all MAFCO Litigation Claims and the proceeds therefrom and (B) the jointly shared interest in the Shared Privileges;

**TO HAVE AND TO HOLD** unto the MAFCO Litigation Trustees and their successors in trust; and

**THE MAFCO LITIGATION TRUSTEES HEREBY ACCEPT** such rights, properties and privileges assigned or transferred to them or otherwise realized by them, and the trust imposed upon them, and agree to retain and enforce the MAFCO Litigation Claims for the benefit of the Beneficiaries, and agree to their appointment as trustees hereunder for such purpose under section 1123(b)(3)(B) of the Bankruptcy Code and to hold the Distributable Proceeds in trust for the Beneficiaries;

**PROVIDED, HOWEVER,** that upon termination of this MAFCO Litigation Trust in accordance with Section 4.01 hereof, this MAFCO Litigation Trust Agreement shall cease, terminate and be of no further force and effect and the then remaining Distributable Proceeds shall be distributed to the Beneficiaries in accordance with their interest therein as provided in Section 5.04 hereof.

**IT IS HEREBY FURTHER COVENANTED AND DECLARED,** that the MAFCO Litigation Trust Assets are to be held and applied by the MAFCO Litigation Trustees solely for the benefit of the Beneficiaries and for no other party, subject to the further covenants, conditions and terms hereinafter set forth.

## ARTICLE I
## DEFINITIONS

1.01    *Certain Terms Defined*.  Terms defined in the Plan, and not otherwise defined herein, shall have the meanings ascribed to such terms in the Plan.  For purposes of this MAFCO Litigation Trust Agreement, the following capitalized terms shall have the following meanings:

"Administrative Costs and Expenses" means the administrative expenses of the MAFCO Litigation Trust, including, without limitation, the Professional Fees, taxes, bank charges, filing and registration fees, postage, telephone, facsimile, copying and messenger costs, and secretarial and administrative costs attendant to the maintenance of the MAFCO Litigation Trust and the responsibilities of the MAFCO Litigation Trustees hereunder, the fees of the MAFCO Litigation Trustees and any indemnification costs and expenses owing to any Indemnified Party under Section 8.05 hereof, but excluding any Indemnification Costs.

"Beneficial Interests" has the meaning set forth in Section 3.01(a) hereof.

"Beneficiaries" has the meaning set forth in the Recitals hereto.

"Beneficiary List" has the meaning set forth in Section 13.03 hereof.

"Communication" has the meaning applied thereto in Rule 26.3 of the Joint Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

"Designor" has the meaning set forth in Section 10.01 hereof.

"Distributable Proceeds" means all Net MAFCO Litigation Proceeds and any investment income earned on MAFCO Litigation Trust Assets, net of all MAFCO Litigation Trust Costs to the extent not deducted in calculating Net MAFCO Litigation Proceeds.

"District Court" has the meaning set forth in the Recitals hereto.

"District Court Complaint" means the complaint in Case No. 97-586 (RRM) filed on October 30, 1997 in the District Court.

"Document" has the meaning applied thereto in Rule 26.3 of the Joint Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and also includes any tape recording, electronic data, electronic mail message or other exchange of information between computers, and all information stored in an electronic form or computer data base.

"Exchange Act" means the Securities Exchange Act of 1934, as amended.

"Exculpation Amount" has the meaning set forth in Section 5.02 hereof.

"Indemnification Costs" has the meaning set forth in Section 5.03 hereof.

"Indemnified Parties" has the meaning set forth in Section 8.05 hereof.

"MAFCO Defendants" means (i) Ronald O. Perelman, (ii) Mafco Holdings, Inc., (iii) MacAndrews & Forbes Holdings, Inc., (iv) the Andrews Group, Inc., (v) Marvel IV Holdings, Inc., (vi) Marvel V Holdings, Inc., (vii) Four Star Holdings, Inc., (viii) William C. Bevins, (ix) Donald G. Drapkin, (x) Holdings I, (xi) Holdings II, (xii) Holdings III, (xiii) any individual who served prior to June 20, 1997 as a director of Entertainment, (xiv) any individual who served on or prior to April 24, 1997 as to Holdings I and Holdings II, or is presently serving or has ever served as to Holdings III, as a director, and (xv) any insider (other than a Releasing Party), Affiliate (other than a Releasing Party or an officer or director of Holdings I or Holdings II serving from and after April 24, 1997), director, employee, attorney (other than a Releasing Party), investment banker (other than a Releasing Party), or

agent of any party identified in clauses (i) through (xiv) of this definition acting in such capacity in connection with the MAFCO Causes of Action and the LaSalle Action.

"MAFCO Litigation Claims" has the meaning set forth in the Recitals hereto.

"MAFCO Litigation Trust" has the meaning set forth in the Recitals hereto.

"MAFCO Litigation Trust Agreement" means this litigation trust agreement.

"MAFCO Litigation Trust Assets" means the MAFCO Litigation Claims, the Shared Privileges, the Distributable Proceeds, and all other property held from time to time by the MAFCO Litigation Trustees under this MAFCO Litigation Trust Agreement and any earnings thereon.

"MAFCO Litigation Trust Costs" has the meaning set forth in Section 5.01 hereof.

"MAFCO Litigation Trustee" has the meaning set forth in the first paragraph of this MAFCO Litigation Trust Agreement.

"MAFCO Loan Agreement" has the meaning set forth in the Recitals hereto.

"MAFCO Note" has the meaning set forth in the Recitals hereto.

"MAFCO Security Agreement" has the meaning set forth in the Recitals hereto.

"Marvel Debtors" has the meaning set forth in the first paragraph of this MAFCO Litigation Trust Agreement.

"Net MAFCO Litigation Proceeds" means the gross proceeds derived from the MAFCO Litigation Claims realized by the MAFCO Litigation Trust net of payment of all expenses of the MAFCO Litigation Trust including, without limitation, payment without duplication of all sums due and owing pursuant to the MAFCO Note.

"Newco" has the meaning set forth in the first paragraph hereof.

"Plan" has the meaning set forth in the Recitals hereto.

"Plan Rate" means simple interest at the rate of seven percent (7%) per annum.

"Professional Fees" means the fees and expenses of professionals retained by the MAFCO Litigation Trustees on behalf of the MAFCO Litigation Trust (including, without limitation, attorneys, accountants and expert fees and expenses).

730835.9                                    -5-

"Shared Privileges" has the meaning set forth in the Recitals hereto.

"Shared Privilege Matters" means Documents, information and Communications, the disclosure of which is protected under the attorney-client privilege, work product immunity or other protection from disclosure of the Marvel Debtors (or any of them) immediately prior to the consummation of the Plan, relating to the allegations in the District Court Complaint insofar as they relate to a claim or claims raised against the MAFCO Defendants in the District Court Complaint or any amendment thereof arising out of the same historical facts.

1.02    *Meanings of Other Terms.*  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.  All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, Bankruptcy Rules or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this MAFCO Litigation Trust Agreement, and the words "herein," "hereof" and "hereunder" and words of similar import refer to this MAFCO Litigation Trust Agreement as a whole and not to any particular Article, Section or subdivisions of this MAFCO Litigation Trust Agreement.

