IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
                                                    :
RONALD CANTOR, IVAN SNYDER and                      :
JAMES A. SCARPONE, as TRUSTEES OF                   :
THE MAFCO LITIGATION TRUST,                         :
                                                    :
                        Plaintiffs,                 :    C.A. No. 97-586-KAJ
                                                    :
            v.                                      :
                                                    :
RONALD O. PERELMAN,                                 :
MAFCO HOLDINGS INC.,                                :
MacANDREWS & FORBES HOLDINGS INC.,  :
ANDREWS GROUP INCORPORATED,                         :
WILLIAM C. BEVINS and                               :
DONALD G. DRAPKIN,                                  :
                                                    :
                        Defendants.                 :
                                                    :
-----------------------------------------------------------x

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' JURY DEMAND**

*Of Counsel:*

Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
FRIEDMAN KAPLAN SEILER
     & ADELMAN LLP
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

Dated:  November 23, 2005

ASHBY & GEDDES
Lawrence C. Ashby (I.D. 468)
Philip Trainer, Jr. (I.D. 2788)
Tiffany Geyer Lydon (I.D. 3950)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

SUMMARY OF ARGUMENT ...................................................................................2

ARGUMENT...............................................................................................................5

I.     PLAINTIFFS HAVE ASSERTED LEGAL CLAIMS FOR
COMPENSATORY DAMAGES AS TO WHICH THEY HAVE
A RIGHT TO A JURY TRIAL ..........................................................................5

II.    DEFENDANTS' ANALYSIS OF THE FIRST AND SECOND
*GRANFINANCIERA* FACTORS IS INCOMPLETE AND
MISLEADING....................................................................................................9

III.   PLAINTIFFS' CLAIMS ARE NOT PART OF THE PROCESS OF
ALLOWANCE AND DISALLOWANCE OF CLAIMS AGAINST
THE BANKRUPT MARVEL ESTATE .........................................................11

IV.   PLAINTIFFS HAVE NOT WAIVED THEIR RIGHT TO A
JURY TRIAL....................................................................................................13

CONCLUSION.........................................................................................................15

## TABLE OF AUTHORITIES

### CASES

*Beacon Theatres, Inc. v. Westover,*
    359 U.S. 500 (1959)............................................................................................15

*Beard v. Braunstein,*
    914 F.2d 434 (3d Cir. 1990)..............................................................................13

*Billing v. Ravin, Greenberg & Zackin, P.A.,*
    22 F.3d 1242 (3d Cir. 1994)....................................................................4, 11, 14

*Cantor Fitzgerald, L.P. v. Cantor,*
    No. 16297, 2000 WL 307370 (Del. Ch. Mar. 13, 2000)........................................7

*Cantor Fitzgerald, L.P. v. Cantor,*
    No. 16297, 2001 WL 536911 (Del. Ch. May 11, 2001).........................................7

*Cantor Fitzgerald, L.P. v. Cantor,*
    No. 16297, 2003 WL 21488707 (Del. Ch. June 19, 2003).....................................7

*Cantor v. Perelman,*
    414 F.3d 430 (3d Cir. 2005).....................................................................1, 2, 5, 6

*Conn. Nat'l Bank v. Germain,*
    503 U.S. 249 (1992)............................................................................................12

*Curtis v. Loether,*
    415 U.S. 189 (1974)..............................................................................................6

*Dardovitch v. Haltzman,*
    190 F.3d 125 (3d Cir. 1999).................................................................................6

*Design Strategies, Inc. v. Davis,*
    367 F. Supp. 2d 630 (S.D.N.Y. 2005)...................................................................5

*Dimick v. Schiedt,*
    293 U.S. 474 (1935)............................................................................................15

*Gasperini v. Center for the Humanities,* Inc.,
    518 U.S. 415 (1996)..........................................................................................3, 7

*Germain v. Conn. Nat'l Bank,*
    988 F.2d 1323 (2d Cir. 1993)....................................................................... *passim*

*Gilliken v. Hughes,*
609 F. Supp. 178 (D. Del. 1985) ..............................................................7

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.,*
817 A.2d 160 (Del. Ch. 2002) ................................................................7

