# D

Westlaw.

Not Reported in B.R.                                                              Page 1
Not Reported in B.R., 1993 WL 119818 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

Only the Westlaw citation is currently available.
United States Bankruptcy Court, E.D. Pennsylvania.
In re ANCHOR/DAVIS-JAY CONTAINER
COMPANY, A Partnership, f/d/b/a Anchor Container
Corporation, Debtor.
Mitchell W. MILLER, Trustee, Plaintiff,
v.
Glenn L. WEBER, Charles Davis, G. Linton Weber,
Jr., and Jay Tessler, Rotterdam, Inc., AK Corrugated,
Inc., Defendants.
**Bankruptcy No. 92-11720S.**
**Adv.No. 93-0042S.**

April 15, 1993.

Mitchell W. MIller, Miller & Miller, Philadelphia,
PA, Trustee.
Michael D. Brofman, Mead, NY, for Trustee.
Athena Skaleris, Philadelphia, PA, for Defendants
Glenn L. Weber, G. Linto Weber, Jr., Charles Davis,
Rotterdam, Inc.
Richard L. Bazelon, Philadelphia, PA, for defendants
Jay Tessler, AK Corrugated, Inc.
Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

ORDER/MEMORANDUM

David A. SCHOLL, Bankruptcy Judge.
*1 AND NOW, this 15th day of April, 1993, upon
consideration of the Briefs of the parties regarding
their positions as to whether this proceeding is core
or non-core and whether the Defendants are entitled
to a jury trial, in accordance with our Order of March
17, 1993, it is hereby ORDERED as follows:

1. This proceeding is determined to be a non-core
proceeding in which the Defendants do have a right
to a jury trial.

2. If the Defendants wish to pursue their demand for
a jury trial, they shall file and serve upon the other
interested parties and the court in chambers a motion
requesting withdrawal of the reference of this
proceeding to the district court on or before April 23,
1993. However, if they do not do so, their jury
demands will be deemed waived and this case will be
forthwith scheduled for a non-jury trial before this
court, per the request of the parties.

3. If no such motion is timely filed and served, the
parties are requested to inform the court by letter, on
or before April 30, 1993, either by agreement or
individually, whether they will consent to this court
determining this proceeding, per 28 U.S.C. §
157(c)(2) and a proposed schedule for completion of
discovery and trial of this proceeding.

4. Any dispositive motions and Briefs supporting
same shall be filed and served on or before April 30,
1993, and answered on or before May 21, 1993.

5. The original copy of any matters filed pursuant to
paragraphs 2, 3, and 4 shall be filed with the Clerk of
this Court and copies sent to opposing counsel and
delivered to the Court on or before 4:30 P.M. on the
respective dates indicated at the following address:
The Honorable David A. Scholl
United States Bankruptcy Judge
3722 United States Court House
601 Market Street
Philadelphia, PA 19106-1763

This proceeding is directed at conduct of the
Defendants, all of which admittedly occurred during
the pendency of a prior involuntary case of the
Debtor, at Bankr. No. 91-11697S, which was
ultimately dismissed on December 18, 1991. The
instant involuntary case was subsequently filed on
March 24, 1992. Therefore, it is clear that all of the
conduct of the Defendants challenged in this
proceeding occurred pre-petition as to the instant
case.

Although reaching this conclusion, we have given
serious consideration to the issue of whether conduct
which occurs in violation of the Bankruptcy Code in
a prior bankruptcy case should, for the reason that it
arises under the Code, be considered core in a
subsequent case. For example, we carefully
reviewed the decision in In re Schwartz, 954 F.2d
569 (9th Cir.1992), in which a violation of the
automatic stay in a prior bankruptcy case was
litigated, apparently as a core proceeding, in a
subsequent bankruptcy case. However, the matter at
issue in that case was apparently deemed to be core
solely because it arose in the context of claims
litigation. See 28 U.S.C. § 157(b)(2)(B). There is
no reason why a non-bankruptcy court cannot hear
claims which arise from violations of the Code in a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.
Not Reported in B.R., 1993 WL 119818 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

Page 2

bankruptcy case. In fact, a bankruptcy court may lack jurisdiction to hear such claims if they are raised after a case is closed or the issue would not otherwise affect the debtor's estate. Therefore, we conclude that allegations which arguably relate to violations of the Code in the Debtor's prior case do not render this proceeding core.

