IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------x
RONALD CANTOR, et al.,                          :
                                                :
            Plaintiffs,                         :
                                                :    No. 97-CIV-586-KAJ
     v.                                         :
                                                :
RONALD O. PERELMAN, et al.,                     :
                                                :
            Defendants.                         :
------------------------------------------------x
```

## DECLARATION OF STEVEN L. FASMAN

I, Steven L. Fasman, declare under penalty of perjury as follows:

1. I am Senior Vice President-Law of MacAndrews & Forbes Inc. (formerly known as MacAndrews & Forbes Holdings Inc., "MacAndrews") and have been an employee of MacAndrews and in-house counsel for MacAndrews and various of its affiliates since 1992. If called to testify, I am competent to testify on all of the matters set forth in this declaration.

2. I have reviewed the documents identified on the Privilege Log of the Defendants as documents 5, 6, 10, 13-15, 21 and 22 to assess whether any of those documents were subject to an attorney-client privilege held by Marvel Entertainment Group, Inc. ("Marvel"). As explained below, none of those documents concerned legal advice provided to Marvel.

3. Document number 5 is a memorandum written by Joseph W. Halliday, Esq. and James M. Douglas, Esq., and transmitted to Alan Myers, Esq., who were all attorneys from Skadden, Arps, Slate, Meagher & Flom ("Skadden"). The memorandum analyzes legal issues relating to Marvel Holdings Inc.'s ("Holdings") purchase of stock. Plaintiffs apparently

identified this document as a Marvel document because Skadden at times represented Holdings and at other times represented Marvel. The advice in this memo concerned the legal rights of Holdings, not Marvel, and the Skadden lawyers were serving solely as attorneys for Holdings in providing the legal services reflected in this memo.

4. Document number 6 is a closing checklist related to the issuance of bonds by Holdings and related actions by Marvel (Parent) Holdings Inc. ("Parent"). The document concerns the legal rights of Holdings and Parent, not Marvel. Plaintiffs apparently identified this document as a Marvel document because it was drafted by Steven Isko, Esq., of Skadden. He was another lawyer who at times represented Marvel and at other times represented Holdings and Parent. In preparing this document, Isko was acting solely as advisor to Holdings and Parent.

5. Document number 10 is a fax from Eric D. Young, Esq. to Glenn Dickes, Esq., Gerry Kessel (an officer of Holdings) and Stacey Kanter, Esq. relating to a note offering by Holdings. This communication concerning a note offering by Holdings relates to the legal rights of Holdings, not Marvel. Plaintiffs apparently identified this document as a Marvel document because it was sent to Kanter, a Skadden attorney who occasionally represented Marvel and also represented Holdings. With respect to this communication, Kanter was acting solely on behalf of Holdings.

6. Documents numbered 13, 14, and 15 are memoranda sent to Irwin Engelman, then the Chief Financial Officer of both MacAndrews and Holdings by Glenn Dickes, Esq., in-house counsel at MacAndrews and Holdings. These memoranda concern legal advice relating to the beneficial ownership by MacAndrews and Holdings of Marvel shares. Plaintiffs apparently identified these documents as Marvel documents because they were sent to Donald G.

2

Drapkin, the Vice Chairman of MacAndrews and an officer of Holdings, who was also a director of Marvel. As these documents concern the legal rights and obligations of MacAndrews and Holdings and were sent to representatives of MacAndrews and Holdings for that purpose, not any legal right of Marvel, Drapkin received these memos in his capacity as an executive of MacAndrews and Holdings, not in his capacity as a director of Marvel. (All of the courtesy copy recipients were officers or other representatives of Holdings.) These documents are privileged, but the privilege is not Marvel's.

7. Document number 21 was sent by Gerry Kessel, an employee of MacAndrews and officer of Holdings, to Dickes, in-house counsel at MacAndrews and Holdings, for the purpose of receiving legal advice concerning MacAndrews' beneficial ownership of Marvel stock and the legal obligations of Holdings. Plaintiffs apparently identified the document as a Marvel document because it was provided to Isko of Skadden, who represented Marvel at times, while at other times represented Holdings, Parent and MacAndrews. This document does not concern the legal rights of Marvel, but concerns legal advice relating to the beneficial ownership by MacAndrews and Holdings of Marvel stock. Thus, Isko was acting solely in his capacity as lawyer to Holdings and MacAndrews in connection with this document.

8. Document number 22 is a facsimile sent by Isko to Laurence Winoker, an employee of MacAndrews and representative of Parent, concerning an SEC filing for Parent. As noted above, Isko occasionally represented Marvel, but he also provided legal services to Holdings, Parent and MacAndrews. With respect to this document – a communication to a Parent representative concerning a Parent filing – Isko was serving solely in his capacity as a lawyer to Parent and MacAndrews.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 6, 2005.

_____
Steven L. Fasman