IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------x

RONALD CANTOR, IVAN SNYDER and          :
JAMES A. SCARPONE, as TRUSTEES OF       :
THE MAFCO LITIGATION TRUST,             :
                                        :     No. 97-CIV-586-KAJ
              Plaintiffs,               :
                                        :
                                        :
          - against -                   :
                                        :
RONALD O. PERELMAN,                     :
MAFCO HOLDINGS INC.,                    :
MacANDREWS & FORBES HOLDINGS INC.,      :
ANDREWS GROUP INCORPORATED,             :
WILLIAM C. BEVINS and                   :
DONALD G. DRAPKIN,                      :
                                        :
              Defendants.               :
                                        :
--------------------------------------------------------------x

## PLAINTIFFS' REPLY BRIEF IN FURTHER
## SUPPORT OF THEIR MOTION TO COMPEL
## THE PRODUCTION OF DOCUMENTS

Lawrence C. Ashby (I.D. 468)          Edward A. Friedman
Philip Trainer, Jr. (I.D. 2788)       Andrew W. Goldwater
Tiffany Geyer Lydon (I.D. 3950)       Daniel B. Rapport
ASHBY & GEDDES                        Emily A. Stubbs
222 Delaware Avenue                   Jonathan Gottfried
Wilmington, Delaware 19899            FRIEDMAN KAPLAN SEILER
(302) 654-1888                          & ADELMAN LLP
                                      1633 Broadway
                                      New York, New York 10019-6708
                                      (212) 833-1100

                                      *Attorneys for Plaintiffs*


Dated:   December 13, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

SUMMARY OF ARGUMENT ............................................................................1

ARGUMENT ......................................................................................................3

I.    UNDER THE TERMS OF THE TRUST AGREEMENT,
      MARVEL TRANSFERRED, AND THE TRUSTEES
      SUCCEEDED TO, MARVEL'S ATTORNEY-CLIENT PRIVILEGE .................3

II.   *IN CAMERA* REVIEW OF EIGHT DOCUMENTS IS
      APPROPRIATE IN LIGHT OF DEFENDANTS'
      BELATED CONTENTION THAT SUCH DOCUMENTS
      ARE NOT SUBJECT TO MARVEL'S PRIVILEGE .............................................9

CONCLUSION ....................................................................................................11

## TABLE OF AUTHORITIES

<div align="right">Page</div>

### CASES

*In re Am. Metrocomm Corp.*,
    274 B.R. 641 (Bankr. D. Del. 2002) .........................................................................7

*In re Hechinger Inv. Co. of Delaware*,
    285 B.R. 601 (D. Del. 2002)...................................................................................7

*New Castle County v. Crescenzo*,
    1985 WL 21130 (Del. Ch. Feb. 11, 1985) ............................................................7

## SUMMARY OF ARGUMENT

Plaintiffs' opening brief sets forth the provisions of the Plan and the Trust Agreement which, plaintiffs submit, lead to the conclusion that plaintiffs (the Trustees of the MAFCO Litigation Trust) have succeeded to Marvel's attorney-client privilege with respect to matters relevant to the claims in this action. Defendants contend that "[t]he provisions cited by plaintiffs are not controlling." (Def. Br. at 9.) Defendants state:

> Plaintiffs cite Section 7.1 of the Plan and the "whereas" clauses of the Trust Agreement for the proposition that the Trust Agreement transferred Marvel's privilege to them. (Pl. Br. at 7-9) Those provisions do not control this dispute. Indeed, plaintiffs' reliance on those provisions as the source of their rights is disingenuous.

(Def. Br. at 9.)

While it might be disingenuous to rely only on the Plan and the "whereas" clauses, plaintiffs do not do that. Defendants fail to mention that plaintiffs cite and rely on the Declaration of Trust which follows the "whereas" clauses in the Trust Agreement. For reasons plaintiffs do not understand, defendants never once mention the Declaration of Trust in their opposing brief. The Declaration of Trust provides that the Marvel Debtors "absolutely and irrevocably grant, assign, transfer, convey, and deliver to, and otherwise acknowledge that, the MAFCO Litigation Trustees, and their successors and assigns, succeed to . . . the jointly shared interest in the Shared Privileges." (Trust Agreement at 2-3.)

The proper interpretation of the phrase that appears in the Declaration of Trust, "the jointly shared interest in the Shared Privileges," is central to the resolution of the parties' dispute. Defendants, however, offer the conclusory assertion that

> the Trust Agreement does not transfer Marvel's attorney-client privilege to plaintiffs – that privilege still resides at Marvel. The Trust Agreement provides plaintiffs with a far more limited right. They merely have the right to ask Newco for access to specifically identified privilege materials of Marvel that are in Newco's possession.

(Def. Br. at 5.)

