# EXHIBIT A

Westlaw.

Not Reported in A.2d                                                                                              Page 1
Not Reported in A.2d, 1985 WL 21130 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

H
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware, New Castle County.
NEW CASTLE COUNTY, a political subdivision of the State of Delaware, Plaintiff,
v.
Edward CRESCENZO, a resident of New Castle County Defendant.
**CIVIL ACTION No. 7082.**

Submitted: Nov. 28, 1984.
Decided: Feb. 11, 1985.

On Plaintiff's Motion for Summary Judgment: denied; On Defendant's Motion for Summary Judgment: granted.

Brian A. Sullivan, New Castle County Department of Law, Wilmington, for plaintiff.
David Roeberg, Roeberg & Associates, P.A., Wilmington, for defendant.

MEMORANDUM (Unreported) OPINION

HARTNETT, Vice Chancellor.
*1 This is a suit by the plaintiff, New Castle County ("The County"), to enforce an easement granting a sewer right-of-way to it. On February 14, 1983 I granted The County a preliminary injunction which allowed it to proceed with installation of a sewer system across defendant's land. The County then moved, and defendant cross moved, for summary judgment. On the uncontroverted facts, The County's motion must be denied and defendant's motion must be granted.

The issue is whether the easement granted by the defendant limits The County to the installation of a sewer which can be utilized by the defendant or whether The County can use the easement to install a force main collector sewer which cannot be utilized by the defendant. I find that the easement, by its terms, clearly restricts its use to a sewer which can be utilized by the defendant.

I

In June of 1973 defendant met with two of The County's agents-one of whom was Harold O. Morris. Mr. Morris died in 1977-several years before the inception of this suit. Consequently, all the sworn testimony concerning this meeting comes from the defendant. The County's showing has been limited to evidence of Mr. Morris' habitual procedure and the internal workings of New Castle County.

The 1973 meeting between the defendant and the representative of The County lasted approximately five minutes according to defendant's deposition testimony. He read over a one page deed of easement submitted by The County, glanced at the attached diagram, spoke a few moments with Mr. Morris, and then signed it. In his deposition defendant states that he was told by Mr. Morris that his neighbors were all signing such agreements and that they were all going to get sewers. The defendant and his neighbors were, and still are, connected to septic tanks because there are no public sewers in their area with which they can connect their houses.

The deed of easement which defendant signed states in part:

"WHEREAS, the County is preparing or having prepared plans for a sanitary sewer system which will carry sewage *from and across the lands of the Grantor(s) [defendant]* and other lands adjacent thereto: and

WHEREAS, *in order to service the hereinbefore mentioned lands of the Grantor(s)* and/or others, it is necessary that the sewer line shall cross the lands of the Grantor(s).

NOW, THEREFORE, IT IS AGREED, for and in consideration of the sum of One Dollar ($1.00) in hand paid to the Grantor(s) as well as the mutual covenants herein contained, that:

1. The Grantor(s) hereby grant(s) to the County the right and privilege to lay, maintain, operate, relay and remove at any time, its pipes and appurtenances, including manholes, lampholes and cleanouts, for the sanitary system *hereinbefore mentioned,* ..." (emphasis added)

The deed of easement further sets forth the exact

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 2
Not Reported in A.2d, 1985 WL 21130 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

dimension of the easement and certain other rights and responsibilities of the parties. It is signed under seal by the defendant and Mr. Albert W. Madora, the Director of Public Works of New Castle County, and was witnessed by Mr. Morris. Attached is a notary's certificate-although defendant has sworn that he never appeared before a notary. Also attached to the deed of easement is a plot of defendant's property showing where the easement is located. There is a notation on the plot that the easement is for the "Christina Force Main and Interceptor, Part D-1, Capital Project # 925". The deed of easement was recorded.

*2 The County obtained nine other such easements for the project at the same stated consideration of one dollar. Two other grantors were paid $10,000 and $12,000 but permanent above-ground structures were placed on their property. One other grantor was paid $2,000 because he was the last person along the proposed sewer line to grant an easement and was in a hold-out position for larger compensation.

