# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RONALD CANTOR, *et al.*,               :
                                       :
                  Plaintiffs,          :
                                       :
         v.                            :         No. 97-586-SLR
                                       :
RONALD O. PERELMAN, *et al.*,          :
                                       :
                  Defendants.          :

### DEFENDANTS' OPENING BRIEF
### IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
 (302) 651-3000
Email: Paul.Lockwood@skadden.com
Attorneys for Defendants

DATED: March 19, 2008

# TABLE OF CONTENTS

<u>PAGE</u>

TABLE OF CASES AND AUTHORITIES.................................................................................i

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

SUMMARY OF THE ARGUMENT .......................................................................................3

ARGUMENT........................................................................................................................4

I.      RECENT DELAWARE LAW MAKES CLEAR THAT THE THREE-YEAR
STATUTE OF LIMITATIONS APPLIES TO ALL ASPECTS OF PLAINTIFFS'
BREACH OF FIDUCIARY DUTY CLAIMS.................................................................4

II.     THIS COURT IS NOT BOUND TO FOLLOW THE THIRD CIRCUIT'S
PARTIAL DENIAL OF DEFENDANTS' SUMMARY JUDGMENT MOTION
REGARDING THE APPLICATION OF THE STATUTE OF LIMITATIONS
UNDER DELAWARE LAW. .....................................................................................10

CONCLUSION ...................................................................................................................14

## TABLE OF CASES AND AUTHORITIES

**CASES**                                                                  **PAGE(S)**

*Africa v. City of Phila. (In re Phila. Litig.),*
    158 F.3d 711 (3d Cir. 1998)…………………………………………………..10

*Am. Canoe Ass'n v. Murphy Farms, Inc.,*
    326 F.3d 505 (4th Cir. 2003)…………………………………………………10

*Bovay v. H. M. Byllesby & Co.,*
    38 A.2d 808 (Del. 1944)………………………………………………3, 5, 8,12

*Cantor v. Perelman,*
    235 F. Supp. 2d 377 (D. Del. 2002) ………………………………………….1

*Cantor v. Perelman,*
    414 F.3d 430 (3d Cir. 2005) ………………………………………….*passim*

*In re Coca-Cola Enters., Inc. S'holders Litig.,*
    C.A. No.1927-CC, 2007 WL 3122370 (Del Ch. Oct. 17, 2007) ……………8

*Council Tree Commc'ns, Inc. v. FCC,*
    503 F.3d 284 (3d Cir. 2007)………………………………………………..10

*Hayman Cash Register Co. v. Sarokin,*
    669 F.2d 162 (3d Cir. 1982)………………………………………………...11

*Laventhol, Krekstein, Horwath & Horwath v. Tuckman,*
    372 A.2d 168 (Del. 1976)…………………………………………………4, 5

*Legrande v. ALCOA,*
    1:05CV00376, 2007 U.S. Dist. LEXIS 36742,
    (M.D.N.C. May 17, 2007)……………………………………………………10

*Levy v. Sterling Holding Co., LLC,*
    314 F.3d 106 (3d Cir. 2002) ………………………………………………..12

*Levy v. Sterling Holding Co., LLC,*
    475 F. Supp. 2d 463 (D. Del. 2007) ……………………………………...11, 12

*Lund v. Chem. Bank,*
    C.A. No. 84-1621(RWS), 1990 WL 17711
    (S.D.N.Y. Feb. 20, 1990)……………………………………………………11

i

*Marvel Entm't Group, Inc. v. Perelman,*
    C.A. No. 97-586-KAJ, 2004 WL 332813 (D. Del. Feb. 18, 2004) .................1

*Norman v. Elkin,*
    C.A. No. 06-605-JJF, 2007 WL 2822798 (D. Del. Sept. 26, 2007).............8, 9

*Rhone-Poulenc Surfactants & Specialities, L.P. v. Comm'r of Internal Revenue,*
    249 F.3d 175 (3d Cir. 2001)............................................................10

*Smith v. McGee,*
    C.A. No. 2101-S, 2006 WL 3000363 (Del. Ch. Oct. 16, 2006).................6, 7

*Teachers' Ret. Sys. of La. v. Aidinoff,*
    900 A.2d 654 (Del. Ch. 2006)...........................................................7

