IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
:
RONALD CANTOR, IVAN SNYDER and  :
JAMES A. SCARPONE, as TRUSTEES OF :
THE MAFCO LITIGATION TRUST, :
:
                Plaintiffs, :
:
      - against - :
:   C.A. No. 97-586-SLR
RONALD O. PERELMAN, :
MAFCO HOLDINGS INC., :
MacANDREWS & FORBES HOLDINGS INC., :
ANDREWS GROUP INCORPORATED, :
WILLIAM C. BEVINS and :
DONALD G. DRAPKIN, :
:
                Defendants. :
:
-----------------------------------------------------------x

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Lawrence C. Ashby (I.D. 468)  
Philip Trainer, Jr. (I.D. 2788)  
Tiffany Geyer Lydon (I.D. 3950)  
ASHBY & GEDDES  
500 Delaware Avenue, 8th Floor  
P.O. Box 1150  
Wilmington, Delaware 19899  
(302) 654-1888  

Edward A. Friedman  
Andrew W. Goldwater  
Daniel B. Rapport  
Jonathan Gottfried  
FRIEDMAN KAPLAN SEILER  
  & ADELMAN LLP  
1633 Broadway  
New York, New York 10019-6708  
(212) 833-1100  

*Attorneys for Plaintiffs*

Dated:  April 3, 2008

{00206227;v1}

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ................................................................1

SUMMARY OF THE ARGUMENT ..................................................................................4

ARGUMENT .........................................................................................................................5

I. THE THIRD CIRCUIT CORRECTLY CONCLUDED, BASED UPON DECISIONS FROM DELAWARE'S SUPREME COURT, THAT THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT ................................................................5

II. DEFENDANTS ARE IMPROPERLY ATTEMPTING TO REARGUE THE THIRD CIRCUIT'S DECISION BEFORE THE COURT ............................6

III. THERE HAS BEEN NO SUPERVENING CHANGE IN THE LAW .........................8

IV. GRANTING DEFENDANTS' MOTION WOULD NOT STREAMLINE TRIAL ..............................................................................................................12

CONCLUSION ......................................................................................................................14

## TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*American Canoe Ass'n v. Murphy Farms, Inc.,*
    326 F.3d 505 (4th Cir. 2003) ............................................................................... 7

*Atlantis Plastics Corp. v. Sammons*,
    558 A.2d 1062 (Del. Ch. 1989) ............................................................................ 9

*Bovay v. H.M. Byllesby & Co.,*
    27 Del. Ch. 381, 38 A.2d 808 (Del. 1944) ..................................................... passim

*Cantor v. Perelman,*
    414 F.3d 430 (3d Cir. 2005) ......................................................................... 2, 3, 5, 6

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988) ............................................................................................. 6

*Council Tree Communications, Inc. v. F.C.C.,*
    503 F.3d 284 (3d Cir. 2007) ................................................................................. 7

*Devex Corp. v. General Motors Corp.,*
    638 F. Supp. 940 (D. Del. 1986) ........................................................................ 12

*Fike v. Ruger*,
    754 A.2d 254, 260 (Del. Ch. 1999) ..................................................................... 9

*In re City of Philadelphia Litig.,*
    158 F.3d 711 (3d Cir. 1998) ................................................................................. 8

*In re Coca-Cola Enters., Inc.,*
    2007 WL 3122370 (Del. Ch. Oct. 17, 2007) ....................................................... 9

*In re Continental Airlines, Inc.,*
    279 F.3d 226 (3d Cir. 2002) ................................................................................. 6

*In re Dean Witter P'Ship Litig.,*
    1998 WL 442456 (Del. Ch. July 17, 1998) ......................................................... 9

*In re Tyson Foods, Inc.,*
    919 A.2d 563 (Del. Ch. 2007) ............................................................................. 9

*Laventhol Krekstein, Horwath and Horwath v. Tuckman,*
    372 A.2d 168 (Del. 1976) ............................................................................ passim

*LeGrande v. Aluminum Co. of America,*
    2007 WL 1452969 (M.D.N.C. May 17, 2007) ...........................................................................7

*Levy v. Sterling Holding Co., LLC,*
    475 F. Supp. 2d 463 (D. Del. 2007)........................................................................................10

