IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD CANTOR, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | No. 97-586-SLR |
| RONALD O. PERELMAN, *et al.*, | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
 (302) 651-3000
Email: Paul.Lockwood@skadden.com
Attorneys for Defendants

DATED: April 10, 2008

## TABLE OF CONTENTS

**PAGE**

TABLE OF CASES AND AUTHORITIES ................................................................................. i

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 3

I.  THIS COURT IS NOT BOUND TO FOLLOW THE THIRD CIRCUIT'S DECISION OVER THE RECENT DELAWARE CASE LAW THAT IS DIRECTLY ON POINT. ................................................................................................ 3

   A.  Four Recent Delaware Cases Have Clarified A Previously Open Issue Of Delaware Law. ............................................................................................. 3

   B.  Decisions Below The Level Of A State's Highest Court Can Serve As Supervening Law That Justifies Not Applying The Law Of The Case Doctrine. ......................................................................................................... 8

II. DEFENDANTS FOLLOWED THE COURT'S INSTRUCTIONS IN FILING THIS MOTION ............................................................................................... 11

CONCLUSION ......................................................................................................................... 13

## TABLE OF CASES AND AUTHORITIES

**CASES**                                                                                                                         **PAGE(S)**

*Blair v. Sealift, Inc.*,
　　1995 WL 273542 (E.D. La. May 8, 1995), *aff'd*, 91 F.3d 755 (5th Cir. 1996) ........ 9

*Bokat v. Getty Oil Co.*,
　　262 A.2d 246 (1970), *overruled on other grounds*,
　　*Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004) ............ 6

*Bovay v. H.M. Byllesby & Co.*,
　　38 A.2d 808 (Del. 1944) .................................................................................. 4, 5, 6

*Cantor v. Perelman*,
　　414 F.3d 430 (3d Cir. 2005) .................................................................................. 2, 5

*Cantor v. Perelman*,
　　No. 97-586 (SLR), trans. (March 17, 2008) ............................................................ 11

*In re Coca-Cola Enters., Inc. S'holders Litig.*,
　　C.A. No. 1927-CC, 2007 WL 3122370 (Del. Ch. Oct. 17, 2007) ........................ 1, 7

*Devex Corp. v. General Motors Corp.*,
　　638 F. Supp 940 (D. Del. 1986), *aff'd mem.*,
　　822 F.2d 52 (3d Cir. 1987), *cert. granted, vacated*, 487 U.S. 1213 (1988) ........ 9, 10

*Kahn v. Seaboard Corp.*,
　　625 A.2d 269 (Del. Ch. 1992) ................................................................................ 6

*Laventhol, Krekstein, Horwath & Horwath v. Tuckman*,
　　372 A.2d 168 (Del. 1976) ................................................................................. 4, 5, 6

*Levy v. Sterling Holding Co., LLC*,
　　475 F. Supp. 2d 463 (D. Del. 2007) ....................................................................... 7

*Lund v. Chem. Bank*,
　　No. 84-1621(RWS), 1990 WL 17711 (S.D.N.Y. Feb. 20, 1990) ........................ 8, 9

*Paolella v. Browning-Ferris, Inc.*,
　　158 F.3d 183 (3d Cir. 1998) .................................................................................... 9

*Rhone-Poulenc Surfactants & Specialities, L.P. v. Comm'r of Internal Revenue*,
　　249 F.3d 175, 177 (3d Cir. 2001) ............................................................................ 3

*Smith v. McGee*,
 C.A. No. 2101-S, 2006 WL 3000363 (Del. Ch. Oct. 16, 2006) .......................... 1, 7

*Teachers' Ret. System of La. v. Aidinoff*,
 900 A.2d 654 (Del. Ch. 2006) ................................................................. 1, 7

*In re Tyson Foods, Inc. Consolidated S'holder Litigation*,
 919 A.2d 563 (Del. Ch. 2007) ................................................................ 1, 7, 8

*Vandenbark v. Owens-Illinois Glass Co.*,
 311 U.S. 538 (1941) .................................................................................. 10

*Vujosevic v. Rafferty*,
 844 F.2d 1023 (3d Cir. 1988) .................................................................... 10

*Zichy v. City of Philadelphia*,
 590 F.2d 503 (3d Cir. 1979) ...................................................................... 10

