# EXHIBIT A

04-1790 & 04-2896

IN THE

# United States Court of Appeals
## FOR THE THIRD CIRCUIT

RONALD CANTOR, IVAN SNYDER and JAMES A. SCARPONE,
as TRUSTEES OF THE MAFCO LITIGATION TRUST,

*Plaintiffs-Appellants,*

—v.—

RONALD O. PERELMAN, MAFCO HOLDINGS INC., MACANDREWS & FORBES HOLDINGS INC., ANDREWS GROUP INCORPORATED, WILLIAM C. BEVINS and DONALD G. DRAPKIN,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## REPLY BRIEF OF PLAINTIFFS-APPELLANTS

EDWARD A. FRIEDMAN
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
DANIEL B. RAPPORT
EMILY A. STUBBS
FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

LAWRENCE C. ASHBY
PHILIP TRAINER, JR.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiffs-Appellants Ronald Cantor, Ivan Snyder and James A. Scarpone, as Trustees of the MAFCO Litigation Trust*

## II.

## PLAINTIFFS' CLAIMS ARE NOT TIME-BARRED

### A.  Plaintiffs' Claims for Disgorgement Are Timely

As plaintiffs explained in their opening brief, the timeliness of plaintiffs' request for disgorgement is governed by the doctrine of laches, which requires that a defendant show that he suffered "prejudice . . . arising from an unreasonable delay by plaintiff in bringing the claim." *Fike v. Ruger*, 752 A.2d 112, 113 (Del. 2000). In response, defendants assert that: (1) the three-year statute of limitations found in DEL. C. ANN. tit. 10, § 8106, not laches, governs the timeliness of plaintiffs' claims for disgorgement; and (2) even under the doctrine of laches, plaintiffs' claims for disgorgement are not timely. Plaintiffs submit that defendants are wrong on both counts.

### 1.  Laches, Not the Statute of Limitations, Governs

While the statute of limitations may create a "presumptive time period" for application of laches to bar a claim for damages, that presumption "is relevant *only* to the plaintiffs' claims for money damages." *Technicorp Int'l II*, 2000 WL 713750, at *6 n.15 (citing *United States Cellular Inv. Co. v. Bell Atlantic Mobile Sys., Inc.*, 677 A.2d 497, 502 (Del. 1996) (emphasis added)). The statute does not create any presumption with respect to a claim for equitable relief, such as the claims for disgorgement asserted here. *See* 2000 WL 713750, at *6 n.15 (presumption created by

354508.2

21

statute of limitations "leaves unaffected the claims for equitable relief, including, specifically, the claims for a constructive trust for all property derived from the wrongfully diverted funds . . . .").

Defendants nonetheless contend that "[w]here, as here, the equitable relief sought is 'the mere recovery of money,' the three-year statue of limitations applies." (Def. Br. at 67 (citing *Fike v. Ruger*, 754 A.2d 254, 260 (Del. Ch. 1999), *aff'd*, 752 A.2d 112 (Del. 2000))). Defendants have misread *Fike*, which actually supports plaintiffs' position. In *Fike*, the Chancery Court applied the doctrine of laches to the claims of both plaintiffs (and held the claims to be barred), and also held that the claims of one of the plaintiffs were barred by the statute of limitations. 754 A.2d at 261-62. In an opinion ignored by defendants, the Delaware Supreme Court affirmed on the ground of laches, not statute of limitations, notwithstanding the fact that the plaintiffs were seeking money. 752 A.2d at 113-14. Thus, it is difficult to understand how defendants can rely on *Fike* to support their contention that plaintiffs' claims here are subject to the statute of limitations, rather than laches.

Moreover, even if the *Fike* court had held that the statute of limitations should be applied to the claims therein, those claims were very different from the disgorgement claims plaintiffs assert here. In *Fike*, the

354508.2

22

plaintiffs were seeking an accounting to determine their share of a partnership distribution. Such an equitable claim might be viewed (although apparently not by the Supreme Court in *Fike*) as analogous to a claim for damages, and thus subject to the statute of limitations. In the instant case, however, plaintiffs' request for disgorgement (*i.e.*, the unjust enrichment obtained by defendants) is fundamentally distinct from a claim for damages, such as plaintiffs' alternative request for damages (*i.e.*, the actual harm suffered by Marvel).[6]

### 2. There Was No Unreasonable Delay and Defendants Have Not Suffered Any Prejudice

"What constitutes unreasonable delay is a question of fact dependent largely upon the particular circumstances. No rigid rule has ever

---

[6] Plaintiffs acknowledge that their alternative claims for damages, as discussed in section II.B. below, are subject to the statute of limitations. But the authorities cited by defendants that concern a claim for damages or relief equivalent to damages are inapplicable to plaintiffs' claims for disgorgement. *See, e.g., United States Cellular*, 677 A.2d at 502; *In re Marvel Entertainment*, 273 B.R. 58, 70 (D. Del. 2002); *Kerns v. Dukes*, C.A. No. 1999-S, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004); *In re Dean Witter Partnership Litig.*, Consol. C.A. No. 14816, 1998 WL 442456, at *1 (Del. Ch. Jul. 17, 1998), *aff'd*, 725 A.2d 441 (Table), 1999 WL 87385 (Del. Jan 6, 1999); *East v. Tansey*, C.A. No. 1592, 1993 WL 487807, at *2 (Del. Ch. Oct. 22, 1993); *In re USACafes, L.P. Litig.*, C.A. No. 11146, 1993 WL 18769, at *1 (Del. Ch. Jan. 21, 1993); *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1064 (Del. Ch. 1989).