# ARTICLE II
## MAFCO LITIGATION TRUSTEES' ACCEPTANCE

2.01    *Acceptance.*  The MAFCO Litigation Trustees accept the MAFCO Litigation Trust created by this MAFCO Litigation Trust Agreement and the transfer and assignment of the MAFCO Litigation Claims and the succession to the Shared Privileges, on behalf of and for the benefit of the Beneficiaries, and agree to observe and perform the trust, upon and subject to the terms and conditions set forth herein and in the Plan.

2.02    *Purpose of MAFCO Litigation Trust.*  The purpose of this MAFCO Litigation Trust is to implement part of Section 7 of the Plan by providing for the vesting in the MAFCO Litigation Trustees of the ownership of and the responsibility for the protection and conservation of the MAFCO Litigation Trust Assets on behalf of and for the benefit of the Beneficiaries.  Such responsibility shall be limited to the initiation, retention, enforcement and settlement of any MAFCO Litigation Claims by the MAFCO Litigation Trustees on behalf of and for the benefit of the Beneficiaries, the collection of the Net MAFCO Litigation Proceeds, the execution, delivery of and performance under the MAFCO Loan Agreement, MAFCO Note and MAFCO Security Agreement, the repayment of the MAFCO Note as provided herein and therein, the repayment of any borrowings under Section 7.01(p) hereof, the temporary investment of Distributable Proceeds and other MAFCO Litigation Trust moneys as provided in Section 7.04 hereof, the payment of MAFCO Litigation Trust Costs, the making

of any other payments provided to be made from the MAFCO Litigation Trust as set forth in the Plan and this MAFCO Litigation Trust Agreement, and the distribution of Distributable Proceeds to the Beneficiaries in accordance with the provisions of the Plan and this MAFCO Litigation Trust Agreement, in each case including the powers with respect thereto set forth in Article VII hereof.

    2.03    *Incidents of Ownership*.  The Beneficiaries shall be the sole beneficiaries of the MAFCO Litigation Trust and the MAFCO Litigation Trustees shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein on behalf of the Beneficiaries.

    2.04    *The Shared Privileges*.  The MAFCO Litigation Trustees shall not obtain or disclose any Shared Privilege Matters except as set forth in this Section 2.04.

        (a)  If the MAFCO Litigation Trustees desire access to Shared Privilege Matters, they shall request such matters from Newco in writing in a manner that identifies with reasonable specificity the particular Shared Privilege Matters sought (such as a request for the production of documents).  Newco shall have no obligation to disclose or provide the MAFCO Litigation Trustees with access to the requested Shared Privilege Matters if Newco, in Newco's sole discretion, exercised in good faith, determines that the substance of the Shared Privilege Matters, if disclosed, could have an adverse economic effect (whether or not quantifiable) on Newco or its subsidiaries or on the business conducted by Newco or its subsidiaries.  Within thirty (30) days of the later of the MAFCO Litigation Trustees' request or Newco's access to the documents requested, and subject to Section 2.04(b) below, Newco shall (a) provide the MAFCO Litigation Trustees with access to any Shared Privilege Matters requested by the MAFCO Litigation Trustees as to which Newco has not made the determination referred to in the preceding sentence and/or (b) notify the MAFCO Litigation Trustees, in writing, that it is denying access to some or all of the requested Shared Privilege Matters (the "Denial Notice").  Any requested Shared Privilege Matter to which the MAFCO Litigation Trustees are denied access under this Section 2.04(a) shall be identified by Newco in writing with reasonable specificity (such as a privilege log in response to a request for the production of documents), which shall be provided to the MAFCO Litigation Trustees within thirty (30) days of the delivery of the Denial Notice.  The MAFCO Litigation Trustees shall grant any reasonable request by Newco for an extension of the deadlines set forth in this paragraph.

        (b)  If the custodian of any Shared Privilege Matter requested by the MAFCO Litigation Trustees under this Section 2.04 denies Newco access to that matter, the MAFCO Litigation Trustees may undertake, by application to a court of competent jurisdiction or otherwise, to arrange for Newco to be granted access to that matter.  Newco shall have no further obligations (such as seeking an order compelling delivery) under this Section 2.04 with respect to Shared Privilege Matters to which it has been denied access, unless and until Newco is granted access to such Shared Privilege Matters.  The MAFCO Litigation Trustees shall

have no authority to undertake to gain direct access to Shared Privilege Matters to which Newco has been denied access. Any access of the MAFCO Litigation Trustees to those matters shall be gained only in accordance with Section 2.04(a) above.

(c) Any out-of-pocket costs of producing or duplicating the Shared Privilege Matters requested under this Section 2.04 shall be paid by the MAFCO Litigation Trust as and when due, and Newco shall have no responsibility therefor.

(d) The MAFCO Litigation Trustees will not have authority, without the written consent of Newco, to waive any Shared Privilege except to the extent that documents, information and communications have been specifically provided to the MAFCO Litigation Trustees by Newco. As to any documents, information and communications that Newco provides to the MAFCO Litigation Trustees under this Section 2.04, Newco may not waive any Shared Privilege without the consent of the MAFCO Litigation Trustees.

(e) Any controversies that may arise concerning Shared Privilege Matters or under this Section 2.04, including without limitation any dispute as to whether the exercise of Newco's discretion not to disclose any Shared Privilege Matters under Section 2.04(a) was in good faith, shall be resolved by the District Court. The parties hereto hereby submit to the District Court's jurisdiction to resolve all controversies under this Section 2.04. The parties further agree that the Shared Privilege Matters which are the subject of the dispute will be held privileged until the District Court has ruled.

(f) No party hereto will argue, permit any person or entity under their control to argue or encourage any person or entity to argue in any forum that any waiver of any evidentiary privilege or immunity relating to the Shared Privilege Matters has heretofore occurred in connection with the Reorganization Cases or will occur by virtue of the implementation of the Plan, including the execution of this MAFCO Litigation Trust Agreement, and the parties shall not argue that any such waiver has occurred hereafter, except as such waiver may hereafter be made in accordance with the terms of this Section 2.04.

## ARTICLE III
## BENEFICIARIES

3.01    *Beneficial Interests.*  (a) The beneficial interests (the "Beneficial Interests") in this MAFCO Litigation Trust will be beneficially owned by the Beneficiaries.

(b) The Beneficial Interests of the Beneficiaries in the MAFCO Litigation Trust Assets will not be represented by any certificates, and may not be transferred or assigned except by will, the laws of intestacy or by other operation of law. Such Beneficial Interests will be evidenced only by this MAFCO Litigation Trust Agreement. The Beneficiaries will have no voting rights with respect to their beneficial interests or the management of the

MAFCO Litigation Trust Assets or otherwise under this MAFCO Litigation Trust Agreement except as explicitly provided herein. The Beneficiaries shall not have legal title to any part of the MAFCO Litigation Trust Assets. The Beneficiaries' sole right hereunder shall be the contingent right to receive a share of the MAFCO Litigation Trust Assets which may be payable to them as provided in Section 5.04 hereof.