*Granfinanciera S.A. v. Nordberg,*
492 U.S. 33 (1989) .................................................................... *passim*

*Great-West Life & Annuity Insur. Co. v. Knudson,*
534 U.S. 204 (2002) .........................................................................2, 6, 7

*HMG/Courtland Props., Inc. v. Gray,*
749 A.2d 94 (Del. Ch. 1999) .................................................................7

*Hatco Corp. v. W.R. Grace & Co.,*
59 F.3d 400 (3d Cir. 1995) ....................................................................6

*Hogg v. Walker,*
622 A.2d 648 (Del. 1993) .....................................................................8

*In re Carter Paper Co.,*
220 B.R. 276 (Bankr. M.D. La. 1998) ..................................................7

*In re Crowe Rope Indus., LLC,*
307 B.R. 1 (Bankr. D. Me. 2004) .....................................................7, 15

*In re Evangelist,*
760 F.2d 27 (1st Cir. 1985) ...................................................................6

*In re Franklin Towne Lodge Ltd. P'ship,*
Civ. A. No. 91-2702, 1992 WL 357531 (E.D. Pa. Nov. 25, 1992)..................12, 13

*In re Globe Parcel Serv., Inc.,*
75 B.R. 381 (E.D. Pa. 1987) ..................................................................5

*In re Hallahan,*
936 F.2d 1496 (7th Cir. 1991) ...............................................3, 4, 13, 14

*In re Hechinger Inv. Co. of Del.,*
327 B.R. 537 (D. Del. 2005)...........................................3, 6, 10, 11, 14

*In re Jensen,*
946 F.2d 369 (5th Cir. 1991) ......................................................4, 11-12

*In re Lands End Leasing, Inc.*,
    193 B.R. 426 (Bankr. D.N.J. 1996) ........................................................................5

*In re Lee Way Holding Co.*,
    118 B.R. 544 (Bankr. S.D. Ohio 1990)..................................................................5

*In re RDM Sports Group, Inc.*,
    260 B.R. 915 (Bankr. N.D. Ga. 2001) .......................................................5, 12, 13

*Laventhal, Krekstein, Horwath & Horwath v. Tuchman*,
    372 A.2d 168 (Del. 1976) .....................................................................................6

*Merten v. Hewitt Assocs.*,
    508 U.S. 248 (1993)...............................................................................................2

*Miller v. Weber (In re Anchor/Davis-Jay Container Co.)*,
    Bankr. No. 92-11720S, Adv. No. 93-0042S, 1993 WL 119818
    (Bankr. E.D. Pa. Apr. 15, 1993)............................................................................5

*Parsons v. Bedford*,
    3 Pet. 433 (1830) .................................................................................................15

*Pereira v. Farace*,
    413 F.3d 330 (2d Cir. 2005).......................................................................... *passim*

*Resnick v. Resnick*,
    763 F. Supp. 760 (S.D.N.Y. 1991).....................................................................5, 6

*Ross v. Bernhard*,
    396 U.S. 531 (1970)...................................................................................3, 6, 7, 8

*Ryan v. Tad's Enters., Inc.*,
    709 A.2d 682 (Del. Ch. 1996)...............................................................................7

*Simler v. Conner*,
    372 U.S. 221 (1963)...............................................................................................7

*Standard Chlorine of Del., Inc. v. Sinibaldi*,
    821 F. Supp. 232 (D. Del. 1992)...........................................................................6

*Tull v. Turek*,
    147 A.2d 658 (Del. 1958) ......................................................................................8

## STATUTES

11 U.S.C. § 523(a)(6)..................................................................................................13

U.S. Const. amend. VII................................................................................... *passim*

## NATURE AND STAGE OF THE PROCEEDINGS

There is no dispute that plaintiffs timely demanded a trial by jury on all issues so triable.  (*See* D.I. 1, Complaint ¶ 9; D.I. 107, Amended Complaint ¶ 10; D.I. 149, Second Amended Complaint ¶ 13.)