**\*2** In all other respects, the matter clearly appears to be non-core. In *Beard v. Braunstein*, 914 F.2d 434, 443-44 (3d Cir.1990), the court found a proceeding in which allegations of both pre-petition and post-petition breaches of pre-petition contracts were at issue was non-core. Since this proceeding presents exclusively pre-petition claims in a matter too complex to allow it to be categorized as a "garden variety accounts receivable proceeding," it is clear that this proceeding is non-core. *Compare In re A.I.A. Industries, Inc.*, 75 B.R. 1013, 1017-18 (Bankr.E.D.Pa.1987), *with In re Lila, Inc.*, 133 B.R. 588, 590 (Bankr.E.D.Pa.1991); and *In re Windsor Communications Group, Inc.*, 67 B.R. 692 (Bankr.E.D.Pa.1986). *See In re West Coast Video Enterprises, Inc.*, 145 B.R. 484, 487 (Bankr.E.D.Pa.1992).

Since this proceeding is non-core, the Defendants' jury trial demand, if proper, would make it impossible for this court to try this proceeding. *Beard, supra*, 914 F.2d at 442-43; and *West Coast, supra*, 145 B.R. at 487.

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. at 42-64 (1989), the Court proposed a three-prong test for determining whether a jury trial must be provided upon demand in a bankruptcy matter, *i.e.*, whether (1) the nature of the action would have been "at law" under the 18th-century practice in effect when the Seventh Amendment was enacted; (2) the remedy sought is legal in nature; and (3) "private" rights as opposed to "public" rights are in issue.

*In re Brenner*, 119 B.R. 495, 496 (Bankr.E.D.Pa.1990).

The Complaint in this proceeding recites four Counts, all of which seek, at least in part, monetary damages for the Defendants' alleged breaches of fiduciary duties. We recognize that some of the Plaintiff's claims are equitable in nature and hence not in themselves susceptible to a jury demand. However, because of the presence of certain legal claims, which meet the three-pronged *Granfinanciera* criteria, this entire proceeding, as presently constituted, is subject to trial by jury. *See Dairy Queen, Inc. v. Wood*, 369

U.S. 469, 477-79 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508-11 (1959); and *In re Numedco, Inc.*, 1991 WL 91092, slip op. at \*1 (Bankr.E.D.Pa. May 29, 1991).

Our conclusion that this is a non-core proceeding in which a jury trial has been demanded mandates that we refrain from trying this matter in its present posture. However, we would observe that, if it were able, this court would promptly try the matter, although it is not presently listed for trial, and it may result in considerably greater costs and delay to all parties, including the Defendants, if this court is not able to try this case. In order to measure the Defendants' actual desire for such a proceeding, we will further order that the Defendants must promptly move to withdraw the reference of this proceeding to the district court and that, if the Defendants fail to do so, their right to a jury trial will be deemed waived. *See In re Latimer*, 918 F.2d 136, 137 (10th Cir.1990), *cert. denied*, 112 S.Ct. 186 (1991); and *West Coast, supra*, 145 B.R. at 489.

**\*3** We also note, as we did at *id.*, that a possibility also exists that one of the parties may file a dispositive motion, which this court would, subject to the supervision of the district court, be empowered to decide, as in *In re Lloyd's Securities*, 1992 WL 119363, slip op. at \*4 (Bankr.E.D.Pa. May 21, 1992), *recommendation adopted*, 1993 WL 22256 (E.D.Pa. Feb. 25, 1993) (proceeding decided on debtor's motion for summary judgment). *See also Business Communications, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D.Ill.1991); *In re Adelphi Institute, Inc.*, 112 B.R. 534, 539 (S.D.N.Y.1990); *City Fire Equipment Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 648-50 (Bankr.D.Conn.1990). This court would also be a resource to conduct settlement conferences in this proceeding. *Lloyd, supra*, at \*12, \*13. But, of course, our role would be determined by the district court. *See West Coast, supra*, 145 B.R. at 489.

For the foregoing reasons, we enter the within Order.