Plaintiffs believe that defendants' position is fundamentally inconsistent with the express provisions of the Declaration of Trust which defendants simply ignore. Instead of addressing the operative provisions in the Declaration of Trust, defendants set up a false dichotomy and argue that the Court should look to Section 2.04 of the Trust Agreement rather than the opening recitals. (Def. Br. at 9.)

In addition, defendants misinterpret Section 2.04 of the Trust Agreement. That section governs the rights and procedures between the *plaintiffs and Newco*, who share Marvel's privileges. It does not limit plaintiffs' interests in the privileges with respect to third parties – particularly not with respect to defendants, since the whole point of transferring Marvel's privileges to the Trustees was to facilitate the Trust's prosecution of this action. In other words, section 2.04 does not give *defendants* a greater right to object to the Trustees' request for documents than defendants would have if Marvel had served the Rule 34 request.

2

## ARGUMENT

### I.

### UNDER THE TERMS OF THE TRUST AGREEMENT, MARVEL TRANSFERRED, AND THE TRUSTEES SUCCEEDED TO, MARVEL'S ATTORNEY-CLIENT PRIVILEGE

Defendants ignore the fundamental operative provision of the Trust Agreement – the "Declaration of Trust." The Declaration of Trust – which was quoted in plaintiffs' opening brief at pages 8-9 – provides that Marvel transfers to the Trustees, and the Trustees succeed to, Marvel's interest in the attorney-client privilege with respect to materials relevant to this action. The Declaration of Trust (at pages 2-3 of the Trust Agreement) provides:

### DECLARATION OF TRUST

**NOW THEREFORE,** in order to declare the terms and conditions hereof, and in consideration of the Recitals, . . . and subject to the terms and conditions of the Plan and this MAFCO Litigation Trust Agreement, **the Marvel Debtors** and John J. Gibbons (solely in his capacity as chapter 11 trustee for the Marvel Debtors), on behalf of the Marvel Debtors, have executed this MAFCO Litigation Trust Agreement and **absolutely and irrevocably grant, assign, transfer, convey, and deliver to**, **and otherwise acknowledge that, the MAFCO Litigation Trustees, and their successors and assigns, succeed to** . . . (A) all right, title and interest of the Marvel Debtors in and to any and all MAFCO Litigation Claims and the proceeds therefrom and (B) **the jointly shared interest in the Shared Privileges;**

(Ex. 3 at 2-3) [1] (emphasis added). Thus, pursuant to the Trust Agreement, Marvel absolutely and irrevocably assigns and transfers to Marvel "the jointly shared interest in

_____

[1] References to "Ex. __ " are to the exhibits to the Stubbs Declaration.

3

the Shared Privileges." The meaning of "the jointly shared interest in the Shared

Privileges" can be ascertained from other provisions in the Trust Agreement.

To begin with, the term "Shared Privileges" is defined in the second

"whereas" clause of the Trust Agreement as "the Marvel Debtors' right to the benefits of

the attorney-client privilege, work product immunity or other protection from disclosure

with respect to the Shared Privilege Matters . . . ." (*Id.* at 1.)

In turn, the definition of "Shared Privilege Matters" is set forth in Article I

("Definitions") of the Trust Agreement:

> "Shared Privilege Matters" means Documents, information
> and Communications, the disclosure of which is protected
> under the attorney-client privilege, work product immunity
> or other protection from disclosure of the Marvel Debtors
> (or any of them) immediately prior to the consummation of
> the Plan, relating to the allegations in the District Court
> Complaint insofar as they relate to a claim or claims raised
> against the MAFCO Defendants in the District Court
> Complaint or any amendment thereof arising out of the
> same historical facts.

(*Id.* at 6.) So, Shared Privilege Matters includes documents, relating to the claims in this

action, as to which Marvel could assert a privilege.

Finally, it is important to understand the meaning of "the jointly shared

interest" in the Shared Privileges, since it is such jointly shared interest that is transferred

by Marvel to the Trustees. In this regard, it is again useful to consider the second

"whereas" clause, which reads as follows:

> **WHEREAS**, pursuant to Section 7.1(b) of the Plan, **the
> Marvel Debtors have agreed to contribute to the
> MAFCO Litigation Trustees in trust** (the "MAFCO
> Litigation Trust") (A) all of their interests in any Causes of
> Action against any of the MAFCO Defendants asserted in
> the District Court Complaint or which could have been
> asserted in the District Court Complaint . . . . and (B) **an**

4

> **interest, to be jointly shared by the MAFCO Litigation Trust with Newco, in the Marvel Debtors' right to the benefits of the attorney-client privilege, work-product immunity or other protection from disclosure with respect to the Shared Privilege Matters** (as defined herein) (the "**Shared Privileges**");

This recital makes clear that Marvel's transfer to the Trustees of "the jointly shared interest in the Shared Privileges" means that the Trustees' interest in Marvel's attorney-client privilege is shared with Newco. Other than Newco, however, no other entity or person shares in the assignment and transfer by Marvel to the Trustees of Marvel's privileges.