In 1978 defendant expressed to The County his dissatisfaction with the agreement and the delay in the project. The County responded that it had a valid easement, and the construction contract for the project was awarded in 1982.

In January of 1983 defendant informed The County that without additional compensation he would not permit installation of the sewer or entry onto his property. In response to this threat, in February of 1983, The County obtained a preliminary injunction allowing it to complete the project by entering defendant's land.

II

In its motion for summary judgment The County asserts that the deed of easement is clear and unambiguous on its face and is enforceable as a matter of law and grants The County the right to install any type of sewer line in the easement. Defendant, on the other hand, contends that the type of sewer line installed is not that which is contemplated by the easement; the rescission of the agreement is warranted because of The County's fraud or innocent misrepresentations; and that there was a lack of consideration to support the grant of the easement. It is only necessary, however, to consider what type of sewer line the easement permits to be installed.

III

The proponent of a motion for summary judgment has the burden of proving the absence of any issue of fact, and any doubt should be resolved against him. _Brown v. Ocean Drilling & Exploration Co._, Del.Supr., 403 A.2d 1114 (1979). Where, however, the movant has set forth facts under oath which remain uncontroverted by the opposing party, such facts will be accepted as true. _Tanzer v. International Gen. Indus., Inc.,_ Del.Ch., 402 A.2d 382 (1979).

IV

The County asserts, in support of its motion for summary judgment, that the deed granting the easement is clear and unambiguous on its face, that it permits The County to construct any type of sewer line in the easement, is signed under seal, and is fully enforceable. Defendant also maintains that the agreement is clear and unambiguous, but that it supports his assertion that the agreement did not contemplate the type of sewer line which was installed.

A Court must construe contracts as they are made and give to language which is clear such force and effect as the language clearly demands. _Hajoca Corporation v. Security Trust Co.,_ Del.Super., 25 A.2d 378 (1942). A Court may not, in the guise of construing a contract, rewrite it. _Conner v. Phoenix Steel Corp.,_ Del.Supr., 249 A.2d 866 (1969). If the words are unambiguous, there is no room for interpretation or a search for the intent of the parties on the part of the Court. _Myers v. Myers,_ Del.Supr., 408 A.2d 279 (1979). Contracts, however, are to be construed liberally so as to carry out the intentions of the parties. _DuPont v. Wilmington Trust Co.,_ Del.Ch., 45 A.2d 510 (1946).

V

*3 Defendant relies on his testimony as parol evidence that Mr. Morris told him the easement was for "sewers". He claims he naturally assumed he could hook his house into these sewers. The parol evidence rule, however, generally bars the use of oral testimony to vary the terms of a formal written understanding. _Turek v. Tull,_ Del.Ch., 139 A.2d 368 (1958). There are exceptions to the rule which allow the admission of parol evidence to prove the making

of a contract, to prove fraud, illegality, accident, or mistake, and to aid in the interpretation of ambiguous terms. Scott-Douglas Corp. v. Greyhound Corp., Del.Super., 304 A.2d 309 (1973).

Since the defendant is alleging mistake, fraud and misrepresentation, he could introduce parol evidence to sustain his position. Furthermore, if the terms of the contract are ambiguous, parol evidence could be considered to allow interpretation by the Court. It is not necessary, however, to look to parol evidence to resolve this lawsuit.

## VI

Defendant also relies on the recitals (or preamble clauses) in the deed of easement in asserting that the contract by its express terms is limited to a sewer system into which defendant could hook his house, that, therefore, the system installed by The County went beyond the easement granted, and therefore The County had no right to install the type of sewer constructed.

Generally, recitals are not a necessary part of a contract and can only be used to explain some apparent doubt with respect to the intended meaning of the operative or granting part of the instrument. Stabler v. Ramsay, Del.Ch., 62 A.2d 464 (1948). If the recitals are inconsistent with the operative or granting part, the latter controls. Id.