*In re Tyson Foods, Inc. Consol. S'holders Litig.,*
    919 A.2d 563 (Del. Ch. 2007)........................................................5, 6

*United States v. Marmolejos,*
    140 F.3d 488 (3d Cir. 1998).........................................................12

*Vandenbark v. Owens-Illinois Glass Co.,*
    311 U.S. 538 (1941)...............................................................12, 13

*Zichy v. City of Phila.,*
    590 F.2d 503 (3d Cir. 1979)..........................................................11

## AUTHORITIES

10 *Del. C.* § 8106...............................................................................4

ii

## NATURE AND STAGE OF THE PROCEEDINGS

Between April 1993 and February 1994, Marvel Holdings Inc. ("Hold-ings"), Marvel (Parent) Holdings Inc. ("Parent") and Marvel III Holdings Inc. ("Marvel III") (collectively, the "Holding Companies") each successively issued high-yield bonds (the "Notes") secured by stock of their subsidiary, Marvel Entertainment Group, Inc. ("Marvel"). On December 26, 1996, Marvel filed for bankruptcy. At the conclusion of the bankruptcy proceedings, the MAFCO Litigation Trust (the "Trust") was formed, and certain litigation rights of Marvel were transferred to the Trust. Plaintiffs, the trustees of the Trust, have brought claims against Marvel's then-indirect parent companies and three of Marvel's then-directors for purported breaches of fiduciary duties arising from the is-suances of the Notes in 1993 and 1994. The Defendants have asserted a statute of limita-tions defense to the claims based on the Holdings Notes because those Notes were issued more than three years before Marvel filed for bankruptcy. Delaware has a three-year statute of limitations for breach of fiduciary duty claims.

After several years of litigation, on March 22, 2002, Defendants moved for summary judgment on statute of limitations and other grounds. (D.I. 274) On De-cember 9, 2002, Magistrate Judge Mary Pat Thynge granted in part and denied in part Defendants' motion for summary judgment, but did not address the statute of limitations defense. (D.I. 385); *Cantor v. Perelman*, 235 F. Supp. 2d 377, 378 (D. Del. 2002) ("*Can-tor I*"). On February 18, 2004, Judge Kent Jordan adopted Magistrate Judge Thynge's report in all respects. (D.I. 404); *Marvel Entm't Group, Inc. v. Perelman*, C.A. No. 97-586-KAJ, 2004 WL 332813, at *2 (D. Del. Feb. 18, 2004) ("*Cantor II*").

On appeal, on July 12, 2005, the Third Circuit reversed the order granting summary judgment for Defendants and expressly addressed the statute of limitations defense. *Cantor v. Perelman*, 414 F.3d 430, 433 (3d Cir. 2005) ("*Cantor III*"). The Third Circuit held that the statute of limitations barred Plaintiffs' request for damages on the Holdings Notes but did not support summary judgment on statute of limitations grounds with respect to Plaintiffs' request for restitution for unjust enrichment. *Id.* at 439-40. The Third Circuit remanded the case for trial.

Before trial could begin, however, Judge Jordan was appointed to the Third Circuit and the trial was postponed. The case is now scheduled for trial beginning August 18, 2008.

While the case has awaited trial, the Delaware Court of Chancery has issued four opinions directly addressing the statute of limitations issue that the Third Circuit found not to support summary judgment on in 2005. This recent Delaware case law makes clear that Delaware's three-year statute of limitations completely bars Plaintiffs' claim based on the Holdings Notes. Accordingly, Defendants have renewed their motion for summary judgment with respect to that portion of Plaintiffs' claim that is based on the Holdings Notes. This is the opening brief in support of that motion for summary judgment.

## SUMMARY OF THE ARGUMENT

1.    In its July 12, 2005, opinion reversing the grant of summary judgment in favor of Defendants, the Third Circuit held that Delaware's statute of limitations contains a "*Bovay* exception" that denies the statute of limitations defense "to those who owe a fiduciary duty to a corporation." *Cantor III*, 414 F.3d at 439. The Third Circuit held this "*Bovay* exception" saved Plaintiffs' claim for unjust enrichment based on the Holdings Notes from the statute of limitations. *See id.* at 439-40. Since the Third Circuit issued its opinion, four new Delaware cases have clarified that Delaware's three-year statute of limitations applies to fiduciary duty claims regardless of whether those claims seek remedies of damages or unjust enrichment. As a result, the "*Bovay* exception" applied by the Third Circuit clearly no longer exists as a matter of Delaware law. Accordingly, Delaware's three-year statute of limitations applies here and bars Plaintiffs' request for unjust enrichment based on the Holdings Notes.