*Lund v. Chemical Bank,*
    1990 WL 17711 (S.D.N.Y. Feb. 20, 1990)..............................................................................10

*Maxfield v. Cintas Corp. No. 2,*
    487 F.3d 1132 (8th Cir. 2007) ............................................................................................. 7, 8

*Norman v. Elkin,*
    2007 WL 2822798 (D. Del. Sept. 26, 2007) ...........................................................................11

*Orloff v. Shulman*,
    2005 WL 3272355 (Del. Ch. Nov. 23, 2005) ...........................................................................9

*Smith v. McGee,*
    2006 WL 3000363 (Del. Ch. Oct. 16, 2006) ............................................................................9

*State v. Barclays Bank of New York, N.A.,*
    151 A.D.2d 19, 546 N.Y.S.2d 479 (3d Dep't 1989)...............................................................10

*TA Instruments, Inc. v. Perkin-Elmer Corp.,*
    277 F. Supp. 2d 367 (D. Del. 2003).........................................................................................8

*Teachers' Retirement Sys. of Louisiana v. Aidinoff,*
    900 A.2d 654 (Del. Ch. 2006)..................................................................................................9

*United States Cellular Inv. Co. of Allentown v. Bell Atl. Mobile Sys., Inc.*,
    677 A.2d 497 (Del. 1996) ........................................................................................................9

*Vandenbark v. Owens-Illinois Glass Co,*
    311 U.S. 538 (1941)...........................................................................................................5, 11

*West v. American Telephone & Telegraph Co.,*
    311 U.S. 223 (1940)..................................................................................................................5

*Zichy v. City of Philadelphia,*
    590 F.2d 503 (3d Cir. 1979).....................................................................................................11

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for breach of fiduciary duty against three directors and the controlling shareholder of a now-bankrupt public company, who exploited their positions of trust to benefit themselves through financial transactions that resulted in unjust enrichment to Ronald O. Perelman ("Perelman"), and damages to Marvel Entertainment Group, Inc. ("Marvel"), in excess of $1 billion.

Plaintiffs are Ronald Cantor, Ivan Snyder and James Scarpone, as trustees of the MAFCO Litigation Trust (the "Trust"). The Trust was created in or about July 1998 pursuant to the order of this Court confirming the plan of reorganization in the bankruptcy cases of Marvel and its affiliates. Under that order and plan, the Trust is the assignee of Marvel's claims asserted herein against the defendants. Marvel had originally asserted these claims and commenced this action as debtor-in-possession. The beneficiaries of the Trust are the former unsecured creditors and shareholders of Marvel as of the time the Trust was created.

At all relevant times, defendant Perelman, through corporations he wholly owned directly or indirectly, owned at least a majority of Marvel's outstanding voting stock. As Marvel consistently disclosed in its proxy statements, Perelman was able to control Marvel and elect its entire Board of Directors. Perelman himself was a director of Marvel and Chairman of the Marvel Board of Directors as well as the owner of, and a director of, the holding companies that issued the Notes described herein (the "Holding Companies"[1]).

In 1993 and 1994, Perelman and the other defendants caused the companies that held his Marvel stock to sell three tranches of notes (the "Notes"), raising $553.5 million for

---

[1] The Holding Companies were Marvel Holdings Inc., Marvel (Parent) Holdings Inc., and Marvel III Holdings Inc.

{00206227;v1}

Perelman's sole benefit. Plaintiffs allege that defendants breached their fiduciary duties to Marvel in multiple respects: *first*, by promising to restrict Marvel's financing activities in order to implement transactions that provided significant benefit to Perelman and no benefit whatsoever to Marvel; *second*, by causing Marvel to participate in the transactions—for example by providing the underwriters with free access to Marvel for their due diligence, by delivering opinion letters from Marvel's general counsel to the underwriters and by causing Marvel personnel to help market and sell the Notes at the road shows for potential investors; and *third*, by failing to consider and avoid the actual, adverse consequences to Marvel of the Note transactions and Indenture restrictions.