**AUTHORITIES**

Donald J. Wolfe, Jr., Michael A. Pittenger, CORPORATE AND COMMERCIAL
PRACTICE IN THE DELAWARE COURT OF CHANCERY, § 1-1 (2007) ........................ 9

**PRELIMINARY STATEMENT**

Plaintiffs' opposition brief is notable for the argument that it does not make. Plaintiffs are unable to argue that their claim based on the Holdings Notes can survive summary judgment under the statute of limitations framework established in the four recent Court of Chancery decisions cited in the Opening Brief. Thus, it is undisputed (and indisputable) that if this case were filed in the Court of Chancery today, the Court of Chancery would dismiss the claim based on the Holdings Notes as untimely.

As a result, Plaintiffs only argue that this Court is bound to follow the Third Circuit's outdated decision under the law of the case doctrine. Yet Plaintiffs expressly concede that the law of the case doctrine does not apply where there has been a supervening change in the law. Here, there has been such a change in the law. *See In re Tyson Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563 (Del. Ch. 2007) (applying three-year statute of limitations to claims for unjust enrichment and equitable disgorgement); *Smith v. McGee*, C.A. No. 2101-S, 2006 WL 3000363 (Del. Ch. Oct. 16, 2006) (same); *Teachers' Ret. Sys. of La. v. Aidinoff*, 900 A.2d 654 (Del. Ch. 2006) (same); *In re Coca-Cola Enters., Inc. S'holders Litig.*, C.A. No. 1927-CC, 2007 WL 3122370 (Del. Ch. Oct. 17, 2007) (same).

Plaintiffs contend that the supervening law exception is inapplicable here because, according to Plaintiffs, the Third Circuit previously rejected similar Court of Chancery decisions in favor of applying the Third Circuit's own prediction of how the Delaware Supreme Court would rule. There are two problems with this argument. First, as of July 2005 (when the Third Circuit handed down its opinion), no Delaware case at any level had directly addressed the precise issue raised in this case: whether the statute

of limitations bars a fiduciary duty claim requesting unjust enrichment/equitable disgorgement remedies where the plaintiff had notice of their claim for more than three years before filing suit. Since 2005, four cases have directly held that the statute of limitations bars such claims in those circumstances. As those cases did not exist in July 2005, the Third Circuit had no opportunity to consider them.

Second, the Third Circuit's opinion contains no analysis rejecting any of the decisions of the Court of Chancery. *See Cantor v. Perelman*, 414 F.3d 430, 439 (3d Cir. 2005). Rather, the Third Circuit expressly held that its "survey" of existing Delaware case law -- which, again, did *not* include any case addressing the issue presented here -- supported applying an exception to the statute of limitations. *Id.* Such a conclusion was a reasonable interpretation of the existing Delaware case law in 2005, but it is no longer tenable in light of the string of recent Delaware cases directly on point. As a result, the Court should follow the recent Delaware case law and grant Defendants' motion for partial summary judgment on the grounds that the fiduciary duty claims requesting unjust enrichment/equitable disgorgement are barred by Delaware's three-year statute of limitations.

2

# ARGUMENT

## I. THIS COURT IS NOT BOUND TO FOLLOW THE THIRD CIRCUIT'S DECISION OVER THE RECENT DELAWARE CASE LAW THAT IS DIRECTLY ON POINT.

While Plaintiffs argue that the law of the case doctrine compels the Court to deny this motion, Plaintiffs concede that the law of the case doctrine does not apply when there has been a supervening change in the law. (*See* Pl. Opp. Br. at 8 (citing *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)) (D.I. 517)) As described below, there has been a supervening change in Delaware law that renders the law of the case doctrine inapplicable on this motion for summary judgment. Under that supervening case law, summary judgment should be granted in favor of Defendants on the claim arising from the Holdings Notes.[1]

### A. Four Recent Delaware Cases Have Clarified A Previously Open Issue Of Delaware Law.

It cannot be disputed that if this lawsuit were filed in the Delaware Court of Chancery today, then the Court of Chancery would dismiss the unjust enrichment claim relating to the Holdings Notes as untimely, based on four recent cases that are directly on point. (*See* Op. Br. at 4-9 (D.I. 513)) Indeed, Plaintiffs do not, because they cannot, try to reconcile the recent Court of Chancery case law with the Third Circuit's opinion refusing to apply the statute of limitations to Plaintiffs' request for unjust enrichment/equitable disgorgement.