3.02  *Rights of Beneficiaries.* Each Beneficiary shall be entitled to participation in the rights and benefits due to a Beneficiary hereunder according to its Beneficial Interest. Each Beneficiary shall take and hold the same subject to all the terms and provisions of this MAFCO Litigation Trust Agreement. The interest of a Beneficiary is hereby declared and shall be in all respects personal property. Upon the death of an individual who is a Beneficiary, his interest shall pass as personal property to his legal representative and such death shall in no way terminate or affect the validity of this MAFCO Litigation Trust Agreement. Upon the merger, consolidation or other similar transaction involving a Beneficiary that is not an individual, such Beneficiary's interest shall be transferred by operation of law and such transaction shall in no way terminate or affect the validity of this MAFCO Litigation Trust Agreement. Except as expressly provided hereunder, a Beneficiary shall have no title to, right to, possession of, management of or control of the MAFCO Litigation Trust. No widower, widow, heir or devisee of any individual who may be a Beneficiary and no bankruptcy trustee, receiver or similar person of any Beneficiary shall have any right, statutory or otherwise (including any right of dower, homestead or inheritance, or of partition, as applicable), in any property forming a part of the MAFCO Litigation Trust, but the whole title to all the MAFCO Litigation Trust's assets shall be vested in the MAFCO Litigation Trustees and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this MAFCO Litigation Trust Agreement and the Plan.

## ARTICLE IV
## DURATION AND TERMINATION OF MAFCO LITIGATION TRUST

4.01  *Duration.* The existence of this MAFCO Litigation Trust shall terminate five (5) years after the date hereof; *provided, however,* that the MAFCO Litigation Trustees may extend the term of this MAFCO Litigation Trust, provided that they receive District Court approval of such extension for good cause within six (6) months from the beginning of the extended term. Notwithstanding anything to the contrary in this MAFCO Litigation Trust Agreement, in no event shall the MAFCO Litigation Trustees unduly prolong the duration of the MAFCO Litigation Trust, and the MAFCO Litigation Trustees shall at all times endeavor to prosecute, direct, settle or compromise expeditiously the MAFCO Litigation Claims, so as to distribute the Distributable Proceeds to the Beneficiaries and terminate the MAFCO Litigation Trust as soon as practicable in accordance with this MAFCO Litigation Trust Agreement. Upon the termination of the existence of this MAFCO Litigation Trust, any MAFCO Litigation Claim which has not been prosecuted, settled, compromised or adjudicated

by the MAFCO Litigation Trustees will be extinguished and neither Newco nor any Beneficiary shall have any rights or interest therein.

4.02    *No Termination by Beneficiaries*. The MAFCO Litigation Trust may not be terminated by the Beneficiaries.

4.03    *Continuance of MAFCO Litigation Trust for Winding Up*.   (a)  After the termination of the MAFCO Litigation Trust as provided in Section 4.01 and solely for the purpose of liquidating and winding up the affairs of the MAFCO Litigation Trust, the MAFCO Litigation Trustees shall continue to act as such until their duties have been fully performed. The MAFCO Litigation Trustees shall, upon the termination of the MAFCO Litigation Trust, distribute all Distributable Proceeds as provided in Section 5.04 hereof.

(b)  Upon the distribution of the Distributable Proceeds, the MAFCO Litigation Trustees shall retain the books, records and files which shall have been delivered to or created by the MAFCO Litigation Trustees.  At the MAFCO Litigation Trustees' discretion, all of such records and documents may be destroyed at any time after two (2) years from the distribution of all Distributable Proceeds (unless such records and documents are necessary to fulfill the MAFCO Litigation Trustees' obligations pursuant to Section 13.01 hereunder). Except as otherwise specifically provided herein, upon the distribution of all Distributable Proceeds, the MAFCO Litigation Trustees shall be deemed discharged and have no further duties or obligations hereunder except to account to the Beneficiaries as provided in Section 13.01 hereof and as may be imposed on the MAFCO Litigation Trustees by virtue of Section 13.01 and Article VI hereof.

# ARTICLE V
## LITIGATION COSTS; REDUCTION OF JUDGMENT; COOPERATION; INDEPENDENT CAUSES OF ACTION; INDEMNIFICATION COSTS; DISTRIBUTIONS; ADMINISTRATION OF TRUST ESTATE

5.01    *Payment of Costs*.  (a) The MAFCO Litigation Trustees shall pay from the MAFCO Litigation Trust Assets all costs, expenses, charges, liabilities and obligations of the MAFCO Litigation Trust as contemplated by this MAFCO Litigation Trust Agreement and as required by law, including without limitation Administrative Costs and Expenses, the amounts due and payable with respect to the MAFCO Note and Indemnification Costs.

(b) The MAFCO Litigation Trustees are hereby authorized and directed to execute and deliver with respect to the MAFCO Litigation Trust the MAFCO Loan Agreement, the MAFCO Note and the MAFCO Security Agreement.  If the MAFCO Litigation Trust has inadequate funds to pay any Administrative Costs and Expenses that are then due and payable, the MAFCO Litigation Trustees may request a loan under the MAFCO Loan Agreement on behalf of the MAFCO Litigation Trust to pay such Administrative Costs

and Expenses on the terms and subject to the conditions set forth in the MAFCO Loan Agreement, up to a maximum aggregate amount of borrowings outstanding at any one time of One Million Dollars ($1,000,000). Whenever reasonably requested to do so by Newco, the MAFCO Litigation Trustees shall execute and deliver UCC-1 financing statements and any other documents or instruments requested by Newco to evidence a perfected, first priority security interest in and lien against all of the MAFCO Litigation Trust Assets and the proceeds therefrom to secure repayment of the MAFCO Note, provided that any cash or other property received by Newco as a result of that security interest shall be applied or paid over by Newco in the priority provided in Section 5.01(c) below.

(c)  The costs and expenses of the MAFCO Litigation Trust will be paid out of the MAFCO Litigation Trust Assets in the following order of priority:

(i)  First, to the MAFCO Litigation Trustees in payment of the Administrative Costs and Expenses;

(ii)  Second, to the extent that the MAFCO Litigation Trust Assets are derived from sources other than advances under the MAFCO Loan Agreement, to Newco in reimbursement of any Indemnification Costs paid by Newco under Section 5.03 hereof;

(iii)  Third, to Newco in payment of any amounts advanced under the MAFCO Loan Agreement, and any accrued interest thereon, whether or not due and payable as provided in the MAFCO Loan Agreement;

(iv)  Fourth, subject to the subordination described in Section 5.03(a) hereof, to the payment of Indemnification Costs;

(v)  Fifth, to the payment of any other costs, expenses, charges, liabilities and obligations of the MAFCO Litigation Trust; and

(vi)  Sixth, in the discretion of the MAFCO Litigation Trustees, to the establishment of reasonable reserves for the payment of future Administrative Costs and Expenses and Indemnification Costs.