Pursuant to orders entered February 18 and June 9, 2004, this Court granted defendants' motion for summary judgment and dismissed all of plaintiffs' claims.  (D.I. 404 and 417.)  In an opinion dated July 12, 2005, the United States Court of Appeals for the Third Circuit reversed the summary judgments entered by this Court in favor of defendants on plaintiffs' unjust enrichment claims and plaintiffs' damage claims, except for plaintiffs' damage claim as to the Marvel Holdings Notes, which was dismissed on the basis of the statute of limitations. *Cantor v. Perelman*, 414 F.3d 430 (3d Cir. 2005).

By Scheduling Order dated October 18, 2005, this Court established a schedule for further proceedings in this action, including a trial set for October 10 through October 27, 2006.  (D.I. 430.)

On October 21, 2005, defendants moved to strike plaintiffs' jury demand and filed their brief in support of that motion.  Plaintiffs now respectfully submit this brief in opposition to defendants' motion to strike plaintiffs' jury demand.

## SUMMARY OF ARGUMENT

As the Third Circuit makes clear in its recent opinion in this case, plaintiffs have asserted, and will present at trial, claims for compensatory damages, as well as their claims for unjust enrichment. *See Cantor*, 414 F.3d at 437 ("The Damage Claims"). In their brief, defendants never once mention the Third Circuit's decision nor the Third Circuit's description of the claims and issues to be tried.

Defendants also never mention that the Supreme Court of the United States has repeatedly held that compensatory damages are a "classic" form of legal relief. *Great-West Life & Annuity Insur. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (citing *Merten v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). Because plaintiffs assert claims for compensatory damages and because such damages are a form of legal relief, plaintiffs properly demanded a trial by jury.

Defendants rely on *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42 (1989), which holds that the nature of the claim and the nature of the relief must be balanced in determining whether a jury right exists pursuant to the Seventh Amendment. But defendants fail to mention that *Granfinanciera* unequivocally held that the second factor -- the nature of the relief sought -- is "more important" in the balance than the first. Indeed, in quoting from *Granfinanciera,* defendants inexplicably omit, without even an ellipsis, the crucial sentence stating that the second factor is more important than the first.

In cases decided after *Granfinanciera*, where plaintiffs assert claims for breach of fiduciary duty, federal courts determine whether there is a jury-trial right based on the nature of the relief sought. *See, e.g.*, *Pereira v. Farace*, 413 F.3d

2

330, 339-41 (2d Cir. 2005) (right to a jury trial where plaintiffs seek compensatory

damages); *see also In re Hechinger Inv. Co. of Del.*, 327 B.R. 537, 544 (D. Del.

2005) (distinguishing *Pereira* and holding no right to a jury where relief sought is

equitable).

Defendants argue that *Pereira* "has no bearing on this case" because

plaintiffs there sought only money damages.  (Def. Brief at 12.)  But defendants

ignore one of the bedrock principles of Seventh Amendment jurisprudence that

where, as here, legal and equitable claims are present in one action, the right to trial

by jury is paramount and must be preserved by requiring that common issues of fact

be tried to the jury before the court decides any strictly equitable claims.  *See, e.g.,*

*Ross v. Bernhard,* 39 U.S. 531, 537-38 (1970).

Defendants also argue that the Delaware Court of Chancery has broad

discretion to award any form of legal or equitable relief, without a jury.  But they

ignore the fact that the Seventh Amendment does not apply to the states.  *Gasperini v.*

*Center for the Humanities, Inc.*, 518 U.S. 415, 432 (1996).  Moreover, defendants do

not cite any Delaware (or federal) case holding that compensatory damages are

equitable, rather than legal relief.

Finally, defendants argue that because plaintiffs are successors to a

debtor in bankruptcy, plaintiffs waived their jury-trial right and/or plaintiffs' claims

fall within bankruptcy's "claim allowance process" as to which there is no jury-trial

right.  (Def. Brief at 12-14.)  Defendants do not mention that the *dicta* they rely on for

their waiver theory -- from the decision *In re Hallahan,* 936 F.2d 1496, 1505 n.10

(7th Cir. 1991) -- has been rejected or criticized by most other courts, including the

3

Third Circuit.  *See Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1251

(3d Cir. 1994) ("The waiver theory of *Hallahan*, rejected by *Jensen* [Fifth Circuit]

and *Germain* [Second Circuit], raises as many questions as it answers.").  Moreover,

defendants cite no authority remotely suggesting that breach-of-fiduciary-duty claims

by a litigation trust, seeking a recovery on behalf of former creditors and

shareholders, could possibly be viewed as part of the claims allowance process.