Bkrtcy.E.D.Pa.,1993.
In re Anchor/Davis-Jay Container Co.
Not Reported in B.R., 1993 WL 119818 (Bkrtcy.E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# E

Westlaw.

Not Reported in F.Supp.                                                                                    Page 1
Not Reported in F.Supp., 1992 WL 357531 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
In re FRANKLIN TOWNE LODGE LIMITED
PARTNERSHIP, d/b/a Quality Inn Center City.
FEDOR CORPORATION, trading as Franklin
Towne Lodge Limited Partnership, d/b/a Quality Inn
Center City
v.
COHEN, SHAPIRO, POLISHER, SHIEKMAN &
COHEN
v.
Lawrence GOLDBERG, Esquire and Goldberg and
Dickman, P.C.
Bankruptcy No. 90-12608S.
Adversary No. 91-00955.
Civ. A. No. 91-2702.

Nov. 25, 1992.

Joseph F. Roda, Ronald C. Messmann, Joseph F.
Roda, P.C., Lancaster, Pa., for Fedor Corporation
d/b/a Franklin Towne Ledge Limited d/b/a Quality
Inn Center City.
Michael Fallon Brown, Alfred W. Putnam, Jr.,
Drinker, Biddle & Reath, Joseph F. Riga,
Philadelphia, Pa., for Cohen, Shapiro, Polisher,
Shiekman & Cohen.
James B. Dougherty, Jr., Carl Anthony Maio,
Margolis, Edelstein, Scherlis, Sarowitz & Kraemer,
Philadelphia, Pa., for Lawrence Goldberg.

MEMORANDUM and ORDER

BECHTLE, Chief Judge.
*1 Presently before the court is the motion of
defendant Cohen, Shapiro, Polisher, Shiekman &
Cohen ("Cohen, Shapiro") to strike plaintiff's demand
for a jury trial.   For the reasons set forth below,
defendant's motion will be denied.

Background

In this case, the Fedor Corporation ("Fedor"), trading
as Franklin Towne Lodge Limited Partnership,
employed the services of Cohen, Shapiro in its effort
to secure a bond refinancing from Home Unity
Savings Bank ("Home Unity") for a property owned
by Fedor.

On June 25, 1990, Fedor filed a voluntary petition for
bankruptcy under Chapter 11 of the United States
Bankruptcy Code.   Thereafter, on February 4, 1991,
Fedor initiated an adversary proceeding against
Cohen, Shapiro by filing a complaint with the
bankruptcy court alleging breach of contract and
legal malpractice.   Fedor's complaint alleges that
Cohen, Shapiro failed in its duty to provide in a
timely manner an environmental report that was
necessary to secure Home Unity's commitment to
refinance the bond and that such failure was a factor
in Home Unity's decision to deny refinancing.

On February 12, 1991, Fedor filed an amended
complaint, which incorporated the original complaint
by reference and also contained an expanded
statement of jurisdiction pursuant to Bankruptcy Rule
7008(a).   Both the complaint and amended complaint
included a demand for a jury trial.

On or about March 5, 1991, Fedor filed a motion
with the bankruptcy court seeking to have the
reference of its adversary proceeding withdrawn and
to have the action reassigned to the district court
pursuant to 28 U.S.C. § 157(d).   Fedor's unopposed
motion to withdraw the reference was granted, and
the adversary proceeding was assigned to this court.

Discussion

To determine whether the Seventh Amendment right
to a jury trial attaches to a particular claim, the court
must conduct an examination into the historical
treatment of the plaintiff's claims at common law.
FN1 Ross v. Bernhard, 396 U.S. 531, 542-43 (1970).
In addition, the court, in order to ascertain whether a
proceeding is brought at law or lies in equity, must
examine the nature of the remedies sought, resolving
all ambiguities in favor of providing a jury trial.   Id.

The pleadings, in this case, contain no claims for
equitable relief, but, rather, assert only monetary
damages for breach of contract and legal malpractice.
See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-78
(1962).   A claim for breach of contract was
customarily treated as legal in nature.   Id. at 479.
Moreover, a claim for legal malpractice is
traditionally considered an action at law and thus the
Seventh Amendment applies.   See Hodgeson v.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 357531 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Page 2

*Bigelow,* 7 A.2d 338, 342 (Pa.1939) (professional malpractice is grounded in common law negligence principles); *Brennan v. Reed, Smith, Shaw & McClay,* 450 A.2d 740, 747 (Pa.Super.1982) (legal malpractice liability to be determined upon common law negligence theories). Fedor, therefore, absent an express waiver, would have a Seventh Amendment right to a jury trial on its state law claims brought in this adversary proceeding.