The Trust Agreement goes on to provide that plaintiffs accept the privileges transferred to them:

> **THE MAFCO LITIGATION TRUSTEES HEREBY ACCEPT** such rights, properties **and privileges assigned or transferred to them** or otherwise realized by them, and the trust imposed upon them . . . ;

(*Id.* at 3) (emphasis added). Section 2.01 of the Trust Agreement confirms that plaintiffs succeed to Marvel's privileges:

> 2.01 *Acceptance.* **The MAFCO Litigation Trustees accept the MAFCO Litigation Trust** created by this MAFCO Litigation Trust Agreement and the transfer and assignment of the MAFCO Litigation Claims **and the succession to the Shared Privileges** . . . .

(*Id.* § 2.01) (emphasis added).[2]

───────────────

[2] Moreover, the Trust Agreement was an exhibit to the Plan and the Court's order confirming the Plan provides, *inter alia*: "the transfers of rights, interests and properties by and on behalf of the Debtors as contemplated by the Fourth Amended Plan . . . shall be and hereby are legal, valid, binding and effective transfers of such rights, interests and

Section 2.02 of the Trust Agreement explains that the purpose of the Trust is to implement the Plan by providing for the vesting in plaintiffs of ownership of the MAFCO Litigation Trust Assets (including Marvel's privileges):

> 2.02 *Purpose of the MAFCO Litigation Trust.* The purpose of this MAFCO Litigation Trust is **to implement part of Section 7 of the Plan by providing for the vesting in the MAFCO Litigation Trustees of the ownership of and the responsibility for the protection and conservation of the MAFCO Litigation Trust Assets** on behalf of and for the benefit of the Beneficiaries. . . .

(*Id.* § 2.02) (emphasis added). The "MAFCO Litigation Trust Assets" is defined to mean "the MAFCO Litigation Claims, **the Shared Privileges**, the Distributable Proceeds, and all other property held from time to time by the MAFCO Litigation Trustees under this MAFCO Litigation Trust Agreement . . . ." (Ex. 3 at 5) (emphasis added).

In sum, the Declaration of Trust, together with section 7.1(b) of the Plan, paragraph 24 of the Confirmation Order, the Recitals and sections 2.01 and 2.02 of the Trust Agreement, make clear that – contrary to defendants' argument – Marvel assigned and transferred its privileges to the Trustees, to be shared by the Trustees and Newco.

Defendants argue that by virtue of section 2.04 of the Trust Agreement, plaintiffs have only the right to ask Newco for Marvel's privileged documents, and that the Trustees did not succeed to Marvel's privileges. (Def. Br. at 10-14.) In defendants' view, even though Marvel itself (the original plaintiff in this action) could have compelled defendants to produce the challenged documents, plaintiffs cannot.

---

properties, (b) shall vest good title in the transferees thereof . . . ." (Ex. 2 (Confirmation Order) ¶ 24.)

If defendants' argument is accepted, that would mean that the Plan, Trust Agreement and Confirmation Order did not accomplish their intended purpose of effectuating the transfer of Marvel's privileges in order to facilitate the prosecution of this action.  Yet, contracts "are to be construed liberally so as to carry out the intentions of the parties." *New Castle County v. Crescenzo*, 1985 WL 21130, at *2 (Del. Ch. Feb. 11, 1985) (cited by defendants) (attached hereto as Exhibit A).  Moreover, courts in this district recognize that assignment of a debtor's interest in its privileges should be given effect.  *See In re Hechinger Inv. Co. of Delaware*, 285 B.R. 601, 604-05, 611-13 (D. Del. 2002) (liquidating trustee, which was assigned, *inter alia*, debtor's litigation claims pursuant to a plan of liquidation and liquidating trust agreement, controls debtor's privilege); *In re Am. Metrocomm Corp.*, 274 B.R. 641, 654 n.10 (Bankr. D. Del. 2002) (noting that assignment of a shared interest in the debtor's privilege effectuated a transfer of interest in the privilege).  Plaintiffs submit that the Plan, Trust Agreement and Confirmation Order should be construed to carry out their express intent.

Contrary to defendants' contention, section 2.04 governs how *plaintiffs and Newco* share Marvel's privilege – it does not limit plaintiffs' succession to Marvel's privilege.  Under section 2.04, *Newco* (not defendants) can withhold from plaintiffs documents as to which they share Marvel's privilege in a limited circumstance:  where Newco determines its business would be adversely affected by disclosure to plaintiffs. (Ex. 3 § 2.04(a)).  Although section 2.04(b) provides that plaintiffs do not have authority to undertake to gain "direct access" to the Shared Privilege Matters, that provision exists to allow Newco to exercise its rights under section 2.04(a).  But neither section can be utilized by defendants to block disclosure, because Newco has consented to the

production of the requested documents directly to plaintiffs.  (Ex. 8 at 2.)  Most
important, section 2.04 does not give defendants a greater right to object to plaintiffs'
Rule 34 request for production than defendants would have had if Marvel had served the
document request.