In the deed of easement before the Court, as quoted above, the first clause of the operative or granting part specifically refers to "the sanitary sewer system *hereinbefore mentioned* " (emphasis added). The only prior mention of a sanitary sewer system in the easement is in the recital. Without recourse to the recitals the reference to "the sanitary sewer system hereinbefore mentioned" is ambiguous. Once the language in the recital is considered, however, the meaning of the operative or granting language becomes clear and the contract, as a whole, becomes unambiguous.

The first whereas or recital clause refers to a sanitary sewer system to "carry sewage *from and* across the lands of the Grantor ..." (emphasis added). This language quite clearly indicates that the easement granted by the deed is for the construction and maintenance of a sewer system which would carry sewage from the lands of the defendant. It is conceded that the system contemplated and ultimately installed by The County is not the type into which a house could be connected. The sewer constructed is a collector line which is used for the rapid conveyance to treatment plants of large quantities of sewage under pressure. From an engineering standpoint it is virtually impossible for defendant to look up to this system.

*4 The fact that diagrams attached to the agreement called the project "The Christina Force Main and Interceptor" does not alter the clear meaning of the language in the easement. The caption of the project was merely included on an attachment to the easement and even if defendant noticed it, it strains credibility to believe that he would have understood that the language meant that he would not be able to connect his house to the sewer. "Force Main" is an engineering term of art and, the use of those words alone would not have given notice to an unsophisticated landowner of the specifics of the project-particularly in light of the specific language of the easement which speaks of carrying sewage from the lands of the grantor.

In addition, Paragraph 5 of the easement requires that "The Grantor(s) agree(s) to abide by all rules and regulations that are in effect relative to the use of the sanitary sewers in New Castle County". This language reinforces the view that the deed of easement was intended to convey an easement to permit The County to construct and maintain sewers onto which a house could be connected so that defendant could have the use of the sewer.

The deposition of The County's agent states that no change was generally made in The County's form contract when the easement sought was for a sewer which was a Force Main System rather than a sewer system into which a homeowner could connect, unless the landowner specifically asked for a different form. This fact does not favor plaintiff, as it argues. It-coupled with The County's bargaining superiority and the fact that it wrote the form which defendant signed-reinforces that The County is bound by the clear unambiguous language of the agreement which states that the easement granted is for the construction and maintenance of a sewer system which will service defendant's lands. The type of system installed will not service defendant's lands and is therefore outside of the terms of the easement. The County therefore has no right to the relief requested in its complaint and its motion for summary judgment must be denied.

## VI

Defendant has alleged both a failure and an inadequacy of consideration, coupled with material misrepresentations on the part of The County's agent, and counterclaims to have the contract rescinded on those grounds. None of these contentions need to be considered, however.

If the plain language of the agreement granted an easement for the type of sewer system installed, the defendant's arguments for rescission would have to be considered. The alleged misrepresentation by Mr. Morris that defendant would be getting sewers when considered with the very slight consideration of one dollar would raise a factual issue as to whether there could be a rescission of the easement for the construction and maintenance of a system which defendant could not use. I need not consider whether the easement should be rescinded, however, because its plain language does not grant the right to install sewers which do not service the lands of the grantor-the defendant. Defendant has not therefore been misled, and his remedy is not rescission but must be for the legal remedy of trespas resulting from misuse of the easement. See 28 C.J.S., *Easements* § 103(b).

### VII

*5 To summarize, The County's motion for summary judgment is denied and defendant's motion for summary judgment is granted because the easement does not cover the type of system which has been installed. There is no need to consider rescission because the plain language of the agreement corresponds to the alleged representation of The County's agent that the sewer would service defendant's house.

IT IS SO ORDERED.

Del.Ch.,1985.
New Castle County v. Crescenzo
Not Reported in A.2d, 1985 WL 21130 (Del.Ch.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.