2.    In addressing the statute of limitations defense, this Court should follow the rule set by the recent Delaware case law and not the Third Circuit's "*Bovay* exception." The law of the case doctrine does not require this Court to follow the Third Circuit's opinion because that opinion was merely a denial of summary judgment, not a final order. Rather, as a federal court sitting in diversity, this Court should follow applicable state law.

# ARGUMENT

## I.   RECENT DELAWARE LAW MAKES CLEAR THAT THE THREE-YEAR STATUTE OF LIMITATIONS APPLIES TO ALL ASPECTS OF PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIMS.

From the outset of this lawsuit, Defendants have maintained that Plaintiffs' claim based on the Holdings Note offering was barred by Delaware's three-year statute of limitations pursuant to 10 *Del. C.* § 8106. In response, Plaintiffs have argued that because they seek relief for unjust enrichment by a fiduciary, the Court should apply the traditional laches standard, which requires a showing of prejudice in addition to the passage of time, instead of the three-year statute of limitations. Plaintiffs further argued that their requests for damages are not barred by the three-year limitations period because of equitable tolling, which, if applicable, may toll the start of the limitations period until Plaintiffs are on inquiry notice of their claims.

In addressing these arguments, the Third Circuit applied different rules for the timeliness of the suit depending on whether the remedy sought by the Plaintiffs was disgorgement of unjust enrichment or damages. *Cantor III*, 414 F.3d at 438-42. For the damages "claims," the Third Circuit held that the three-year statute of limitations applies but "a Delaware court of equity will toll the statute of limitations until such time as a reasonably diligent and attentive stockholder knew or had reason to know the facts alleged to constitute the breach of fiduciary duty." *Id.* at 440. Applying this standard, the Third Circuit found that Plaintiffs' request for damages based on the Holdings Notes was time-barred because a tender offer statement describing the terms of the Notes was mailed to each Marvel shareholder in April 1993. *Id.*

The Third Circuit applied a different standard to Plaintiffs' request that Defendants disgorge their alleged unjust enrichment. Citing *Laventhol, Krekstein, Hor-*

4

*wath & Horwath v. Tuckman*, 372 A.2d 168, 169-70 (Del. 1976), and *Bovay v. H.M. Byllesby & Co.*, 38 A.2d 808 (Del. 1944), the Third Circuit held that while the general rule in Delaware is to apply the three-year statute of limitations in equity, under the "*Bovay* exception," that rule does not apply "to those who owe a fiduciary duty to a corporation." *Cantor III*, 414 F.3d at 439. The Third Circuit applied the "*Bovay* exception" to the unjust enrichment request but not the damages request. *See id.* at 439-40. The Third Circuit explained this distinction as follows: "Our survey of Delaware cases decided since *Laventhol* provides for no persuasive basis for believing that the '*Bovay* exception' to the general rule is no longer viable, at least as applied to situations in which a fiduciary has enriched himself by breaching his fiduciary duty." *Id.* at 439.

Since the Third Circuit's opinion was decided in July 2005, the results of a survey of Delaware case law have changed dramatically. The Delaware Court of Chancery has issued four decisions dismissing fiduciary duty claims on the statute of limitations grounds that make clear that the "*Bovay* exception" to the statute of limitations, as it was constructed by the Third Circuit, is no longer viable.

In *In re Tyson Foods, Inc. Consol. S'holders Litig.*, 919 A.2d 563 (Del. Ch. 2007), Chancellor Chandler explained that Delaware courts apply the three-year statute of limitations to fiduciary duty claims even where the fiduciary allegedly enriched himself at the expense of the shareholders. The *Tyson* case involved alleged self-dealing and fraudulent manipulation of the corporate machinery by fiduciaries. *Id.* at 570. Specifically, the plaintiffs alleged that the defendant-insiders awarded themselves lucrative and undeserved consulting contracts, granted "spring-loaded" stock options to themselves that had unreasonably low strike prices, and entered into related party transactions that all al-

5

lowed the defendant-insiders to enrich themselves at the shareholders' expense. *Id.* at 574-75.