In an opinion dated July 12, 2005, the United States Court of Appeals for the Third Circuit reversed a grant of summary judgment to defendants and ordered plaintiffs' claims to trial. The Court of Appeals stated, *inter alia*:

> The record before us would support a finding that Perelman's companies received $553.5 million in financing they would not otherwise have been able to secure by committing to prevent Marvel from taking certain actions and by utilizing Marvel's corporate resources to market that financing. And, given the nature of the restrictions imposed, the commitment was one that could be effectuated only by exercising the defendants' control of Marvel's board of directors.

*Cantor v. Perelman*, 414 F.3d 430, 435 (3d Cir. 2005).

With respect to defendants' statute of limitations defense, the Third Circuit separately analyzed that defense as to plaintiffs' unjust enrichment claim and plaintiffs' claim for compensatory damages. As to unjust enrichment, the Court of Appeals ruled that the defense is not available to defendants: "In brief, the benefit of the statute of limitations will be denied to a corporate fiduciary who has engaged in fraudulent self-dealing." *Id*. at 439.

As to plaintiffs' claim for compensatory damages, the Third Circuit agreed with defendants in part, ruling that plaintiffs could not recover damages based on the issuance of the first tranche of Notes, although plaintiffs' claim for damages based on the issuance of the second and third tranches would be determined at trial.[2]

In rejecting the statue of limitations defense with respect to plaintiffs' claim for unjust enrichment, the Third Circuit Court of Appeals relied upon the decisions of the Delaware Supreme Court in *Bovay v. H.M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A.2d 808 (Del. 1944) and *Laventhol Krekstein, Horwath and Horwath v. Tuckman*, 372 A.2d 168 (Del. 1976).  The Third Circuit ruled that plaintiffs' unjust enrichment claim is entirely timely and not barred by the doctrine of laches.  *Cantor*, 414 F.3d at 439-40.

On July 25, 2005, defendants filed a Petition for Rehearing or Rehearing *En Banc* ("Petition") with the Third Circuit.  Defendants argued to the Court of Appeals, as they now argue in this motion, that plaintiffs' unjust enrichment claim is governed by a three-year statute of limitations, not laches as the Third Circuit had ruled.  (Petition at 6-14.)  On August 5, 2005, the Third Circuit denied defendants' Petition.[3]

In their motion to this Court, defendants are presenting arguments that have been twice-rejected by the Court of Appeals – and, as we show below, the law has not changed.

---

[2] In light of the Third Circuit's ruling, the trial in this action will involve plaintiffs' claim for unjust enrichment in the amount of approximately $1.5 billion (which includes pre-judgment interest at the Delaware legal rate) and claim for damages in the amount of approximately $1.8 billion (which also includes pre-judgment interest).

[3] To avoid submitting unnecessary paper, we are not attaching as exhibits defendants' brief to the Third Circuit, their Petition for Rehearing or the Third Circuit's order denying rehearing, but we would be happy to submit copies if that would be helpful.

## SUMMARY OF THE ARGUMENT

Defendants argue that recent decisions of the Delaware Court of Chancery constitute "supervening new law" that warrant reversal of the decision by the Third Circuit as to plaintiffs' unjust enrichment claim in respect of the first tranche of Notes. In fact, these Chancery Court decisions are no different from, and rely upon, the same cases that defendants cited to the Third Circuit when the Third Circuit held that *Bovay* and *Laventhol* – decisions from Delaware's highest court – were controlling. Absent an explicit decision from the Delaware Supreme Court overruling *Bovay* and *Laventhol*, defendants' motion is totally inappropriate and improper. In their current motion for partial summary judgment, defendants are simply improperly asking this court to overrule the Third Circuit.

Moreover, defendants have failed to respect the admonition of this Court, that defendants should not file yet-another pretrial motion unless the grant of the motion would reduce the time and evidence required for trial. Defendants do not even attempt to explain how granting their motion would change the roster of witnesses, or the scope of the testimony and exhibits that would be offered at trial. To the contrary, even without an unjust enrichment claim based upon the first tranche of Notes, there would likely be the same witnesses, giving practically the same testimony, because this case involves a central set of facts that pertain to all three Note transactions. Indeed, even with the Third Circuit dismissing plaintiffs' damages claim as to the first tranche of Notes, defendants have made clear that they intend to present evidence of that tranche because their theory (which plaintiffs dispute) is that any damages caused by defendants were caused by the issuance of the first tranche of Notes. (D.I. 504, Defs.' Pretrial Memorandum, Dec. 15, 2006 at 28.) Thus, under defendants' own theory of the case, the first tranche will remain an important subject of evidence at trial regardless of whether the unjust enrichment claim pertains to all three tranches or just the second and third.