---

[1] In any event, the Third Circuit's denial of summary judgment is not a final and binding order. *See Rhone-Poulenc Surfactants & Specialities, L.P. v. Comm'r of Internal Revenue*, 249 F.3d 175, 177 (3d Cir. 2001) (denial of "summary judgment on the ground that the Commissioner's assessment is time-barred" was not final). Accordingly, the law of the case doctrine does not apply. (*See* Op. Br. at 10)

3

Instead, Plaintiffs argue that this Court should ignore the four clear holdings of the Court of Chancery that are directly on point because those cases "rely upon the same pre-2006 [sic] cases that defendants previously cited to the Third Circuit." (Pl. Opp. Br. at 5, 9) None of the previously cited pre-2005 cases, however, addressed the key issue decided by the Third Circuit – whether claims for unjust enrichment/equitable disgorgement are subject to Delaware's three-year statute of limitations. *In fact, Plaintiffs' brief filed with the Third Circuit made this point*:

> Plaintiffs acknowledge that their alternative claims for damages, as discussed in section II.B below, are subject to the statute of limitations. **But the authorities cited by defendants that concern a claim for damages or relief equivalent to damages are inapplicable to plaintiffs' claims for disgorgement.** *See, e.g. United States Cellular,* 677 A.2d at 502; *In re Marvel Entertainment,* 273 B.R. 58, 70 (D. Del. 2002); *Kerns v. Jukes,* C.A. No. 1999-S, 2004 WL 766529, at *4 (Del. Ch. April 2, 2004); *In re Dean Witter Partnership Litig.,* Consol. C.A. No. 14816, 1998 WL 442456, at *1 (Del. Ch. Jul. 17, 1998), *aff'd,* 725 A.2d 441 (Table), 1999 WL 87385 (Del. Jan. 6, 1999); *East v. Tansey,* C.A. No. 1592, 1993 WL 487807, at *2 (Del. Ch. Oct. 22, 1993); *In re USACafes, L.P. Litig.,* C.A. No. 11146, 1993 WL 18769, at *1 (Del. Ch. Jan. 21, 1993); *Atlantis Plastics Corp. v. Sammons,* 558 A.2d 1062, 1064 (Del. Ch. 1989).

(Reply Brief of Appellants at 23 n.6 (emphasis added) (Ex. A hereto))[2]

Tellingly, Plaintiffs are no longer able to make this argument. Thus, by not distinguishing the recent Delaware case law (especially in light of the fact that they *were* able to distinguish the pre-2005 case law), Plaintiffs implicitly concede that the relevant Delaware law has changed since 2005.

---

[2] Notably, Plaintiffs did not even cite *Laventhol, Krekstein, Horwath & Horwath v. Tuckman,* 372 A.2d 168, 169-70 (Del. 1976), or *Bovay v. H.M. Byllesby & Co.,* 38 A.2d 808 (Del. 1944), in their briefs to the Third Circuit. (See Reply Brief of Appellants at 21-23) Plaintiffs' position was that the modern Delaware case law supported their view that the statute of limitations did not apply to claims requesting monetary relief for unjust enrichment/equitable disgorgement. *Id.*

4

If these four recent cases had been issued before the Third Circuit's 2005 decision, the Third Circuit could not have reached the same conclusion on the statute of limitations defense. Contrary to Plaintiff's suggestion, the Third Circuit did not reject modern Court of Chancery decisions on point in favor of its own prediction of how the Delaware Supreme Court would rule based on decades old case law. Rather, the Third Circuit accepted Plaintiffs' argument that *all* of the Delaware case law then supported applying the statute of limitations to breach of fiduciary duty claims seeking money damages for self-dealing, but not to breach of fiduciary duty claims requesting unjust enrichment/equitable disgorgement. *Cantor*, 414 F.3d at 439-40. The Third Circuit rested its conclusion on two old Supreme Court cases, *Laventhol, Krekstein, Horwath & Horwath v. Tuckman*, 372 A.2d 168, 169-70 (Del. 1976), and *Bovay v. H.M. Byllesby & Co.*, 38 A.2d 808 (Del. 1944), as well as a survey of all subsequent Delaware cases. *Id.* at 439 ("Our survey of the Delaware cases decided since *Laventhol* provides for no persuasive basis for believing that the *Bovay* exception to the general rule is no longer viable, at least as applied to situations in which a fiduciary has enriched himself by breaching his fiduciary duty."). There can be no doubt that the Third Circuit's survey of Delaware cases decided since *Laventhol* would support the opposite conclusion today -- Plaintiffs are unable even to contest that point.