The amounts described in clauses (i) through (vi) above are hereinafter referred to as the "MAFCO Litigation Trust Costs." Notwithstanding anything to the contrary herein, (x) upon any event of default under the MAFCO Loan Agreement or upon the maturity of the loan thereunder, the aggregate principal and interest outstanding under the MAFCO Loan Agreement shall be paid first out of the MAFCO Litigation Trust Assets before the payment of any other MAFCO Litigation Trust Costs hereunder and (y) if at any time the aggregate unpaid principal balance of the loans under the MAFCO Loan Agreement exceed the amount which Newco is obligated to advance under the MAFCO Loan Agreement, then an amount equal to

such excess amount shall be paid first out of the MAFCO Litigation Trust Assets before the payment of any other MAFCO Litigation Trust Costs hereunder.

5.02   *Reduction of Judgment; Cooperation; Independent Causes of Action.*   It is the intention of the parties to this MAFCO Litigation Trust Agreement that no Exculpated Person shall have any liability to any person or entity, including without limitation, Contribution Bar Parties, including, without limitation, any liability with respect to claims in the nature of contribution or indemnification, however denominated or described, in connection with, arising out of or in any way related to MAFCO Litigation Claims or Covered Claims and that any such claims-over shall be satisfied as provided herein.

(a)   No Exculpated Person shall have any liability to any Contribution Bar Party for contribution or indemnification with respect to any asserted or threatened MAFCO Litigation Claim or Covered Claim, and the MAFCO Litigation Trust or the Covered Person, as applicable, (i) shall reduce and credit against any judgment it may obtain against any Contribution Bar Party in any action in connection with, arising out of, or which is in any way related to any MAFCO Litigation Claim or Covered Claim, the amount of any claim which any such Contribution Bar Party is found to have established against any Exculpated Person on whatsoever theory in any action involving MAFCO Litigation Claims or Covered Claims; and (ii) shall be obligated to use good faith efforts to obtain, and in the context of a settlement shall be deemed to have obtained, from any such Contribution Bar Party, for the benefit of any implicated Exculpated Persons a satisfaction in full of such Contribution Bar Party's claim against any such Exculpated Person.

(b)   Each Exculpated Person shall provide and cooperate in discovery in any action involving the MAFCO Litigation Trust or Covered Person and one or more of the Contribution Bar Parties, but shall retain all rights to object to discovery requests under applicable law, as if the Exculpated Person were named as a party to the action. In addition, neither the MAFCO Litigation Trust nor any Covered Person shall oppose the standing or right of any Contribution Bar Party to make any submission or argument to the court or the jury in any action involving the MAFCO Litigation Trust or Covered Person and one or more of the Contribution Bar Parties that seeks to account (in whole or in part) for the asserted responsibility of the Exculpated Persons just as if they were parties to the action, including but not limited to the Contribution Bar Parties' right to assert that any Exculpated Person is fully or partially responsible for any claims asserted or relief sought in any such action; provided, however, that nothing herein shall preclude the MAFCO Litigation Trust or Covered Person from contesting on the merits the asserted responsibility of the Exculpated Person(s).

(c)   For avoidance of doubt, nothing contained in this MAFCO Litigation Trust Agreement shall preclude any person or entity from prosecuting or continuing to prosecute any Independent Cause of Action against any Exculpated Person and there shall be no rights of indemnification arising hereunder in connection with Independent Causes of Action.

(d) The provisions of this Section 5.02 and the provisions of Section 5.03 hereof shall be binding on and inure to the benefit of all successors and assigns of the Marvel Debtors, the MAFCO Litigation Trust, Covered Persons, Exculpated Persons and Contribution Bar Parties.

5.03    *Indemnification Costs.*  (a)  The MAFCO Litigation Trust agrees to indemnify and hold harmless each Exculpated Person from and against any and all liability (including fees and expenses of counsel and other professionals (other than any costs of internal personnel), amounts paid in judgment, penalty or otherwise) ("Indemnification Costs") with respect to claims-over on whatsoever theory (whether by way of third- or subsequent party complaint, cross-claim, separate action or otherwise) by any person or entity to recover in whole or in part any liability, direct or indirect, whether by way of judgment, penalty or otherwise, of any person or entity in connection with, arising out of, or which is in any way related to any MAFCO Litigation Claim.  The MAFCO Litigation Trust's indemnity obligation under this Section 5.03 shall be subordinate to its obligation, up to one million dollars ($1,000,000), to (i) pay Administrative Costs and Expenses, (ii) reimburse Newco for any Indemnification Costs paid by it pursuant to this Section 5.03, (iii) pay Newco any amounts advanced under the MAFCO Loan Agreement, and any accrued interest thereon, whether or not due and payable as provided in the MAFCO Loan Agreement or in Section 5.01(b) hereof, (iv) repay any additional borrowings as contemplated by Section 7.01(p) hereof, and (v) pay obligations pursuant to Section 8.05 hereof.  For avoidance of doubt, nothing herein is intended to impose upon the MAFCO Litigation Trust any indemnification obligation with respect to Covered Claims that are not MAFCO Litigation Claims.

(b)  Newco hereby guarantees the payment of Indemnification Costs by the MAFCO Litigation Trust as set forth in Section 5.03(a).

(c)  Promptly after receipt by an Exculpated Person of notice of the commencement of any action referred to in Section 5.03(a), such Exculpated Person will give written notice to the MAFCO Litigation Trustees thereof, but the omission so to notify the MAFCO Litigation Trustees will not relieve the MAFCO Litigation Trust from any liability which it may have to any Exculpated Person otherwise than pursuant to the provisions of this Section 5.03 except to the extent the MAFCO Litigation Trust is materially prejudiced thereby.  The MAFCO Litigation Trust shall have no liability for any cost or expense incurred by such Exculpated Person prior to the notification to the MAFCO Litigation Trustees of such action.  In case any such action is brought against an Exculpated Person, and it notifies the MAFCO Litigation Trustees of the commencement thereof, the MAFCO Litigation Trustees will be entitled to participate in, and to the extent that it may wish, to assume the defense thereof, with counsel reasonably satisfactory to the MAFCO Litigation Trustees, and after notice from the MAFCO Litigation Trustees to such Exculpated Person, the MAFCO Litigation Trust and Newco shall not, except as hereinafter provided, be responsible for any legal or other expenses subsequently incurred by the Exculpated Person in connection with the defense thereof.  If separate counsel is required as to any such claim-over, the MAFCO

Litigation Trust shall pay for the reasonable fees and expenses of competent counsel selected by the Exculpated Person, subject to the approval of the MAFCO Litigation Trustees which will not be unreasonably withheld or delayed. No settlement of any such claim-over shall require any financial contribution on the part of any Exculpated Person. The MAFCO Litigation Trust and Newco shall not be liable for any settlement of any such action or proceeding effected without its written consent, but if settled with its written consent, or if there be a final judgment for the plaintiff in any such action or proceeding, the MAFCO Litigation Trust agrees to indemnify and hold harmless such Exculpated Person from and against any loss or liability by reason of such settlement or judgment.