Defendants simply ignore the many cases establishing that an action such as this,

brought to augment the bankruptcy estate or a litigation trust, is clearly not part of the

claims allowance process.

Plaintiffs respectfully submit that they are entitled to a trial by jury at

least with respect to their claims for compensatory damages, and thus defendants'

motion should be denied.

# ARGUMENT

## I.

### PLAINTIFFS HAVE ASSERTED LEGAL CLAIMS FOR COMPENSATORY DAMAGES AS TO WHICH THEY HAVE A RIGHT TO A JURY TRIAL

Plaintiffs have asserted both claims for unjust enrichment and legal claims for compensatory damages. For example, "Part B" of the Third Circuit's decision is entitled "The Damage Claims." *Cantor*, 414 F.3d at 437. Plaintiffs' damage claims, as described by the Third Circuit, will entail resolution of various disputed issues of fact, such as whether defendants' breaches of fiduciary duty caused injury to Marvel, and the amount of damages required to compensate Marvel for such injury. *Id.* at 437-38.

In cases involving claims for compensatory damages arising out of a breach of fiduciary duty, numerous courts have affirmed the right to a jury trial under the Seventh Amendment. *See, e.g.*, *Pereira*, 413 F.3d at 339-41; *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 638-43 (S.D.N.Y. 2005); *Resnick v. Resnick*, 763 F. Supp. 760, 767-68 (S.D.N.Y. 1991); *In re Globe Parcel Serv., Inc.*, 75 B.R. 381, 385 (E.D. Pa. 1987); *In re RDM Sports Group, Inc.*, 260 B.R. 915, 919-20 (Bankr. N.D. Ga. 2001); *In re Lands End Leasing, Inc.*, 193 B.R. 426, 432-33 (Bankr. D.N.J. 1996); *In re Lee Way Holding Co.*, 118 B.R. 544, 549 (Bankr. S.D. Ohio 1990); *see also Miller v. Weber (In re Anchor/Davis-Jay Container Co.)*, Bankr. No. 92-11720S, Adv. No. 93-0042S, 1993 WL 119818, at *2 (Bankr. E.D. Pa. Apr. 15, 1993). Plaintiffs here are similarly entitled to a jury trial of their damage claims.

Defendants contend that this case is different from *Pereira* because the plaintiff there "sought only money damages." (Def. Brief at 12.) But that is a

distinction without a difference.  Defendants are suggesting that plaintiffs' claims for

unjust enrichment deprive them of a jury trial as to all claims, legal or equitable.  The

Supreme Court rejected that argument long ago.  "[W]here equitable and legal claims

are joined in the same action, there is a right to jury trial on the legal claims which

must not be infringed either by trying the legal issues as incidental to the equitable

ones or by a court trial of a common issue existing between the claims."  *Ross,* 396

U.S. at 537-38; *see also Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974).  Plaintiffs

are therefore entitled to a have a jury decide whether they are entitled to

compensatory damages, even if they are also seeking equitable remedies.  *See*

*Resnick*, 763 F. Supp. at 767-68 (denying jury trial for disgorgement and restitution,

granting jury trial for compensatory and punitive damages).[1]

       Defendants do not cite a single case denying a jury where

compensatory damages were sought for a breach of fiduciary duty.[2]  Instead, they

---

[1] Although the Court does not need to reach the issue at this time, plaintiffs may be
independently entitled to a jury trial on their claims for unjust enrichment.  *See Great-West*,
534 U.S. at 212-18 (where plaintiff seeks to impose personal liability on defendant and does
not seek particular funds or property in defendant's possession, restitution claim is legal); *see
also* the decision of the Third Circuit in this action.  In holding that plaintiffs' unjust
enrichment claims are not barred by the statute of limitations, the Third Circuit explained that
"an action in the Court of Chancery for damages or other relief which is legal in nature is
subject to the statute of limitations rather than the equitable doctrine of laches," *Cantor*, 414
F.3d at 439 (quoting *Laventhal, Krekstein, Horwath & Horwath v. Tuchman*, 372 A.2d 168
(Del. 1976)) -- but then held that where the claim is that a fiduciary has enriched himself by
breaching his fiduciary duty, the defense of the statute of limitations is unavailable.  In other
words, because of the relief sought, the unjust enrichment claim here may be legal rather than
equitable and thus subject to trial by jury, even though the statute of limitations defense that
ordinarily applies to legal claims is not available to defendants as a matter of state law.