*2 The crux of Cohen, Shapiro's argument, however, is that a debtor, who files an adversary proceeding in bankruptcy court, simply waives its Seventh Amendment right to a jury trial solely on the basis that the debtor initiated the petition or adversary proceeding in the bankruptcy court. In support of this argument, Cohen, Shapiro cites to *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989), in which the Supreme Court explained that by filing a claim against a bankruptcy estate, a creditor triggers the "process of allowance and disallowance of claims" that is integral to the restructuring of debtor-creditor relations, thereby subjecting himself to the bankruptcy court's equitable power. *Id.* at 58 and 59 n. 14. *See also Langenkamp v. Culp,* 498 U.S. 42 (1990) (claims against bankruptcy estate are integral to restructuring of debtor-creditor relationship through bankruptcy court's equity jurisdiction and thus no right to jury trial exists). By consenting to the equity jurisdiction of the bankruptcy court, the Supreme Court ruled that the creditor waived its right to a jury trial.

Cohen, Shapiro argues that the "waiver" principle of *Granfinanciera* FN2 should logically apply to a debtor who files a petition in bankruptcy court and then subsequently brings an adversary proceeding alleging state law claims. In specific, Cohen, Shapiro cites to *In re Haile,* 132 B.R. 979 (Bkrtcy.S.D.Ga.1991), where the court held that the debtor voluntarily selected the bankruptcy court rather than state court and thereby waived its right to a jury trial. *Id.* at 980-81. To support its ruling, the *Haile* court applied the "waiver" principle of *Granfinanciera* and *Langenkamp* to a debtor who had filed an adversary proceeding alleging state law claims. *Id.* Other courts have similarly ruled that a party, whether a creditor or debtor, waives its right to a jury trial solely on the basis of having submitted itself to the equity jurisdiction of the bankruptcy court. *See, e.g., Matter of Hallahan,* 936 F.2d 1496 (7th Cir.1991) (debtor, who voluntarily filed for bankruptcy, has no right to a jury trial where he is a defendant in an adversary proceeding brought by plaintiff creditor).

However, Cohen, Shapiro, the *Haile* court and the other decisions cited by Cohen, Shapiro in its motion, fail to acknowledge that the Supreme Court in *Granfinanciera* and *Langenkamp* found no Seventh Amendment right to a jury because the claims asserted by the creditor were "integral to the restructuring of the debtor-creditor relations," and thus uniquely within the equity jurisdiction of the bankruptcy court. *See Granfinanciera,* 492 U.S. at 58; *Langenkamp,* 498 U.S. at 43-44. Other courts have recognized this principle underlying the Supreme Court decisions. *See, e.g., In re Glen Eagle Square, Inc.* 132 B.R. 106, 112 (Bkrtcy.E.D.Pa.1991) ("the filing of a proof of claim constitutes a creditor's complete submission to bankruptcy court jurisdiction"); *In re McLaren,* 129 B.R. 480, 483 (Bkrtcy.N.D. Ohio 1991) (debtor not entitled to jury trial where creditor sought determination that claims were non-dischargeable and such determination was integral to restructuring of debtor-creditor relations); *In re Marshland Dev., Inc.,* 129 B.R. 626, 630 (Bkrtcy.N.D.Cal.1991) ("adversary proceeding was the functional equivalent of a claims objection proceeding, and thus involves public rights rather than private rights"); *In re Lion Country Safari, Inc.,* 124 B.R. 566, 572 (Bkrtcy.N.D.Cal.1991) (debtor voluntarily submitted to equitable jurisdiction of bankruptcy court to adjust debtor's financial relations with its creditors).