Defendants also argue that production under section 2.04(b) is not
authorized because section 2.04(b) applies only to a "custodian of Marvel's privileged
documents," and defendants are owners of the documents in question.  (Def. Br. at 13.)
To begin with, section 2.04(b) does not refer to a "custodian of Marvel's privileged
documents."  Rather, 2.04(b) refers to a "custodian of any Shared Privilege Matter."  (Ex.
2 § 2.04(b)).  Since Shared Privilege Matter is defined to include any document in which
Marvel could assert a privilege, that term clearly encompasses the documents at issue
here in which Marvel has a privilege.[3]  In addition, defendants cite Black's Law
Dictionary to suggest that the definition of custodian does not include an owner.  (*Id.*)
But Black's Law Dictionary does not contain such a limited definition.  "Custodian" is
broadly defined to mean "A person or institution that has charge or custody (of a child,
property, papers or other valuables) . . . ."  BLACK'S LAW DICTIONARY 412 (8th ed.
2004).  Thus, nothing in section 2.04 justifies defendants' refusal to produce the
documents in question.

Moreover, because plaintiffs are successors to Marvel's privileges,
defendants cannot assert any privilege against plaintiffs with respect to any documents

---

[3] Defendants have acknowledged that Marvel has a joint or common-interest
privilege in the challenged documents.  (Ex. 10 at 2; Def. Br. at 7.)

subject to a "joint" or "common-interest" privilege shared by defendants and Marvel. The law of Delaware is clear. Rule 502 of the Delaware Uniform Rules of Evidence governs the "lawyer-client privilege." Subsection (d)(6) of Rule 502 provides that there is no privilege between joint clients who have a common-interest privilege, when the documents are offered in an action between them:

> (d) *Exceptions.* There is no privilege under this rule: . . .
> (6) Joint clients. As to a communication relevant to a matter of common interest between or among 2 or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between or among any of the clients.

Del. Unif. R. Evid. 502(d)(6). Plaintiffs discussed this rule in their opening brief but defendants do not mention it in their opposing brief. Thus, under Rule 502(d)(6), it seems undisputed that defendants cannot assert the attorney-client privilege *against* plaintiffs with respect to any document subject to a joint, or common-interest, privilege.

Accordingly, under the Trust Agreement, plaintiffs have succeeded to Marvel's privileges with respect to the documents in question, and defendants cannot refuse to produce such documents on the basis of a joint privilege that defendants share with Marvel.

## II.

### *IN CAMERA* REVIEW OF EIGHT DOCUMENTS IS APPROPRIATE IN LIGHT OF DEFENDANTS' BELATED CONTENTION THAT SUCH DOCUMENTS ARE NOT SUBJECT TO MARVEL'S PRIVILEGE

Defendants argue that plaintiffs have not made a showing sufficient to warrant *in camera* review of the eight documents that defendants now claim are not subject to a joint privilege with Marvel. (Def. Br. at 18-19.) But plaintiffs' request is based on defendants' own statements. In particular, in June 2002, plaintiffs sought

production of the same thirty-seven documents they seek now. (*See* Ex. 9.) In their opposition letter to the Court, defendants never questioned that all thirty-seven documents were "subject to a shared privilege between Marvel and the defendants or their subsidiaries other than Marvel." (Ex. 10 at 2.) In the fall of 2005, more than three years later, defendants contend for the first time that eight of the documents *are not* subject to a joint privilege. Plaintiffs submit defendants' belated and new position is sufficient basis to warrant review *in camera* to determine whether Marvel shares a privilege with defendants in the eight documents.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in plaintiffs' prior papers, plaintiffs respectfully submit that their motion to compel should be granted.

Dated: Wilmington, Delaware

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Lawrence C. Ashby (I.D. 468)
Philip Trainer, Jr. (I.D. 2788)
Tiffany Geyer Lydon (I.D. 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

-and-

FRIEDMAN KAPLAN SEILER & ADELMAN LLP
Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

Dated: December 13, 2005

164593.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 13th day of December 2005, I electronically filed

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO**

**COMPEL THE PRODUCTION OF DOCUMENTS** with the Clerk of Court using CM/ECF

which will send notification of such filing to the following:

> Anthony W. Clark, Esquire
> Skadden Arps Slate Meagher & Flom LLP
> One Rodney Square
>     Wilmington, DE 19899

*/s/ Tiffany Geyer Lydon*
_____

Tiffany Geyer Lydon