Despite the self-enrichment nature of these fiduciary duty claims, Chancellor Chandler did not follow the "*Bovay* exception" to the statute of limitations. Rather, the court held: "Equity follows the law and in appropriate circumstances will apply a statute of limitations by analogy. A three-year statute of limitations applies to breaches of fiduciary duty . . . ." *Id.* at 584. The Chancellor further explained: "*[N]o theory* will toll the statute beyond the point where the plaintiff was objectively aware, or should have been aware, of facts giving rise to the wrong. Even where a defendant uses every fraudulent device at its disposal to mislead a victim or obfuscate the truth, no sanctuary from the statute will be offered to the dilatory plaintiff who was not or should not have been fooled." *Id.* at 585 (emphasis added). Applying this standard, the Delaware court dismissed claims seeking to recoup the payments made to fiduciaries in their self-dealing consulting contracts and in related party transactions that were allegedly "entered into for the purposes of enriching the Tyson family and other insiders." *Id.* at 595.

Similarly, in *Smith v. McGee*, C.A. No. 2101-S, 2006 WL 3000363 (Del. Ch. Oct. 16, 2006), the Delaware Court of Chancery applied the three-year statute of limitations to bar unjust enrichment claims brought against a fiduciary. Chancellor Chandler described the *Smith* case as a "classic claim of minority shareholder oppression replete with allegations of wrongful withholding of income, excessive officer compensation, denial of access to corporate records, self-dealing, conversion and fraud." *Id.* at *1. Among other remedies, the plaintiff sought "disgorgement of ill-gotten gains[] [and] a constructive trust on ill-gotten gains and the fruits of ill-gotten gains . . . ." *Id.* Despite

6

the plaintiff's request for disgorgement of unjust enrichment by a fiduciary, the Court of Chancery applied the three-year statute of limitations to the claim. *Id.* at *3 ("Smith asserts claims of breach of fiduciary duty, fraud, and conversion, all of which are subject to a three-year statute of limitations that begins to run at the time the alleged wrongful act is committed."). The court made no mention of the Third Circuit's "*Bovay* exception" to the statute of limitations, but the Delaware court extensively examined whether equitable tolling was available. *Id.* at *3-4. The Chancellor found that equitable tolling was not available because the plaintiff was on inquiry notice of his fiduciary duty claims more than three years before the lawsuit was filed. Accordingly, the court dismissed the claims, including the claims for equitable disgorgement against the alleged disloyal fiduciary, that arose more than three years before the suit was filed. *Id.* at *5 ("In sum, the three year statute of limitations operates to bar all claims arising prior to April 25, 2003.").

The third significant case in the survey of Delaware case law since the Third Circuit's ruling is *Teachers' Ret. Sys. of La. v. Aidinoff*, 900 A.2d 654 (Del. Ch. 2006). In *Teachers*, Vice Chancellor Strine applied the three-year statute of limitations to bar the shareholder plaintiff from bringing fiduciary duty claims alleging that a former Chairman and CEO had wrongfully diverted hundreds of millions of dollars from the company through self-dealing transactions over a five-year period. *Id.* at 658-59. In ruling on a motion to dismiss, the court sustained the claims for breach of fiduciary duty and unjust enrichment on their merits, but barred the portion of those claims based on transactions that took place more than three years before the suit was filed. *Id.* at 659-60, 666-67.

7

The fourth and most recent decision applying the three-year statute of limitations to fiduciary duty claims alleging self-enrichment by the fiduciary is *In re Coca-Cola Enters., Inc. S'holders Litig.,* C.A. No.1927-CC, 2007 WL 3122370 (Del. Ch. Oct. 17, 2007). In *Coca-Cola,* the plaintiffs, shareholders in a bottling company, alleged that the controlling shareholder, the Coca-Cola Company, dominated and abused the bottling company at the expense of the non-Coca-Cola shareholders. *Id.* at *2. Once again, the court considered whether plaintiffs had sufficient inquiry notice of their claims to start the running of the statute of limitations, but made no mention of a "*Bovay* exception" to the statute of limitations, as framed by the Third Circuit. *Id.* at *6-7. The Court of Chancery dismissed the fiduciary duty claims as untimely because they had not been brought within three years of the public disclosure of the alleged misconduct. *Id.*