# ARGUMENT

## I.

### THE THIRD CIRCUIT CORRECTLY CONCLUDED, BASED UPON DECISIONS FROM DELAWARE'S SUPREME COURT, THAT THE STATUTE OF LIMITATIONS DOES NOT BAR PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT

It is well established that in applying the substantive law of a particular state, a federal court will look first to that state's highest court, and only to the lower courts if the highest court has not addressed the issue. *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 237 (1940); *see also Vandenbark v. Owens-Illinois Glass Co,* 311 U.S. 538, 543 (1941) (holding that a federal court sitting in diversity must apply state law in accordance with the "controlling decision of the highest state court."). That is exactly what the Third Circuit did here. It looked to the decisions from Delaware's highest court – *Bovay* and *Laventhol* – that directly addressed whether a corporate fiduciary who has engaged in self-dealing may avail himself of the statute of limitations to block an equitable claim.

Quoting *Laventhol*, the Third Circuit noted: "'Generally speaking, an action in the Court of Chancery for damages or other relief which is legal in nature is subject to the statute of limitations rather than the equitable doctrine of laches.'" *Cantor*, 414 F.3d at 439 (quoting *Laventhol*, 372 A.2d at 169-70). Thus, plaintiffs' claim for compensatory damages, but not plaintiffs' claim for unjust enrichment, is governed by the statute of limitations and applicable tolling doctrines. *Cantor*, 414 F.3d at 440-41. At trial, plaintiffs will present evidence (including expert testimony) that the damages to Marvel as a result of the issuance of the second and third tranches of Notes was in a range up to $617 million, or approximately $1.8 billion with prejudgment interest.

Plaintiffs' claim for unjust enrichment, however, is not governed by the statute of limitations, but rather by the doctrine of laches. Again, the Third Circuit relied upon *Laventhol*, which in turn relied upon *Bovay*. The *Laventhol* court recognized that there is "an established exception" to the application of the statute of limitations where a corporate fiduciary "had engaged in fraudulent self-dealing." *Cantor*, 414 F.3d at 439 (quoting *Laventhol*, 372 A.2d at 70 (citing *Bovay*, 27 Del. Ch. 381, 38 A.2d 808)). The Third Circuit went on to conclude that its "survey of the Delaware cases decided since *Laventhol* provides no persuasive basis for believing that the *Bovay* exception to the general rule is no longer viable, *at least as applied to situations in which a fiduciary has enriched himself by breaching his fiduciary duty*." *Cantor*, 414 F.3d at 439 (emphasis added). Applying the doctrine of laches, the Third Circuit determined that all of plaintiffs' claims for unjust enrichment are timely as to all three tranches of Notes. *Id.* at 439-40. At trial, plaintiffs will present evidence that as of the time of the Note issuances, defendants were unjustly enriched in the amount of $553.5 million, or approximately $1.5 billion with prejudgment interest.

## II.

### DEFENDANTS ARE IMPROPERLY ATTEMPTING TO REARGUE THE THIRD CIRCUIT'S DECISION BEFORE THIS COURT

The law-of-the-case doctrine prevents parties from relitigating an issue "that was unambiguously identified, properly presented and ably and vigorously argued by extremely able counsel of all parties." *In re Continental Airlines, Inc.*, 279 F.3d 226, 233 (3d Cir. 2002). The doctrine's application "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citations omitted)). The doctrine has particular relevance where, as is the case here, an appellate court has ruled on a matter and then the same legal

question is raised in the trial court after the case has been remanded for further proceedings. *Id.* at 233. As the Third Circuit has held, the doctrine "limits relitigation of an issue once it has been decided" by an appellate court, and parties become "bound" by a "previous decision and are precluded from avoiding its mandate." *Id.* at 232-33.