Plaintiffs next argue that the recent Court of Chancery decisions should be ignored because they fail to follow purportedly controlling Delaware Supreme Court case law. But there is no Delaware Supreme Court that addresses whether the statute of limitations bars fiduciary duty claims seeking monetary remedies in the form of unjust enrichment/equitable disgorgement where the plaintiff had notice of his claim more than

three years before filing suit. Three old Delaware Supreme Court cases, *Bovay, Laventhol,* and *Bokat v. Getty Oil Co.*, 262 A.2d 246 (Del. 1970) *overruled on other grounds, Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), discuss how the statute of limitations applies to fiduciary duty claims, but not in the specific context at issue here. In *Bovay*, a 1944 case, the Delaware Supreme Court held that where fiduciaries enriched themselves to the detriment of the corporation, they should not have the protection of the statute of limitations. *Bovay*, 38 A.2d at 820. Nearly thirty years later, in *Bokat*, the Delaware Supreme Court distinguished *Bovay* on the grounds that the *Bovay* plaintiffs had been ignorant of the defendants' actionable self-dealing, and applied the statute of limitations to a self-dealing breach of fiduciary duty claim where the plaintiffs had knowledge of their claim three years before naming the defendant. *Bokat*, 262 A.2d at 251. Thus, *Bokat* imports an important tolling concept into the "*Bovay* exception." Next, in *Laventhol*, the Delaware Supreme Court expanded the "*Bovay* exception" to claims against non-fiduciaries accused of aiding and abetting a breach of fiduciary duty. 372 A.2d at 170-71. Notably in *Laventhol,* as in *Bovay,* the plaintiff was not alleged to have knowledge of his claims, so *Bokat*'s tolling element was not discussed. *See id.*

These three Supreme Court cases left the scope of the so-called "*Bovay* exception" unclear until 1992, when Chancellor Allen harmonized *Bovay, Laventhol* and *Bokat* in *Kahn v. Seaboard Corp.*, 625 A.2d 269 (Del. Ch. 1992). *Kahn* established a rule that "the statute of limitations applies, but is tolled in derivative actions charging actionable self-dealing, until the shareholders knew or had reason to know of the facts constituting the alleged wrong." *Id.* at 276. As noted above, the rule applied in *Kahn* clearly governed claims for money damages, *see id.* at 274, but it remained an open question

6

whether it applied to other forms of monetary relief, such as equitable disgorgement.

As of July 2005, when the Third Circuit issued its opinion, the distinction between money damages and unjust enrichment/equitable disgorgement employed by the Third Circuit was a plausible outcome of a survey of the Delaware case law, but it is no longer a tenable reading of that case law today. *See In re Tyson Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563 (Del. Ch. 2007) (applying three-year statute of limitations to fiduciary duty claims seeking unjust enrichment/equitable disgorgement); *Smith v. McGee*, C.A. No. 2101-S, 2006 WL 3000363 (Del. Ch. Oct. 16, 2006) (same); *Teachers' Ret. Sys. of La. v. Aidinoff*, 900 A.2d 654 (Del. Ch. 2006) (same); *In re Coca-Cola Enters., Inc. S'holders Litig.*, C.A. No. 1927-CC, 2007 WL 3122370 (Del. Ch. Oct. 17, 2007) (same). The clarification of Delaware law found in these four cases, which makes it impossible to apply the *Bovay* exception in the manner it was applied by the Third Circuit, is a supervening change in the law.[3]

---

[3] Plaintiffs' attempt to distinguish Judge Sleet's decision in *Levy v. Sterling Holding Co., LLC*, 475 F. Supp. 2d 463 (D. Del. 2007) ("*Levy*"), only confirms how analogous that case is to this one. Plaintiffs argue that the District Court in *Levy* was not required to follow the Third Circuit's decision because, at the time the Third Circuit issued its opinion, the SEC's interpretation of its rules "had not been set forth 'clearly'," and the SEC subsequently clarified its position in a manner contrary to the Third Circuit's interpretation. (Pl. Opp. Br. at 10 n.5) Similarly, here, when the Third Circuit ruled, it was unclear whether the Delaware courts would apply the statute of limitations to a claim for breach of fiduciary duty requesting monetary relief for unjust enrichment/equitable disgorgement, but that point of law has since been clarified. Thus, as in *Levy*, this Court should follow the newly clarified law and need not blindly follow the Third Circuit's decision. *See Levy*, 475 F. Supp. 2d at 472.