5.04    *Distribution of Distributable Proceeds.* Subject to Section 5.05 hereof, following the resolution of all or a portion of any of the MAFCO Litigation Claims, whether by interim or final award or arbitrators decision, settlement, judgment, accounting or order (in each case, which is not subject to appeal or review by any tribunal or court), resulting in the collection of Net MAFCO Litigation Proceeds, and provided that (x) the MAFCO Litigation Trustees have paid all MAFCO Litigation Trust Costs incurred to date, (y) the MAFCO Litigation Trustees have terminated the MAFCO Loan Agreement with Newco and provided Newco with an instrument in form and substance reasonably satisfactory to Newco releasing Newco from any further liability to make advances under the MAFCO Loan Agreement to pay Administrative Costs and Expenses, and (z) the MAFCO Litigation Trust, after consultation with Newco, has established a reasonable reserve for all indemnity claims theretofore asserted pursuant to Section 5.03 hereof and sixty (60) days have elapsed since the MAFCO Litigation Trust notifies Newco in writing of the amount of the reserve and that it waives the right to prosecute any MAFCO Litigation Claims that it has not already begun to prosecute as of the date of such notice, the MAFCO Litigation Trustees shall distribute the remaining Distributable Proceeds as follows:

(i)    First, one hundred percent (100%) of such amounts shall be distributed to the Beneficiaries which are holders of Allowed Unsecured Claims pursuant to Section 4.4 of the Plan, until holders of Allowed Unsecured Claims have received four million five hundred thousand dollars ($4,500,000); and

(ii)    Thereafter, (A) thirty percent (30%) of such amounts shall be distributed to the Beneficiaries which are holders of Allowed Unsecured Claims pursuant to Section 4.4 of the Plan and (B) seventy percent (70%) of such amounts shall be distributed to the Beneficiaries which are holders of Allowed Class Securities Litigation Claims and Allowed Equity Interests in Entertainment pursuant to Sections 4.5 and 4.6(a) of the Plan.

5.05    *Distributions Generally; Method of Payment; Undeliverable Property.* (a) The amount of Distributable Proceeds shall be reasonably determined by the MAFCO Litigation Trustees prior to December 31st of each year commencing on the first December 31st following the first anniversary of the Consummation Date. All distributions of Net MAFCO

730835.9                                    -14-

Litigation Proceeds pursuant to Section 5.04 shall be made at such times and in such amounts as shall be determined by the MAFCO Litigation Trustees. In no event shall any distribution be made to any Beneficiary unless all MAFCO Litigation Trust Costs incurred prior to the date of such distribution and then due and payable have been paid.

(b) All amounts payable to a Beneficiary pursuant to this MAFCO Litigation Trust Agreement shall be paid by the MAFCO Litigation Trustees to such Beneficiary by check payable to such Beneficiary, mailed first class to the address of such Beneficiary appearing on the Beneficiary List. All payments required to be made by the MAFCO Litigation Trustees to the Beneficiaries shall be made in Cash denominated in U.S. dollars and, if in check form, drawn on a domestic bank selected by the MAFCO Litigation Trustees.

(c) If any distribution to a Beneficiary of Distributable Proceeds is returned to the MAFCO Litigation Trust as undeliverable, no further distribution thereof shall be made to such Beneficiary unless and until the MAFCO Litigation Trust is notified in writing of such Beneficiary's then current address within the time period specified in Section 5.05(d). For purposes of this MAFCO Litigation Trust Agreement, undeliverable distributions shall include checks (as of the date of their issuance) sent to a Beneficiary, respecting distributions to such Beneficiary, which checks have not been cashed within six months following the date of issuance of such checks. Undeliverable distributions shall remain in the possession of the MAFCO Litigation Trust until the earlier of (i) such time as the relevant distribution becomes deliverable and (ii) the time period specified in Section 5.05(d).

(d) Any Beneficiary that does not assert a claim for an undeliverable distribution of Distributable Proceeds held by the MAFCO Litigation Trust within one year after the date such distribution was originally made (but in no event longer than six months after all of the Distributable Proceeds have been distributed except for undeliverable distributions), shall no longer have any claim to or interest in such undeliverable distributions, and such undeliverable distributions shall revert to or remain in the MAFCO Litigation Trust and shall be redistributed to the applicable Beneficiaries in accordance with this MAFCO Litigation Trust Agreement.

## ARTICLE VI
## TAX MATTERS

6.01 *Treatment*. For all federal income tax purposes, this MAFCO Litigation Trust shall be treated as a partnership, and the Beneficiaries shall be treated as partners. The MAFCO Litigation Trustees will file such tax returns and provide the Beneficiaries with such information statements as may be provided by law.

6.02 *Allocation*. The MAFCO Litigation Trustees shall cause taxable income and taxable loss of the MAFCO Litigation Trust to be allocated among the Beneficiaries in such

manner as it determines to equitably reflect such persons' share of taxable income and taxable loss, which allocations may reflect the sharing ratios described in Section 5.04.

## ARTICLE VII
## POWERS OF AND LIMITATIONS ON THE MAFCO LITIGATION TRUSTEES

7.01    *Powers of the MAFCO Litigation Trustees.*  Without limitation, but subject to the remaining provisions herein, the MAFCO Litigation Trustees shall be expressly authorized to:

(a)    execute any documents and take any other actions related to, or in connection with, the liquidation of the MAFCO Litigation Trust Assets and the exercise of the MAFCO Litigation Trustees' powers granted herein;

(b)    hold legal title to any and all rights of the Beneficiaries in or arising from the MAFCO Litigation Trust Assets;

(c)    protect and enforce the rights to the MAFCO Litigation Trust Assets vested in the MAFCO Litigation Trustees by this MAFCO Litigation Trust Agreement by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(d)    deliver the Distributable Proceeds to the Beneficiaries in accordance with this MAFCO Litigation Trust Agreement;

(e)    have exclusive power to initiate, prosecute, supervise and direct the MAFCO Litigation Claims; *provided, however*, that all MAFCO Litigation Claims shall be brought solely before the District Court, unless the District Court is found not to have jurisdiction;

(f)    have exclusive power to settle or otherwise compromise the MAFCO Litigation Claims, subject, however, to District Court approval;

(g)    file, if necessary, any and all tax information returns with respect to the MAFCO Litigation Trust and pay taxes properly payable by the MAFCO Litigation Trust, if any, and make distributions to the Beneficiaries net of such taxes;

(h)    make all necessary filings in accordance with any applicable law, statute or regulation, including, but not limited to, the Exchange Act;

(i)     determine and satisfy any and all ordinary course liabilities created, incurred or assumed by the MAFCO Litigation Trust;

(j)     pay all ordinary course expenses and make all other payment relating to the MAFCO Litigation Trust;

(k)     retain and pay professionals, including but not limited to attorneys, accountants and experts necessary to carry out its obligations hereunder, including, without limitation, the members of any professional services firm with which the MAFCO Litigation Trustees are affiliated;

(l)     invest moneys received by the MAFCO Litigation Trust or otherwise held by the MAFCO Litigation Trust in accordance with Section 7.04 hereof;

(m)     execute, deliver and perform its obligations under the MAFCO Loan Agreement, the MAFCO Note and the MAFCO Security Agreement;

(n)     provide the indemnification and exculpation, pay the MAFCO Litigation Trust Costs, maintain the books and records of the MAFCO Litigation Trust and prepare reports each as provided in herein, and engage in such other acts or actions as otherwise contemplated by this Agreement;

(o)     in the event that the MAFCO Litigation Trustee determine that the Beneficiaries or the MAFCO Litigation Trust may, will or have become subject to adverse tax consequences, in its sole discretion, take such actions that will, or are intended to, alleviate such adverse tax consequences;

(p)     borrow monies on terms and conditions reasonably acceptable to them provided that any obligation to repay such borrowings shall be junior to the MAFCO Note and unsecured; and

(q)     establish appropriate reserves for Disputed Claims.