[2] *See Dardovitch v. Haltzman*, 190 F.3d 125, 133, n.1 (3d Cir. 1999) (accounting);
*Hatco Corp. v. W.R. Grace & Co.*, 59 F.3d 400, 413 (3d Cir. 1995) (contribution); *In re
Evangelist*, 760 F.2d 27, 29-30 (1st Cir. 1985) (accounting, restitution); *In re Hechinger*, 327
B.R. at 544 (damages are restitutionary in nature); *Standard Chlorine of Del., Inc. v.
Sinibaldi*, 821 F. Supp. 232, 254-55 (D. Del. 1992) (accounting and constructive trust);

point to Delaware state-court decisions holding that the Delaware Court of Chancery (a court of equity) has broad discretion to fashion an appropriate remedy for a breach of fiduciary duty (including, compensatory damages).[3]  From those cases, defendants argue that any remedy for a breach of fiduciary duty is necessarily equitable in nature. (*See* Def. Brief at 9-11.)  That argument is not correct.

To begin with, the Court of Chancery can award legal relief without affording a jury-trial right to any party because the Seventh Amendment does not apply to proceedings in state courts.  *Gasperini*, 518 U.S. at 432.  Moreover, the right to a jury trial -- even with respect to state-law claims -- is a matter of federal, not state, law.  *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("the characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law"); *see also Great-West*, 534 U.S. at 212-14 (distinguishing between legal and equitable remedies); *Pereira*, 413 F.3d at 339-41 (compensatory damages for breach-of-fiduciary-duty claim under Delaware law are legal remedy entitled to jury trial).

---

*Gilliken v. Hughes*, 609 F. Supp. 178, 179 (D. Del. 1985) (ERISA claim for accrued benefits); *In re Carter Paper Co.*, 220 B.R. 276, 306 (Bankr. M.D. La. 1998) (restitution).  *In re Crowe Rope Indus., LLC*, 307 B.R. 1, at *5 (Bankr. D. Me. 2004) did not discuss the nature of the monetary remedy sought, but rather relied upon the notion that courts of equity could also award damages.  That conclusion is at odds with the Supreme Court's admonition that a legal claim is not "magically" converted into an equitable claim simply because it is presented to a court of equity.  *Granfinanciera*, 492 U.S. at 52 (quoting *Ross,* 396 U.S. at 538).

[3] *See Cantor Fitzgerald, L.P. v. Cantor*, No. 16297, 2003 WL 21488707, at *1 (Del. Ch. June 19, 2003); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 176-77 (Del. Ch. 2002); *Cantor Fitzgerald, L.P. v. Cantor*, No. 16297, 2001 WL 536911, at *5 (Del. Ch. May 11, 2001); *Cantor Fitzgerald, L.P. v. Cantor*, No. 16297, 2000 WL 307370, at* 28-32 (Del. Ch. Mar. 13, 2000); *HMG/Courtland Props., Inc. v. Gray*, 749 A.2d 94, 122-23 (Del. Ch. 1999); *Ryan v. Tad's Enters., Inc.*, 709 A.2d 682, 699 (Del. Ch. 1996).