*3 In contrast, this adversary proceeding is not equitable in nature, but rather, asserts an action at law. Both parties agree that the adversary proceeding involves non-core related issues, defined by 28 U.S.C. § 157(c), that was brought with the hope of augmenting the bankrupt estate. The claims presented by the adversary proceeding in this case are not "integral to the restructuring of the debtor-creditor relations." Moreover, the adversary proceeding presently before the court does not involve "public rights" that are part of a public regulatory scheme whose adjudication Congress has assigned to a specialized court of equity, but rather, private rights that involve a dispute between private parties, Fedor and Cohen, Shapiro. *See Granfinanciera,* 492 U.S. at 51 n. 8 and 55 n. 10. By asserting its private rights, Fedor has not implicitly waived its jury right by commencing an adversary proceeding in the bankruptcy court, as legal claims cannot be magically converted into equitable claims by their presentation to a court of equity. FN3 *See Ross,* 396 U.S. at 538.

Nor has Fedor affirmatively waived its Seventh

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1992 WL 357531 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.)

Amendment right to a jury trial. There are significant constitutional concerns that govern a waiver of a constitutional right. *See Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 510 (1959) (courts must indulge in every reasonable presumption against waiver of Seventh Amendment right to jury trial); *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938) (waiver of a constitutional right must be knowing, voluntary, and intelligent). This court is not satisfied that those concerns have been answered.

Upon consideration of the constitutional issues, and the reasoning set forth above, this court is unwilling to hold that Fedor has waived its Seventh Amendment right to a jury trial for the state law claims brought in the adversary proceeding. These claims constitute actions at law that are not integral to the process of allowance and disallowance of claims. For these reasons, Cohen, Shapiro's motion is *denied.*

## ORDER

AND NOW, TO WIT, this 25th day of November, 1992, upon consideration of defendant's motion to strike plaintiff's demand for a jury trial, and plaintiff's response filed thereto, IT IS ORDERED that defendant's motion is *denied.*

FN1. The Seventh Amendment reads:
In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.

FN2. The *Granfinanciera* Court made an important distinction that the creditor did not waive his right to a jury trial as much as he consented to the equitable jurisdiction of the bankruptcy court to hear his claim as part of the claims allowance process. *Granfinanciera,* 492 U.S. at 59 n. 14.

FN3. Similarly, the United States Court of Appeals for the Fifth Circuit has affirmed this principle. In *In re Jensen,* 946 F.2d 369 (5th Cir.1991), the Fifth Circuit ruled that a debtor, by filing a petition in bankruptcy, does not waive its right to a jury trial for pre-petition state-law claims that are brought against a non-creditor third party to

augment the bankruptcy estate. *Id.* at 374. *Accord In re Globe Parcel Serv., Inc.,* 75 B.R. 381, 383 (Bkrtcy.E.D.Pa.1987) (forum chosen as an arena for litigation is not dispositive on issue of whether Seventh Amendment right to jury trial is waived).

The Fifth Circuit distinguished another Court of Appeals decision, *In re Hallahan,* 936 F.2d 1496 (7th Cir.1991), which was relied on by Cohen, Shapiro in its motion. The *Hallahan* court had ruled that a debtor was not entitled to a jury trial in an action brought by a creditor to determine the "dischargeability" of a debt. The court's holding was two-fold. First, *Hallahan* ruled that the dischargeability claim was "a type of equitable claim for which a party cannot obtain a jury trial." *Id.* at 1505. Second, *Hallahan* ruled that, even if the proceeding were to present a legal claim, the debtor, as a defendant to an action at law, would still not have a right to a jury trial because the debtor had voluntarily submitted the petition in bankruptcy court. *Id.*

The *Jensen* Court, though agreeing with *Hallahan's* result, disagreed with the second half of the *Hallahan* reasoning that the act of filing a petition in bankruptcy somehow waived the debtor's rights to a jury trial for any subsequent actions at law. Rather, *Jensen* held that the touchstone of whether a party waived its right to a jury trial is whether the proceedings are "integral to the restructuring of debtor-creditor relations" and, thus, intimately entwined with the bankruptcy court's equity jurisdiction. *Id. See also Ross v. Bernhard,* 396 U.S. 531, 538 (1970) ("The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.")

E.D.Pa.,1992.
In re Franklin Towne Lodge Ltd. Partnership
Not Reported in F.Supp., 1992 WL 357531 (E.D.Pa.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.