In summary, if the Third Circuit had conducted its survey of Delaware case law today, it could not have applied its "*Bovay* exception" to the three-year statute of limitations – Delaware courts today apply the three-year statute of limitations in all circumstances except where the plaintiffs did not have inquiry notice of their claims. Indeed, Judge Farnan recently recognized that Delaware courts apply the statute of limitations to a fiduciary duty claim in this manner in *Norman v. Elkin,* C.A. No. 06-605-JJF, 2007 WL 2822798 (D. Del. Sept. 26, 2007). In *Norman,* the plaintiff, relying on the "*Bovay* exception" described by the Third Circuit in *Cantor III,* argued "that Defendants cannot assert the statute of limitations defense because Elkin is a corporate fiduciary who personally benefited from the alleged wrongdoing." *Norman,* 2007 WL 2822798, at *4. Judge Farnan rejected this argument, noting:

> The state court cases following *Bovay* have restricted the exception, and the trend in the case law is to apply the *Bovay* exception as a basis on

8

> which to toll the statute of limitations where actionable self-dealing is al-
> leged. Thus, the Court understands the rule, as it stands today, to allow the
> statute of limitations to be tolled in derivative actions alleging wrongful
> self-dealing by a corporate fiduciary until the shareholder knew or had
> reason to know of the facts constituting the alleged wrong.

*Id.* (citations omitted).

Thus, applying the rule as it stands today to this case, Delaware law af-
fords Plaintiffs no sanctuary from the statute of limitations for their claim for unjust en-
richment based on the Holdings Notes because it is undisputed that Marvel's shareholders
had actual knowledge of the facts giving rise to their claim more than three years before
Marvel filed for bankruptcy. The Third Circuit squarely held that Marvel's shareholders
had such notice. *Cantor III,* 414 F.3d at 440.

Admittedly, applying the Delaware case law described above would be in-
consistent with the ruling of the Third Circuit as to the "*Bovay* exception." As explained
below, however, this Court is not bound to follow the Third Circuit's construction of
Delaware law because it is no longer viable, given the Delaware courts' recent clarifica-
tion of state law.

II.    **THIS COURT IS NOT BOUND TO FOLLOW THE THIRD CIRCUIT'S PARTIAL DENIAL OF DEFENDANTS' SUMMARY JUDGMENT MOTION REGARDING THE APPLICATION OF THE STATUTE OF LIMITATIONS UNDER DELAWARE LAW.**

As an initial matter, the law of the case doctrine does not apply to denials of summary judgments because they are "interlocutory, not final, orders." *Legrande v. ALCOA*, 1:05CV00376, 2007 U.S. Dist. LEXIS 36742, at *6 (M.D.N.C. May 17, 2007); *see also Rhone-Poulenc Surfactants & Specialities, L.P. v. Comm'r of Internal Revenue*, 249 F.3d 175, 177 (3d Cir. 2001) (stating that denial of "summary judgment on the ground that the Commissioner's assessment is time-barred" was not final). "Law of the case is [a means of guiding a court's discretion] however, it does not and cannot limit the power of a court to reconsider an earlier ruling." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (quoting *Am. Canoe*, 326 F.3d at 515).

Here, the Third Circuit's decision in 2005, as it relates to the statute of limitations analysis, remanded the claim for trial and reversed a grant of summary judgment. Because denial of summary judgment is interlocutory and not final, this Court is not bound by the Third Circuit's decision. Therefore, this Court should instead look to current Delaware state law to determine the correct rule under the law.

In any event, even if the "law of the case" doctrine were to apply to a decision denying summary judgment, the doctrine would not control this case because "a supervening new law has been announced. . . ." *Africa v. City of Phila. (In re Phila. Litig.)*, 158 F.3d 711, 718 (3d Cir. 1998). Indeed, "every court ha[s] a duty to apply a supervening rule of law despite its prior decisions to the contrary when the new legal rule is valid

10

and applicable to the issues of the case." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 170 (3d Cir. 1982) (citation omitted).