Defendants contend that the law of the case does not apply here because a denial of their motion for summary judgment is an interlocutory, not final, order that the district court is free to revisit. (Defs. Br. at 10.)[4] While it is true that a trial court can reconsider its *own* interlocutory rulings (including denials of summary judgment), a trial court is not free to reconsider a ruling on an issue of law that has already been decided by an appellate court in the same case.

In the cases relied upon by defendants, a court was reconsidering its own prior rulings. *See Council Tree Commc'ns, Inc. v. F.C.C.*, 503 F.3d 284, 292 (3d Cir. 2007) (merits panel reconsidering decision of motion panel); *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515-16 (4th Cir. 2003) (considering power of district court to reconsider its prior decision granting partial summary judgment); *LeGrande v. Aluminum Co. of America*, 2007 WL 1452969, at *2 (M.D.N.C. May 17, 2007) (district court reconsidering its prior denial of summary judgment in light of newly presented evidence). In none of these cases was a district court reconsidering an issue of law that had been decided by a court of appeals.

Where a legal issue has been decided by an appellate court, that decision is the law of the case on remand. For example, in *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132 (8th Cir. 2007), the district court granted summary judgment to the defendant, the Eighth Circuit

---

[4] "Defs. Br." refers to Defendants' Opening Brief in Support of Their Motion for Partial Summary Judgment.

reversed, on remand the district court again granted summary judgment to the defendant, and the plaintiff appealed again. *Id*. at 1133. The Eight Circuit held that defendant's

> second motion for summary judgment presented the same legal issue that we resolved in our first decision on an evidentiary record that is not substantially different from the record that we considered originally. Accordingly, the law of the case dictates that the motion for summary judgment should have been denied. We therefore reverse the district court's grant of summary judgment and remand the case for trial on [plaintiff's] claims under USERRA.

*Id*. at 1133. As in *Maxfield*, defendants are asking this Court to revisit legal issues addressed by the Court of Appeals, even though there have been no factual developments or change in the law since the Third Circuit's ruling. The law of the case precludes such a result. *See also TA Instruments, Inc. v. Perkin-Elmer Corp.,* 277 F. Supp. 2d 367, 375 (D. Del. 2003) ("when the case has been reviewed by the appellate court and remanded to the district court, … the appellate court's opinion becomes the law of the case.").

### III.

### THERE HAS BEEN NO SUPERVENING CHANGE IN THE LAW

Only in "extraordinary circumstances" does the law of the case doctrine not apply, for example, where "a supervening new law has been announced." *In re City of Philadelphia Litig.,* 158 F.3d 711, 718 (3d Cir. 1998). Defendants argue that the Chancery Court decisions on which they rely constitute supervening law that is "inconsistent with the ruling of the Third Circuit." (Defs. Br. at 9.) According to defendants, the law in Delaware has changed since the Third Circuit's decision so that now the three-year statute of limitations applies "in all circumstances except where the plaintiffs did not have inquiry notice of their claims." (Defs. Br. at 8.)

This is just another rehash of the argument defendants unsuccessfully presented to the Third Circuit in their briefing on the merits of plaintiffs' appeal, and in their subsequent Petition for Rehearing. Then, defendants argued that "modern Delaware case law applies the three-year statute of limitations in law and equity…." (Brief for Appellees, dated Dec. 15, 2006, at 66.) They asserted that plaintiffs' unjust enrichment claims were "time-barred" because *Bovay* no longer stood "as an exception to the statute of limitations for claims of fiduciary self-dealing, but rather as a rule of tolling of the applicable limitations period up until a plaintiff has reasonable notice of a claim." (Petition at 2, 14.)