7

### B. Decisions Below The Level Of A State's Highest Court Can Serve As Supervening Law That Justifies Not Applying The Law Of The Case Doctrine.

Plaintiffs argue that the four recent decisions by the Court of Chancery "would not be binding on the Third Circuit because Court of Chancery opinions obviously cannot change law established by the Delaware Supreme Court." (Pl. Opp. Br. at 11) Of course, if there were Delaware Supreme Court cases refusing to apply the statute of limitations where a plaintiff, with knowledge of his claims for more than three years, seeks monetary relief for unjust enrichment, then the Court of Chancery and this Court would both be bound to follow it -- but no such cases exist. As discussed above, Delaware law was unclear on this point when the Third Circuit issued its decision in July 2005. Delaware law is now unmistakably clear. Four different Chancery Court opinions have reviewed the relevant law on the statute of limitations when applied to the exact situation at issue here, and all four have ruled identically. It is highly unlikely that all four completely misapprehend the likely decision of the Delaware Supreme Court if it were to address this question in the future. Indeed, in dismissing a claim for unjust enrichment, the Chancellor of the State of Delaware held: "*[N]o theory* will toll the statute beyond the point where the plaintiff was objectively aware, or should have been aware, of facts giving rise to the wrong. Even where a defendant uses every fraudulent device at its disposal to mislead a victim or obfuscate the truth, no sanctuary from the statute will be offered to the dilatory plaintiff who was not or should not have been fooled." *Tyson*, 919 A.2d at 585 (emphasis added; citation omitted).

Furthermore, contrary to Plaintiffs' argument, for law of the case purposes, a supervening change in state law can result from a decision by a court other than the highest court in the state. *See Lund v. Chem. Bank*, No. 84-1621(RWS), 1990 WL 17711,

8

at *2 (S.D.N.Y. Feb. 20, 1990) (following decision by state intermediate appellate court as supervening law instead of prior ruling of Second Circuit); *Blair v. Sealift, Inc.*, 1995 WL 273542, at *6 (E.D. La. May 8, 1995) ("The Fifth Circuit and two other United States courts of appeals have found that an intervening state appellate court decision which alters existing state law should be recognized as a change in controlling authority."), *aff'd*, 91 F.3d 755 (5th Cir. 1996). Indeed, under Third Circuit law, the decisions of lower state courts should guide this Court in diversity matters. *See Paolella v. Browning-Ferris, Inc.*, 158 F.3d 183, 189 (3d Cir. 1998) ("Absent a definitive statement of the applicable law by the state's highest court, a district court may also consider the decisions of state intermediate appellate courts in order to facilitate its prediction."). While Delaware has only one appellate court, the Delaware Court of Chancery is, at the very least, entitled to the respect of an intermediate appellate court, particularly in matters of Delaware corporate law. "In the estimation of many qualified observers, the [Delaware Court of Chancery] is one of the most broadly influential tribunals in the United States with respect to matters of corporate law and among the most respected with regard to other complex business and commercial matters over which it has jurisdiction." Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY, § 1-1 (2007). Thus, the Court should follow the Court of Chancery's decisions as a supervening change in the law. *See Lund*, 1990 WL 17711, at *2.