7.02    *Action by Majority.*  The MAFCO Litigation Trustees shall govern the MAFCO Litigation Trust by majority, and the signature of at least two of the MAFCO Litigation Trustees shall be required to bind the MAFCO Litigation Trust.

7.03    *No Operations as an Investment Company, Trade or Business.*  No part of the MAFCO Litigation Trust Assets shall be used or disposed of by the MAFCO Litigation Trustees in furtherance of any trade or business. The MAFCO Litigation Trustees shall, on behalf of the MAFCO Litigation Trust, hold the MAFCO Litigation Trust out as a trust in the process of liquidation and not as an investment company. The MAFCO Litigation Trustees shall be restricted to the enforcement on behalf of and for the benefit of the Beneficiaries of

the MAFCO Litigation Claims, the payments and distribution of the Distributable Proceeds for the purpose set forth in this MAFCO Litigation Trust Agreement and the conservation and protection of the MAFCO Litigation Trust Assets and the administration thereof in accordance with the provisions of this MAFCO Litigation Trust Agreement.

7.04    *Investment of MAFCO Litigation Trust Moneys.*  The MAFCO Litigation Trustees shall invest the moneys received by the MAFCO Litigation Trust or otherwise held in the MAFCO Litigation Trust Estate in (i) short-term certificates of deposit or money market accounts maintained by or issued by domestic banks having in excess of $1 billion in capital and surplus and one of the two highest ratings given by both Moody's and Standard & Poors, (ii) insured demand deposit accounts or certificates of deposit maintained by or issued by any savings institution or commercial bank insured by the United States government or any agency thereof and (iii) short-term marketable direct obligations of, or guaranteed as to principal and interest by, the United States government or any agency thereof; *provided, however*, that the maturities of any of the foregoing shall not exceed 30 days.

## ARTICLE VIII
## CONCERNING THE MAFCO LITIGATION TRUSTEES

8.01    *Generally.*  Each of the MAFCO Litigation Trustees accepts and undertakes to discharge the MAFCO Litigation Trust created by this MAFCO Litigation Trust Agreement upon the terms and conditions hereof including, without limitation, the provisions of Section 2.04 hereof.  Each of the MAFCO Litigation Trustees shall not have any liability for any of its acts or omissions in connection with the selection and hiring of professionals, or the initiation, prosecution, supervision, direction, compromising or settling of any MAFCO Litigation Claims, or the performance of any of its other duties hereunder, except in the case of its gross negligence or its own intentional and willful misconduct, and in no event shall a MAFCO Litigation Trustee be liable for any action taken in reliance upon the advice of professionals selected with due care in respect of the subject matter in question.  Notwithstanding the foregoing, the MAFCO Litigation Trustees may, without liability to any MAFCO Litigation Trustee therefor, retain the services of any professional services firm with which a MAFCO Litigation Trustee is affiliated.  The MAFCO Litigation Trustees shall maintain the chief executive office of the MAFCO Litigation Trust and the principal office where the records relating to the MAFCO Litigation Trust are maintained in the county of Essex, state of New Jersey, or, upon notice to Newco, in such other location as to which the MAFCO Litigation Trustees agree in accordance with Section 7.02 hereof.

8.02    *Reliance by MAFCO Litigation Trustee.*  Except as otherwise provided in this MAFCO Litigation Trust Agreement:

(a)    each MAFCO Litigation Trustee and the MAFCO Litigation Trustees collectively may rely and shall be protected in acting upon any resolution,

statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by it or them to be genuine and to have been signed or presented by the proper party or parties;

(b)    each MAFCO Litigation Trustee and the MAFCO Litigation Trustees collectively may consult with independent legal counsel to be selected by it or them with due care and the advice or opinion of such counsel shall be full and complete personal protection to each MAFCO Litigation Trustee, the MAFCO Litigation Trustees collectively and agents of the MAFCO Litigation Trust in respect of any action taken or suffered by it or them in good faith and in reliance on, or in accordance with, such advice or opinion, including, without limitation, the advice or opinion of a member of any law firm with which any MAFCO Litigation Trustee is affiliated; and

(c)    persons dealing with the any MAFCO Litigation Trustee or the MAFCO Litigation Trustees collectively shall look only to the MAFCO Litigation Trust Assets to satisfy any liability incurred by each MAFCO Litigation Trustee or the MAFCO Litigation Trustees collectively to such person in carrying out the terms of this MAFCO Litigation Trust Agreement, and no MAFCO Litigation Trustee shall have any personal or individual obligation to satisfy any such liability.

8.03    *Liability to Third Persons*.  No Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the MAFCO Litigation Trust Assets or the affairs of the MAFCO Litigation Trust, and no MAFCO Litigation Trustee or agent of the MAFCO Litigation Trust shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the MAFCO Litigation Trust Assets or the affairs of this MAFCO Litigation Trust, except for its gross negligence or its own intentional and willful misconduct; and all such persons shall look solely to the MAFCO Litigation Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the MAFCO Litigation Trust.

8.04    *Nonliability of MAFCO Litigation Trustees for Acts of Others*.  Nothing contained in this MAFCO Litigation Trust Agreement shall be deemed to be an assumption by any MAFCO Litigation Trustee of any of the liabilities, obligations or duties of any of the other parties hereto; and shall not be deemed to be or contain a covenant or agreement by any MAFCO Litigation Trustee to assume or accept any such liability, obligation or duty.  Any successor MAFCO Litigation Trustee may accept and rely upon any accounting made by or on behalf of any predecessor MAFCO Litigation Trustee hereunder, and any statement or representation made as to the assets comprising the MAFCO Litigation Trust Assets or as to any other fact bearing upon the prior administration of the MAFCO Litigation Trust.  A MAFCO Litigation Trustee shall not be liable for having accepted and relied upon such accounting, statement or representation if it is later proved to be incomplete, inaccurate or

untrue. A MAFCO Litigation Trustee or successor MAFCO Litigation Trustee shall not be liable for any act or omission of any predecessor MAFCO Litigation Trustee, nor have a duty to enforce any claims against any predecessor MAFCO Litigation Trustee on account of any such act or omission.

8.05    *Indemnity.* Each MAFCO Litigation Trustee and all MAFCO Litigation Trustees and its or their employees, officers, directors and principals (collectively, the "Indemnified Parties") shall be indemnified by the MAFCO Litigation Trust from any losses, claims, damages, liabilities or expenses (including, without limitation, reasonable attorneys' fees, disbursements and related expenses) which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against the Indemnified Parties other than for its own gross negligence, its recklessness or its own intentional or willful and wanton misconduct. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the MAFCO Litigation Trust to cover their expenses of defending themselves in any action brought against them as a result of the acts or omissions of the MAFCO Litigation Trustee in its capacity as such, *provided, however,* that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the MAFCO Litigation Trust upon the entry of a final order of any court of competent jurisdiction finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section 8.05.