7

In addition, none of the Delaware cases relied upon by defendants actually hold that compensatory damages are an equitable, rather than legal, remedy. The issue rarely if ever arises under Delaware law because the Court of Chancery has the power to award both legal and equitable relief. That said, the Delaware courts recognize that when the Court of Chancery awards compensatory damages, it is awarding legal relief. "While a court of equity has no jurisdiction to entertain a suit brought purely for *compensatory damages, those being awarded at law*, it may nevertheless award compensatory damages as a part of the final relief in a cause over which it admittedly has jurisdiction." *Hogg v. Walker*, 622 A.2d 648, 654 (Del. 1993) (emphasis added) (quoting *Tull v. Turek*, 147 A.2d 658, 664 (Del. 1958) (Court of Chancery may "award relief not necessarily of purely equitable nature")). In sum, the fact that the Court of Chancery might also award compensatory damages in appropriate cases does not change the legal character of that relief. "Legal claims are not magically converted into equitable issues by their presentation to a court of equity." *Granfinanciera*, 492 U.S. at 52 (quoting *Ross*, 396 U.S. at 538). *A fortiori,* plaintiffs' claims here for compensatory damages do not "magically" become equitable and lose their right to a jury trial simply because they might have been decided by the Court of Chancery had this action been filed in a Delaware state court, rather than a federal court.

8

## II.

## DEFENDANTS' ANALYSIS OF THE FIRST AND SECOND *GRANFINANCIERA* FACTORS IS INCOMPLETE AND MISLEADING

In *Granfinanciera*, the Supreme Court set out the test that federal courts must follow in order to determine whether a party is entitled to a jury trial under the Seventh Amendment. First, a court must compare the current action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. 492 U.S. at 42. Second, a court must examine the actual remedy sought and determine whether it is legal or equitable in nature. *Id.* According to the Supreme Court, "[t]he second stage of this analysis is more important than the first." *Id.*

Defendants correctly note that the first two *Granfinanciera* factors *(i.e.,* whether the comparable 18th-century form of action would be legal or equitable and whether the remedy sought would be legal or equitable) "are balanced together." (Def. Brief at 6.) But defendants omit to mention anywhere in their brief that the Supreme Court of the United States has unequivocally held that the second factor -- the nature of the remedy sought -- is "more important" in the balance than the first. Indeed, defendants quote, in the very first paragraph of their argument, the Supreme Court's explanation of the balancing test, yet they omit the crucial sentence -- without an ellipsis or any other hint of an omission.

Specifically, defendants purport to quote from *Granfinanciera* but inexplicably omit the sentence that we have set forth in bold:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we

> examine the remedy sought and determine whether it is legal or equitable in nature. **The second stage of this analysis is more important than the first.** If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

(*Compare* Def. Brief at 2 *with Granfinanciera*, 492 U.S. at 42 (citation omitted).)

Under *Granfinanciera,* in light of the greater weight accorded the second factor and because plaintiffs here seek compensatory damages, plaintiffs are entitled to trial by jury. This conclusion is confirmed by the decision of Judge Robinson in *In re Hechinger,* 327 B.R. 537, one of the cases relied on by defendants. Judge Robinson explains that the plaintiffs in that case were not entitled to a jury trial because the remedy requested was equitable. Judge Robinson distinguishes the Second Circuit's *Pereira* decision -- in which plaintiffs were held to be entitled to a jury trial on their claim for breach of fiduciary duty -- solely on the basis of the remedy sought there, *i.e.*, compensatory damages. *Id.* at 545. In other words, in cases involving claims for breach of fiduciary duty, the nature of the remedy sought -- the second *Granfinanciera* factor -- controls the outcome of the Seventh Amendment analysis. The plaintiffs in *Pereira* were entitled to a trial by jury because the relief requested was legal -- *i.e.*, compensatory damages -- rather than equitable as in *In re Hechinger*. Here, as in *Pereira*, plaintiffs have asserted a claim for compensatory damages, and accordingly are entitled to a jury trial.

**III.**

**PLAINTIFFS' CLAIMS ARE NOT PART OF THE
PROCESS OF ALLOWANCE AND DISALLOWANCE OF
CLAIMS AGAINST THE BANKRUPT MARVEL ESTATE**

Under the third *Granfinanciera* factor, courts have held that the

Seventh Amendment right to a jury may be abrogated when the issue to be tried is

"part of the process of allowance and disallowance of claims" asserted against a

bankrupt. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1252-53 (3d

Cir. 1994); *see also Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir.