        In a diversity case such as this one, where an intervening state court decision demonstrates that the federal appellate court's prediction of state law was incorrect, on remand, the federal district court should apply the recent state court decision, not the erroneous ruling of the Court of Appeals. *See Lund v. Chem. Bank*, C.A. No. 84-1621(RWS), 1990 WL 17711, at *2 (S.D.N.Y. Feb. 20, 1990). In *Lund*, the plaintiffs asserted a claim under New York law for conversion concerning a forged instrument. *Id.* at *1. In an appeal in that action, the Second Circuit had denied a motion for summary judgment by rejecting, as a matter of New York law, a defense based on the absence of delivery of the instrument and remanded the case for further proceedings. *Id.* at *1. Thereafter, in a separate case, a New York state court issued a decision supporting the delivery defense under New York law. The federal district court allowed the defendant to renew its motion for summary judgment and granted the motion based on the New York court's clarification of New York law. *Id.* at *4. The district court held that it was not required to follow the Second Circuit's ruling because "[t]he federal courts must apply the most recent interpretation of state law in diversity cases." *Lund* at *2 (citation omitted). The court further explained that the "law of case doctrine 'does not rigidly bind the court, but is addressed to [the court's] good sense, and the court will depart from its prior legal pronouncements when the circumstances of the case warrant.'" *Lund* at *2 (quoting, in part, *Zichy v. City of Phila.*, 590 F.2d 503, 508 (3d Cir. 1979)).

        Judge Sleet's decision in *Levy v. Sterling Holding Co., LLC*, 475 F. Supp. 2d 463 (D. Del. 2007) ("*Levy II*"), provides another apt example of when a district court

should not blindly follow a prior appellate decision in the same case. In *Levy*, the district court initially granted a motion to dismiss a claim under Section 16(b) of the Securities Exchange Act based on exemptions to that statute found in Rules 16b-3 and 16b-7 promulgated by the Securities and Exchange Commission (the "SEC"). On appeal, the Third Circuit reversed, holding that, under its interpretation of those rules, the SEC had not clearly set forth an exemption to Section 16(b) liability that applied to the transactions in dispute. *Levy v. Sterling Holding Co., LLC*, 314 F.3d 106, 125 (3d Cir. 2002) ("*Levy I*"). After the Third Circuit's decision, the SEC amended its rules to clarify that they did exempt the disputed transactions. *Levy II*, 475 F. Supp. 2d at 468. On remand, Judge Sleet granted defendants' motion for summary judgment based on the SEC's clarification of its rules. *Id.* at 472. The district court specifically rejected the plaintiff's argument that it was required to follow the Third Circuit's "mandate" instead of the subsequent clarification by the SEC: "What Levy fails to appreciate, however, is the Third Circuit's guidance with respect to issues of interpretation, set forth in *United States v. Marmolejos*, for example, in which Judge Rendell stated '[w]here a prior panel of this court has interpreted an ambiguous statute in one way, and the responsible administrative agency later resolves the ambiguity another way, this court is not bound to close its eyes to the new source of enlightenment.'" *Levy II,* 475 F. Supp. 2d at 472 (citing *United States v. Marmolejos*, 140 F.3d 488, 493 (3d Cir. 1998)).

   Here, this Court should not close its eyes to the recent Delaware case law making it ineluctably clear that the "*Bovay* exception" to the statute of limitations, as it was constructed by the Third Circuit, no longer exists. In diversity cases, the decisions of the Delaware courts regarding Delaware law should be followed. *See Vandenbark v.*

12

*Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941) ("[T]he dominant principle [for federal courts sitting in diversity] is that *nisi prius* and appellate tribunals alike should conform their orders to the state law as of the time of the entry."). Under current Delaware law, the three-year statute of limitations applies to all of Plaintiffs' claims, and Plaintiffs can toll that statute only by showing that Marvel's shareholders lacked inquiry notice of the claims. Because the Third Circuit has already held that the shareholders had actual notice of their claims based on the Holdings Notes more than three years before the bankruptcy filing, all claims based on the Holdings Notes are barred by the statute of limitations.

13

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment to Defendants on all claims based on the Holdings Notes.

/s/ Paul J. Lockwood
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Email: Paul.Lockwood@skadden.com
Attorneys for Defendants

DATED: March 19, 2008

14