Contrary to defendants' assertion that there has been a "supervening" change in Delaware law, the Court of Chancery cases cited by defendants rely upon the same pre-2006 cases that defendants previously cited to the Third Circuit. (*See* Defs. Br. at 5-8; *In re Tyson Foods, Inc.*, 919 A.2d 563, 584-85 n.43, 50 (Del. Ch. 2007) (citing *In re Dean Witter P'Ship Litig.*, 1998 WL 442456, at *3, *6 (Del. Ch. July 17, 1998)); *Smith v. McGee*, 2006 WL 3000363, at *3 n.7 (Del. Ch. Oct. 16, 2006) (citing *Fike v. Ruger*, 754 A.2d 254, 260 (Del. Ch. 1999)); *In re Coca-Cola Enters., Inc.*, 2007 WL 3122370, at *4 n.34 (Del. Ch. Oct. 17, 2007) (quoting *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1064 (Del. Ch. 1989)); *Teachers' Retirement Sys. of Louisiana v. Aidinoff,* 900 A.2d 654, 665 n.10 (Del. Ch. 2006) (citing *Orloff v. Shulman*, 2005 WL 3272355, at *9 (Del. Ch. Nov. 23, 2005) (citing *United States Cellular Inv. Co. of Allentown v. Bell Atl. Mobile Sys., Inc.*, 677 A.2d 497, 502 (Del. 1996)). As the Third Circuit held, there is no reason to believe that the pre-2006 cases cited by defendants then cast doubt on the continued viability of the *Bovay* exception; and there is no reason to conclude that the cases cited by defendants now and which rely upon those same pre-2006 cases would change the conclusion reached by the Third Circuit.

Most importantly, decisions of the Court of Chancery cannot change the law established by the Delaware Supreme Court. This case is therefore fundamentally different from *Lund v. Chemical Bank*, 1990 WL 17711 (S.D.N.Y. Feb. 20, 1990), relied upon by defendants, where the supervening change in the law came from an appellate court, not from the trial court. In *Lund*, the Second Circuit Court of Appeals had made a ruling based upon decisions from New York State trial courts. *Id*. at *3. Subsequently, an intermediate state appellate court issued the "first fully reported New York state decision that directly addresse[d]" the matter, and that decision specifically noted its disagreement with the Second Circuit's opinion, calling it "'unpersuasive.'" *Id*. (quoting *State v. Barclays Bank of New York, N.A.,* 151 A.D.2d 19, 22, 546 N.Y.S.2d 479, 481 (3d Dep't 1989)). Under those circumstances, the District Court held that it would not follow the Second Circuit's prior ruling based on trial court decisions, but would follow the more recent decision from the state appellate court.

This case might have been analogous to *Lund* if the Third Circuit had based its ruling on Court of Chancery decisions, and then there was a subsequent ruling from the Supreme Court of Delaware that went the other way. But just the opposite happened here. The Third Circuit based its ruling on decisions from the Delaware Supreme Court, and defendants now contend that decisions from the lower Court of Chancery constitute a change in the law. *Lund* thus provides no support for defendants' contention that there has been a "supervening" change in the law.[5]

---

[5] Defendants also point to *Levy v. Sterling Holding Co., LLC*, 475 F. Supp. 2d 463 (D. Del. 2007), but that case would not support a decision by this Court to depart from the Third Circuit's ruling. In *Levy*, the Third Circuit noted that the SEC's interpretation of its rule had not been set forth "clearly," and the SEC therefore subsequently issued an interpretive ruling "to eliminate uncertainty generated by" the Third Circuit's decision. *Id*. at 469, 471. The *Levy* court was deferring to the interpretation of the agency that promulgated the rule. Here, it is the

In fact, given the pronouncements from the Delaware Supreme Court, the recent Court of Chancery cases cited by defendants (none of which mentions *Bovay* or *Laventhol* anyway) would not be binding on the Third Circuit because Court of Chancery opinions obviously cannot change law established by the Delaware Supreme Court.[6] As numerous authorities recognize, only the highest court has the power to change law that has been established by that court. *See e.g.*, *Vandenbark*, 311 U.S. at 543 (trial court should follow decisions of Ohio Supreme Court which overruled prior decisions); *Zichy v. City of Philadelphia*, 590 F.2d 503, 508 (3d Cir. 1979) (prior decision not binding in light of intervening decision of United States Supreme Court).