In support of their request that the Court disregard four recent decisions of the Court of Chancery on a matter of Delaware corporate law, Plaintiffs quote at length from *Devex Corp. v. General Motors Corp.*, 638 F. Supp. 940 (D. Del. 1986), *aff'd mem.*,

9

822 F.2d 52 (3d Cir. 1987), *cert. granted, vacated,* 487 U.S. 1213 (1988), a case that has nothing to do with the issues raised by this motion. In *Devex*, the plaintiffs asked the District of Delaware to follow a decision by the Federal Circuit instead of a controlling decision of the Third Circuit as to a matter of *federal* law. *Devex*, 638 F. Supp at 942-43. The *Devex* plaintiffs' motion was absurd as district courts are bound to follow federal law as construed by the Circuit in which they sit. *See Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 (3d Cir. 1988) ("It is, of course, patent that a district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent."). Thus, unsurprisingly, the *Devex* opinion rejects the plaintiffs' request with strong language. *Devex*, 638 F. Supp at 942-43. That language quoted from *Devex* in Plaintiffs' Opposition Brief has no bearing whatsoever on whether the Court of Chancery decisions should be accorded status as supervening state law in a diversity case.[4]

---

[4] Plaintiffs also cite *Zichy v. City of Phila.*, 590 F.2d 503 (3d Cir. 1979), and *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538 (1941), two more cases that do not address whether a decision by a lesser state court constitutes supervening law. In *Zichy*, the Third Circuit reconsidered its position on an issue of federal law following a supervening decision by the United States Supreme Court. 590 F.2d at 508. In *Vandenbark*, the Supreme Court held that a federal appellate court sitting in a diversity must apply state law as of the time of its decision on appeal and not the state law as it existed at the time of the judgment. *Vandenbark,* 311 U.S. at 540. While the intervening state law in *Vandenbark* happened to be a decision by the Ohio Supreme Court reversing a previously settled issue of Ohio law, the case contains no language limiting the supervening law exception to decisions by the highest court of the state. *See id. Vandenbark* actually supports granting Defendants' motion – it holds that federal courts are bound to apply the current version of state law at all stages of the case. *See id.*

10

II. **DEFENDANTS FOLLOWED THE COURT'S INSTRUCTIONS IN FILING THIS MOTION.**

Finally, Plaintiffs criticize Defendants for purportedly failing to comply with the Court's request that Defendants explain in detail the witnesses or testimony that would be eliminated if the motion for summary judgment were granted. (Pl. Opp. Br. at 12) The transcript of the March 17, 2008 teleconference shows that the Court did not condition the filing of a motion for summary judgment on such a showing.[5] Plaintiffs base their argument on a preliminary exchange between counsel and the Court during the teleconference. (*Cantor v. Perelman*, No. 97-586 (SLR), trans. at 7 (March 17, 2008) (D.I. 515)) Later in the same transcript, the Court ruled that Defendants could make such a motion subject to the following conditions:

> Now, with respect to a motion practice, Mr. Allingham, *if, in fact, you believe that there are issues of law that do not involve any disputed issues of fact, I certainly will allow you to file a motion to that effect.* However, *the motion practice has to be concluded no later than mid-May*, to allow me the opportunity to actually decide the motions prior to the pretrial conference, and earlier, obviously, if I can, although this is the problem. You are among many, many motions, and you are kind of getting late in line for me to decide these in time to do us much good with respect to settlement or even with respect to changing the nature of the trial, but if you want to file a motion, you need to do it soon, because the sooner you file your motion, the more time I have theoretically to resolve it to help this case in terms of its ultimate resolution.
>
> But if I find that there are disputed issues of fact involved, I will give it short shrift and deny it and we'll go to trial, and all this will be brought up in post-trial briefing.

(*Id.* at 11-12 (emphasis added))

---

[5] If such a showing were required, Defendants can make it. As Defendants previously explained to the Court, a decision granting summary judgment on the Holdings Notes would eliminate more than half of the relief sought by Plaintiffs and would therefore, at the very least, simplify the remedy phase of the trial. Such a ruling might also eliminate the need for a trial altogether by spurring the parties to settle the remaining claims.

11

Defendants have scrupulously followed the Court's instructions. This motion presents a purely legal question: should the Court apply the statute of limitations to Plaintiffs' request for unjust enrichment/equitable disgorgement in accordance with the four recent Delaware cases that do so, or should the Court strictly follow the Third Circuit's 2005 decision even though it was issued without the benefit of the recent Delaware case law? No facts are needed to answer this pure question of law. In addition, the motion has been fully briefed over a month ahead of the Court's stated deadline. Thus, under the instructions given by the Court at the March 17, 2008 teleconference, Defendants properly filed this motion for partial summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment to Defendants on all claims based on the Holdings Notes.

          /s/ Paul J. Lockwood
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
Email: Paul.Lockwood@skadden.com
Attorneys for Defendants

DATED:  April 10, 2008