8.06    *Bond.* No MAFCO Litigation Trustee shall be obligated to post a bond hereunder.

# ARTICLE IX
## COMPENSATION OF MAFCO LITIGATION TRUSTEES

9.01    *Fees and Expenses.* Each and all MAFCO Litigation Trustees shall be entitled to reimburse itself or themselves from the MAFCO Litigation Trust for all Administrative Costs and Expenses incurred by it or them in the performance of its or their duties in accordance with this MAFCO Litigation Trust Agreement. Each MAFCO Litigation Trustee shall be entitled to a fee of $15,000 per annum plus $1,000 for each meeting of the MAFCO Litigation Trust attended (but in no event to exceed, for each MAFCO Litigation Trustee, $35,000 in the aggregate in any one calendar year), plus the reimbursement of its reasonable out-of-pocket expenses, for its services as MAFCO Litigation Trustee hereunder.

## ARTICLE X
## MAFCO LITIGATION TRUSTEES AND SUCCESSOR MAFCO LITIGATION TRUSTEES

10.01 *Generally.* The Equity Committee, the Creditors Committee, and the Trustee (each a "Designor") shall designate the MAFCO Litigation Trustees, as follows: one of the MAFCO Litigation Trustees shall be designated by the Equity Committee, one of the MAFCO Litigation Trustees shall be designated by the Creditors Committee, and one of the MAFCO Litigation Trustees shall be designated by the Trustee. The MAFCO Litigation Trustees shall initially be Ronald Cantor (designee of the Equity Committee), Ivan Snyder (designee of the Creditors Committee), and James A. Scarpone (designee of the Trustee). If a MAFCO Litigation Trustee shall ever change its name or reorganize, reincorporate or merge with or into or consolidate with any other entity, such MAFCO Litigation Trustee shall be deemed to be a continuing entity and shall continue to act as a MAFCO Litigation Trustee hereunder with the same liabilities, duties, powers, rights, titles, discretions and privileges as are herein specified for a MAFCO Litigation Trustee.

10.02 *Resignation.* Each MAFCO Litigation Trustee may resign and be discharged from the trusts hereby created by giving at least thirty (30) days prior written notice thereof to each of the other MAFCO Litigation Trustees, the Beneficiaries and Newco. Such resignation shall become effective on the later to occur of (a) the date specified in such written notice, or (b) the effective date of the appointment of a successor MAFCO Litigation Trustee in accordance with Section 10.04 hereof and such successor's acceptance of such appointment.

10.03 *Removal.* Any MAFCO Litigation Trustee may be removed, with or without cause, by its Designor. Such removal shall become effective on the later to occur of (a) the date such action is taken by the Designor or (b) the effective date of the appointment of a successor MAFCO Litigation Trustee in accordance with Section 10.04 hereof and such successor's acceptance of such appointment.

10.04 *Appointment of Successor MAFCO Litigation Trustee; Acceptance of Appointment by Successor MAFCO Litigation Trustee.* The death, resignation, removal, incompetency, bankruptcy or insolvency of a MAFCO Litigation Trustee shall not operate to terminate the MAFCO Litigation Trust created by this MAFCO Litigation Trust Agreement or to revoke any existing agency created pursuant to the terms of this MAFCO Litigation Trust Agreement or invalidate any action theretofore taken by any or all MAFCO Litigation Trustees. In any such event, a successor MAFCO Litigation Trustee shall be promptly selected by the Designor whose designee as MAFCO Litigation Trustee is the party to be succeeded, if that Designor is still in existence; otherwise, by the two remaining MAFCO Litigation Trustees. Any successor MAFCO Litigation Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the District Court for filing, and, in case of a MAFCO Litigation Trustee's resignation, to the

retiring MAFCO Litigation Trustee. Thereupon, such successor shall, without any further act, become vested with all the obligations, duties, powers, rights, title, discretion and privileges of its predecessor in the MAFCO Litigation Trust with like effect as if originally named MAFCO Litigation Trustee and shall be deemed appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to retain and enforce any MAFCO Litigation Claims for the benefit of the Beneficiaries. The retiring MAFCO Litigation Trustee shall duly assign, transfer and deliver to such successor all property and money held by such retiring MAFCO Litigation Trustee hereunder and shall, as directed by the District Court or reasonably requested by such successor, execute and deliver an instrument or instruments conveying and transferring to such successor upon the trust herein expressed, all the obligations, duties, powers, rights, title, discretion and privileges of such retiring MAFCO Litigation Trustee.

## ARTICLE XI
## CONCERNING THE BENEFICIARIES

11.01 *No Suits by Beneficiaries.* No Beneficiary shall have any right by virtue of any provision of this MAFCO Litigation Trust Agreement to institute or participate in any action or proceeding at law or in equity against any party other than the MAFCO Litigation Trustee with respect to the MAFCO Litigation Claims.

11.02 *Requirement of Undertaking.* The MAFCO Litigation Trustees, singly or collectively, may request the District Court to require, in any suit for the enforcement of any right or remedy under this MAFCO Litigation Trust Agreement, or in any suit against a MAFCO Litigation Trustee or MAFCO Litigation Trustees for any action taken or omitted by it or them as MAFCO Litigation Trustee(s), the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 11.02 shall not apply to any suit by a MAFCO Litigation Trustee or MAFCO Litigation Trustees.

## ARTICLE XII
## JURISDICTION

12.01 *Jurisdiction.* The parties agree that the District Court shall have jurisdiction over the MAFCO Litigation Trust, the MAFCO Litigation Trustees, the MAFCO Litigation Claims and the remaining MAFCO Litigation Trust Assets, including, without limitation, jurisdiction to determine all controversies and disputes arising under or in connection with this MAFCO Litigation Trust Agreement. Notwithstanding the foregoing, nothing contained herein shall be construed as limiting the right of the MAFCO Litigation Trust to assert any MAFCO Litigation Claim to which it has title in any court of competent jurisdiction. The MAFCO Litigation Trustees shall have the power and authority to bring any action in the District Court to prosecute the MAFCO Litigation Claims as provided in Section 7.01. The

District Court shall have the authority to construe and interpret this MAFCO Litigation Trust Agreement and to establish, amend and revoke rules and regulations for the administration of this MAFCO Litigation Trust, including, but not limited to, correcting any defect or supplying any omission, or reconciling any inconsistency in this MAFCO Litigation Trust Agreement, in the manner and to the extent it shall deem necessary or advisable to make this MAFCO Litigation Trust fully effective, and all decisions and determinations by the District Court in the exercise of this power shall be final and binding upon the MAFCO Litigation Trustees, Newco and the Beneficiaries.