1993); *In re Hechinger*, 327 B.R. at 545-46 (quoting *Billing*, 22 F.3d at 1252). "The

very phrase 'claims-allowance process' suggests that the resolution of the dispute in

which a jury trial is sought must affect the allowance of the creditor's claim in order

to be part of that process." *Germain*, 988 F.2d at 1327. For example, in *Billing*, the

debtors' malpractice lawsuit against their former counsel "mirror[ed]" their

objections to the attorneys' claim for fees and had to be resolved before the attorneys'

claim against the estate could be adjudicated. 22 F.3d at 1252.[4] In such

circumstances, the claim is "converted from a legal one into an equitable dispute over

a share of the estate." *Id.* at 1253.

On the other hand, if the dispute is not part of the claims-allowance

process or does not affect the hierarchical reordering of creditors' claims, then the

right to a jury trial remains intact. *See, e.g.*, *Germain*, 988 F.2d at 1327-30; *In re*

---

[4] The Third Circuit also emphasized that "the award of attorney's fees to counsel
appointed by the bankruptcy court lies at the heart of the court's equitable jurisdiction." *Id.* at
1253.

*Jensen*, 946 F.2d 369, 374 (5th Cir. 1991), abrogated on other grounds by *Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992); *In re Franklin Towne Lodge Ltd. P'ship*, Civ. A. No. 91-2702, 1992 WL 357531, at *3 (E.D. Pa. Nov. 25, 1992); *In re RDM Sports Group, Inc.*, 260 B.R. at 925. Such is the case here. Defendants do not contend that the outcome of this litigation will result in or affect the allowance or disallowance of any claims against the Marvel bankruptcy estate, or re-order the hierarchy of Marvel's creditors. Indeed, plaintiffs believe that the claims allowance process in the Marvel bankruptcy concluded quite some time ago.

Defendants attempt to shoe-horn this case into *Billing* by arguing that "[p]laintiffs' claims fall within 'the claims allowance process' because the Mafco Litigation Trust succeeded to Marvel's rights under the terms of Marvel's bankruptcy plan for the express purpose of partially satisfying the claims of Marvel's unsecured creditors and former equity holders." (Def. Brief at 14.)

That argument is contrary to logic and precedent. Claims that have nothing to do with the claims-allowance process do not lose the protection of the Seventh Amendment just because a recovery may augment the resources available to creditors of a bankruptcy estate (or, as here, former creditors who are now beneficiaries of a litigation trust). In analyzing a similar situation, the Second Circuit wrote: "The Trustee asks for money damages to compensate the estate for the destruction of the debtor's business. If he wins, the estate is enlarged, and this may affect the *amount* the . . . creditors ultimately recover on their claims, but it has no effect whatever on the *allowance* of [a creditor's] claims." *Germain*, 988 F.2d at 1327; *see also In re Jensen*, 946 F.2d at 374 (claims "brought by the debtor (in

possession) against non-creditor third parties to augment the bankruptcy estate"

entitled to jury trial); *Beard v. Braunstein*, 914 F.2d 434, 441 (3d Cir. 1990) (action

that "augment[s] the bankruptcy estate" is entitled to jury trial); *In re Franklin Towne*

*Lodge Ltd. P'ship*, 1992 WL 357531, at *3 (claims "brought with the hope of

augmenting the bankrupt estate" entitled to jury trial); *In re RDM Sports Group, Inc.*,

260 B.R. at 925 (claims asserted "to generate funds for distribution to creditors"

entitled to jury trial); *cf. Granfinanciera*, 492 U.S. at 56 (contrasting claims that

merely "augment" the bankruptcy estate with claims that affect the "hierarchical[]

order[]" of creditors).  By the same logic, the fact that any recovery in this action will

be distributed to the beneficiaries of the MAFCO Litigation Trust (Marvel's former

unsecured creditors and equity holders) does not affect the allowance of any claims,

or impair plaintiffs' right to a jury trial under the Seventh Amendment.