Given the rare circumstances in which there has truly been a "supervening" change in the law, district courts routinely reject attempts to re-litigate issues that have been decided by the Courts of Appeal. As one court in this District noted:

> a trial court's power to reconsider a question is very limited after the appeals court has issued a mandate on the question and the matter is again before the trial court on remand or other subsequent proceedings. The proper course for plaintiff to follow if it believes that subsequent decisions have cast doubt on the correctness of the Third Circuit's … ruling … is to apply to the Third Circuit for a modification or recall of its mandate. This Court's acceptance of plaintiff's invitation to 'reverse' the Third Circuit surely would invite a later reversal from that court…

---

Delaware Supreme Court, not the Court of Chancery, that has responsibility for determining the law of Delaware, and it has already spoken on the issue in *Bovay* and *Laventhol*.

[6] In *Norman v. Elkin*, 2007 WL 2822798 (D. Del. Sept. 26, 2007), also cited by defendants, the District Court (Farnan, J.) denied the defendants' motion for summary judgment based on the statute of limitations in light of the facts and claims asserted in that case. The *Norman* decision has no persuasive authority here, where the Third Circuit has already addressed the issues of laches and statutes of limitation based on the facts and claims in this case.

*Devex Corp. v. General Motors Corp.*, 638 F. Supp. 940, 943 (D. Del. 1986) (citations omitted). For the same reasons, this Court should reject defendants' invitation to "reverse" the Third Circuit here.

### IV.

### GRANTING DEFENDANTS' MOTION WOULD NOT STREAMLINE TRIAL

During a teleconference with the parties on March 17, 2008, the Court noted the following with respect to defendants' proposed motion:

> [I]f there is three separate series of events, and so by deciding a motion in defendants' favor, necessarily, a third of the evidence does not have to be addressed, and so the trial can be two-thirds, only two-thirds as long, then it's important for me to make a decision today.
>
> If this case involves basically a central set of facts regardless of the motion, then I'm not sure what we would be accomplishing by inserting a motion practice in a very old case that needs to come to conclusion.

(Transcript of Mar. 17, 2008 teleconference at 7:5-13.) Defendants represented that their motion practice "would greatly simplify the damages presentation and it does eliminate an entire series of facts related to one of the issues of note[s]." (*Id*. at 8:6-8.)

Defendants' motion does not even attempt to explain what witnesses or testimony would actually be eliminated if their motion were granted. In point of fact, there would be little change in the nature and quantity of evidence presented at trial because the central facts behind each tranche of Notes – and plaintiffs' claims and defendants' defenses – are substantially the same.

In all three Note transactions, Perelman and the other defendants used their fiduciary positions for personal gain – obtaining personal benefits by imposing restrictions on Marvel. In all three transactions, Perelman and defendants William C. Bevins and Donald G.

Drapkin held conflicted roles as directors of Marvel and directors of the Marvel Holding Companies when they commandeered Marvel's resources and cooperation for Perelman's personal benefit. In all three transactions, there was no committee of independent directors, no special counsel, and no financial advisor to determine whether it would be consistent with Marvel's interests to facilitate the Note transactions, and, if so, on what terms. And the parties' experts used the same methodologies with respect to all three tranches of Notes.

Notably, defendants make substantially similar arguments on the merits with respect to all three tranches, and they even rely upon the first tranche as part of their defense with respect to the second and third tranches. Defendants contend that the second and third tranches did not cause any damages because any harm had already been caused by the first tranche. (D.I. 504, Defs.' Pretrial Memorandum, Dec. 15, 2006 at 28.) So even without a claim based on the first tranche, a trial will (under defendants' theory of the case) still involve a presentation of evidence regarding the first tranche.

In short, defendants have made no showing that a grant of their motion would eliminate a single trial witness or reduce the testimony or evidence at trial in any significant manner, if at all.

## **CONCLUSION**

For the reasons set forth above, plaintiffs respectfully submit that defendants' motion for partial summary judgment should be denied in all respects.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*
        _____
        Lawrence C. Ashby (I.D. 468)
        Philip Trainer, Jr. (I.D. 2788)
        Tiffany Geyer Lydon (I.D. 3950)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, Delaware 19899
        (302) 654-1888

        -and-

        FRIEDMAN KAPLAN SEILER &
          ADELMAN LLP
        Edward A. Friedman
        Andrew W. Goldwater
        Daniel B. Rapport
        Jonathan Gottfried
        1633 Broadway
        New York, New York 10019-6708
        (212) 833-1100

        *Attorneys for Plaintiffs*

Dated: April 3, 2008