## ARTICLE XIII
## ADMINISTRATION OF TRUST ESTATE

13.01  *Reports*.  The MAFCO Litigation Trustees shall file with the District Court: (a) within 45 days after the end of each first and third fiscal quarter, an unaudited semi-annual financial report for the previous fiscal half-year regarding the financial condition and results of operations of the MAFCO Litigation Trust for such fiscal half-year, (b) within 90 days after the end of each fiscal year, an unaudited annual financial report regarding the financial condition and results of operation of the MAFCO Litigation Trust, including a statement of receipts and disbursements and a report on changes in the MAFCO Litigation Trustees, if any, and (c) within 45 days after the end of each first and third fiscal quarter, a semi-annual report concerning the status of all MAFCO Litigation Claims which have been filed, including material developments, such as settlements and other material events.  The MAFCO Litigation Trustee shall provide a copy of such reports to the Equity Committee if the Equity Committee is still in existence, to the Creditors Committee if the Creditors Committee is still in existence, and to any Beneficiary at such Beneficiary's request and cost.  If the MAFCO Litigation Trust becomes subject to the registration requirements of the Exchange Act, the MAFCO Litigation Trustees shall cause the MAFCO Litigation Trust to register pursuant to, and comply with the applicable reporting requirements of, the Exchange Act and will issue reports to Beneficiaries in accordance therewith.

13.02  *Fiscal Year*.  The fiscal year of the MAFCO Litigation Trust shall be the calendar year.

13.03  *Books and Records*.  The MAFCO Litigation Trustees shall maintain, in respect of the MAFCO Litigation Trust and the Beneficiaries, a list of the names and addresses of the Beneficiaries (the "Beneficiary List"), and books and records relating to the assets and the income of the MAFCO Litigation Trust and the payment of expenses of the MAFCO Litigation Trust, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of Section 13.01 and Article VI hereof and to comply with applicable provisions of law.  Each Beneficiary shall be responsible for providing the MAFCO Litigation Trustees with written notice of any change in address.  The MAFCO Litigation Trustees are not obligated to make

any effort to determine the correct address of a Beneficiary and may, until otherwise advised in writing by any Beneficiary, rely upon the Beneficiary List.

13.04 *Newco Reports to MAFCO Litigation Trustee.* Newco shall provide the MAFCO Litigation Trustees with periodic reports of the status of claims resolutions (no less frequently than monthly during the first six months after the Consummation Date and no less frequently than quarterly thereafter until all claims have been resolved by the District Court) and such other information relating thereto as the MAFCO Litigation Trustees shall reasonably request.

## ARTICLE XIV
## MISCELLANEOUS PROVISIONS

14.01 *Construction.* This MAFCO Litigation Trust Agreement shall be governed by and construed in accordance with the laws of the State of Delaware and the United States of America; *provided* that the MAFCO Litigation Trust and any interpretation or enforcement of the provisions of this MAFCO Litigation Trust Agreement shall be subject to the jurisdiction of the District Court as contemplated by Article XII hereof. The MAFCO Litigation Trustees' interpretation of the provisions of this MAFCO Litigation Trust Agreement and the provisions of the Plan as they relate to the prosecution of the MAFCO Litigation Claims shall be deemed conclusive in the absence of a contrary interpretation of the District Court.

14.02 *Severability.* In the event any provision of this MAFCO Litigation Trust Agreement or the application thereof to any person or circumstances shall be determined by a final order of a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this MAFCO Litigation Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held or unenforceable, shall not be affected thereby, and each provision of this MAFCO Litigation Trust Agreement shall be valid and enforced to the fullest permitted by law.

14.03 *Cooperation.* Newco shall provide the MAFCO Litigation Trustees, at no cost to the MAFCO Litigation Trustees, the MAFCO Litigation Trust or the Beneficiaries, with such access to its and its subsidiaries' books, records and employees as the MAFCO Litigation Trustees may reasonably request during regular business hours for the purpose of performing its duties and exercising its duties hereunder, including, without limitation, by providing documents and making its officers, directors and employees available to provide testimony and otherwise to assist the MAFCO Litigation Trustees in prosecuting the MAFCO Litigation Claims; *provided* that copying costs, if any, shall be paid by the MAFCO Litigation Trust as an Administrative Cost and Expense.

14.04 *Notices.* Any notice or other communication required or permitted to be made in accordance with this MAFCO Litigation Trust Agreement shall be in writing and shall be

deemed to have been sufficiently given, for all purposes, if delivered personally or by telex or other telegraphic means or mailed by first class mail:

(i)     if to the MAFCO Litigation Trustees, to the MAFCO Litigation Trustees, c/o James A. Scarpone, Hellring Lindeman Goldstein & Siegal, One Gateway Center, Newark, New Jersey 07102.

(ii)    if to Newco, at 685 Third Avenue, New York, New York 10017, attention: Corporate Secretary, with a copy to Battle Fowler, LLP, 75 East 55th Street, New York, New York, 10022, attention: Lawrence Mittman, Esq.

(iii)   if to any Beneficiary, to such Beneficiary at the address set forth in the Beneficiary List.

(iv)    if to the Creditors Committee, to Willkie, Farr & Gallagher, 787 Seventh Avenue, New York, New York  10022, attention: Tonny K. Ho.

Any party to this MAFCO Litigation Trust Agreement may change its address for the above purposes by notifying in writing the other parties of such change in address.

14.05  *Headings.* The headings contained in this MAFCO Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this MAFCO Litigation Trust Agreement or of any term or provision hereof.

14.06  *Counterparts.* This MAFCO Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto have executed this MAFCO Litigation Trust Agreement or caused this MAFCO Litigation Trust Agreement to be duly executed by their respective officers and the MAFCO Litigation Trustees herein have executed this MAFCO Litigation Trust Agreement, as MAFCO Litigation Trustees, effective as of the date first above written.

MARVEL ENTERTAINMENT GROUP, INC.

By:_____

Name:   William H. Hardie, III

Title:    Vice President and Secretary

730835.9                                  -25-

THE ASHER CANDY COMPANY

By:_____
Name:  William H. Hardie, III
Title:    Vice President and Secretary


FLEER CORP.

By:_____
Name:  William H. Hardie, III
Title:    Vice President and Secretary


FRANK H. FLEER CORP.

By:_____
Name:  William H. Hardie, III
Title:    Vice President and Secretary


HEROES WORLD DISTRIBUTION, INC.

By:_____
Name:  William H. Hardie, III
Title:    Vice President and Secretary


MALIBU COMICS ENTERTAINMENT, INC.

By:_____
Name:  William H. Hardie, III
Title:    Vice President and Secretary


730835.9                    -26-

MARVEL CHARACTERS, INC.

By: _____
Name:
Title:


MARVEL DIRECT MARKETING, INC.

By: _____
Name:
Title:


SKYBOX INTERNATIONAL INC.

By: _____
Name:
Title:



By: _____
    John J. Gibbons, solely in his capacity as
    chapter 11 trustee for the Marvel Debtors



MARVEL ENTERPRISES, INC.

By: _____
Name:
Title:


730835.9

-27-

By: _____
    Ronald Cantor, solely as trustee


By: _____
    Ivan Snyder, solely as trustee


By: _____
    James A. Scarpone, solely as trustee

By: _____

      Ronald Cantor, solely as trustee

By: _____

      Ivan Schneider, solely as trustee

By: _____

      James A. Scarpone, solely as trustee

By:_____
     Ronald Cantor, solely as trustee


By:_____
     Ivan Schneider, solely as trustee


By:_____
     James A. Scarpone, solely as trustee

730835.9

**-28-**