## IV.

### PLAINTIFFS HAVE NOT WAIVED THEIR RIGHT TO A JURY TRIAL

In *In re Hallahan*, a case relied on by defendants, the court held that a

debtor in bankruptcy was not entitled to a jury trial on the issue of whether he could

be discharged from his obligations to his creditors under 11 U.S.C. § 523(a)(6).[5]  In

dicta, the court said that the debtor, by filing a bankruptcy petition, had waived his

right to a jury trial on the dischargeability issue.  936 F.2d at 1505 n.10.  Defendants

argue that this holding should be read broadly to mean that any debtor has waived all

---

[5] This statute provides, in part, that "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

rights to a jury trial when he files his bankruptcy petition. Defendants contend that this "waiver" extends to any claim asserted by a debtor and any assignee or successor of any debtor. Thus, defendants argue that plaintiffs here have waived their right to a jury on any claim (including the claims against defendants) because Marvel (albeit under defendants' control) filed for bankruptcy protection. (Def. Brief at 12-13.)

This "waiver" theory advanced by defendants has been rejected or criticized by most other courts, including the Third Circuit. *See Billing*, 22 F.3d at 1251 ("The waiver theory of *Hallahan*, rejected by *Jensen* and *Germain*, raises as many questions as it answers."). The Third Circuit has explained that a litigant does not lose its jury right simply by submitting to the jurisdiction of the bankruptcy courts, but loses this right only where the litigant's claim also "triggers the claims-allowance process." *Id.* at 1251-52; *see id.* at 1253 ("The debtors have no Seventh Amendment right to trial by jury, not because of specific waiver of Seventh Amendment rights, but because their claim has been converted from a legal one into an equitable dispute over a share of the estate.").

Moreover, no court -- including *Hallahan* -- has applied the "waiver" theory as broadly as defendants would. Consistent with *Billing*, courts have only applied the "waiver" theory where the issue was part of the claims-allowance process, *see, e.g., In re Hallahan*, 936 F.2d at 1498-99 (adversary proceeding and proof of claim involve same issues), and they have rejected the "waiver" argument when the

14

issue was not, *see, e.g., In re Crowe*, 307 B.R. at 3-4 (alleged misconduct unrelated to claims against bankrupt estate).[6]

## CONCLUSION

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved. . . ." U.S. Const. amend. VII. The Supreme Court of the United States has proclaimed: "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). The Supreme Court has consistently interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights *alone* were recognized, and equitable remedies were administered." *Granfinanciera*, 492 U.S. at 41 (emphasis on "alone" added, quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)).

Defendants ignore these fundamental principles. Defendants ask this Court to curtail the constitutional right to a jury trial, as no court has ever done before -- a curtailment that would be as improper as it is unprecedented. For the foregoing

---

[6] If defendants' waiver theory were correct, Judge Robinson in *In re Hechinger* would not have needed to analyze plaintiffs' claims for breach of fiduciary duty and fraudulent conveyance to determine whether they were legal or equitable; Judge Robinson would have simply held that a successor to a debtor in bankruptcy has waived all jury-trial rights. This is clearly not the law.

reasons, defendants' motion to strike plaintiffs' jury demand should be denied.

                                        ASHBY & GEDDES

                                        */s/ Tiffany Geyer Lydon*
                                        _____
                                        Lawrence C. Ashby (I.D. 468)
                                        Philip Trainer, Jr. (I.D. 2788)
                                        Tiffany Geyer Lydon (I.D. 3950)
                                        222 Delaware Avenue, 17th Floor
                                        Wilmington, Delaware 19899
                                        (302) 654-1888
                                        lashby@ashby-geddes.com
*Of Counsel:*                           ptrainer@ashby-geddes.com
                                        tlydon@ashby-geddes.com
Edward A. Friedman
Andrew W. Goldwater                     *Attorneys for Plaintiffs*
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
FRIEDMAN KAPLAN SEILER
        & ADELMAN LLP
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

Dated:  November 23, 2005

163959.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of November, 2005, I electronically filed

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO**

**STRIKE PLAINTIFFS' JURY DEMAND** with the Clerk of Court using CM/ECF

which will send notification of such filing to the following:

> Anthony W. Clark, Esquire
> Skadden Arps Slate Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE 19899

*/s/ Tiffany Geyer Lydon*

_____

Tiffany Geyer Lydon