IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                            :
                                            :
RONALD CANTOR, IVAN SNYDER and              :
JAMES A. SCARPONE, as TRUSTEES OF           :
THE MAFCO LITIGATION TRUST,                 :
                                            :   Civil Action No. 97-586 (SLR)
                Plaintiffs,                 :
                                            :
                                            :
        - against -                         :
                                            :
RONALD O. PERELMAN,                         :
MAFCO HOLDINGS INC.,                        :
MacANDREWS & FORBES HOLDINGS INC.,          :
ANDREWS GROUP INCORPORATED,                 :
WILLIAM C. BEVINS and                       :
DONALD G. DRAPKIN,                          :
                                            :
                Defendants.                 :
                                            :
-------------------------------------------------------------x
```

## TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT

Plaintiffs Ronald Cantor, Ivan Snyder and James A. Scarpone, as Trustees (the "Trustees") of the MAFCO Litigation Trust (the "Trust"), by and through their counsel Ashby & Geddes and Friedman Kaplan Seiler & Adelman LLP, hereby move this Court to enter an order in the form attached hereto as Exhibit 1 approving the Settlement Agreement, dated June 16, 2008, a copy of which is attached hereto as Exhibit 2. In support of this motion, the Trustees respectfully represent as follows:

556473.8

# I.

## INTRODUCTION

1.     After ten years of litigation, the parties have entered into a Settlement Agreement that will resolve all issues in this action (the "Action"). The Trustees, in consultation with their counsel, have determined and strongly believe that settlement of the Action on the terms of the Settlement Agreement is in the best interest of the Trust.

2.     Pursuant to the Settlement Agreement, defendant Mafco Holdings Inc. (now known as MacAndrews & Forbes Holdings Inc. and referred to herein as "Mafco") has agreed to pay, on behalf of all defendants, $80 million to the Trust; the Trustees and defendants have agreed to exchange releases; and the parties have agreed to a dismissal with prejudice of the Action, all subject to the entry of the order requested herein approving the Settlement Agreement and such order becoming final and non-appealable. Mafco has agreed to pay the settlement amount on August 19, 2008, provided that the approval order has been issued and become final and non-appealable on or before that date.

3.     The Settlement Agreement is the result of arm's-length negotiations between the Trustees and the defendants over the last two years, which culminated in a successful mediation before Magistrate Judge Mary Pat Thynge in June 2008.

4.     All three of the Trustees have signed the Settlement Agreement, and all three Trustees join in this application. The Trustees are and have been

556473.8                                    2

represented by experienced and competent counsel at all times during the course of this litigation and in the settlement negotiations.

5.    Under the MAFCO Litigation Trust Agreement (the "Trust Agreement"), the Trustees "have exclusive power to settle or otherwise compromise the MAFCO Litigation Claims, subject, however to District Court approval." A copy of the Trust Agreement is attached hereto as Exhibit 3.

6.    By this application, the Trustees are asking the Court to approve the Settlement Agreement and enter the order requested herein as promptly as practicable.

## II.

## BACKGROUND

7.    On December 27, 1996, Marvel Entertainment Group, Inc., The Asher Candy Company, Fleer Corp., Frank H. Fleer Corp., Heroes World Distribution, Inc., Malibu Comics Entertainment, Inc., Marvel Characters, Inc., Marvel Direct Marketing, Inc., and Skybox International, Inc. (collectively, "Marvel") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8.    As debtor in possession, Marvel commenced the Action on October 30, 1997, asserting claims for breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, against, *inter alia*, Ronald O. Perelman, MacAndrews & Forbes Holdings Inc. (f/k/a Mafco Holdings, Inc. and referred to herein as "Mafco"), MacAndrews & Forbes Inc. (f/k/a MacAndrews & Forbes Holdings, Inc.), Andrews

Group Incorporated, William C. Bevins, and Donald G. Drapkin (the "MAFCO Defendants").

9.      On July 31, 1998, this Court confirmed the Fourth Amended Joint Plan of Reorganization for Marvel (the "Plan"), and approved the creation of the Trust. A copy of the Plan is attached hereto as Exhibit 4; a copy of the order dated July 31, 1998 confirming the Plan (the "Confirmation Order") is attached hereto as Exhibit 5. The purpose of the Trust was, *inter alia*, to vest in the Trustees the ownership of Marvel's interest in the causes of action asserted against the MAFCO Defendants in the Action (the "MAFCO Litigation Claims"), and the responsibility to litigate and/or settle such claims. (Exhibit 3, Trust Agreement §2.02.)

10.      On or about October 1, 1998, Ronald Cantor, Ivan Snyder and James Scarpone became the Trustees of the Trust pursuant to the Trust Agreement. Mr. Cantor was designated by the Equity Committee in the Marvel bankruptcy, Mr. Snyder was designated by the Unsecured Creditors' Committee, and Mr. Scarpone was designated by the Court-appointed Chapter 11 Trustee (former Third Circuit Judge John Gibbons). (*Id.* § 10.01.) Mssrs. Cantor, Snyder and Scarpone have served continuously as Trustees since the inception of the Trust.

11.      The beneficiaries of the Trust are the holders of Allowed Unsecured Claims, holders of Allowed Class Securities Claims and holders of Allowed Equity Interests in Marvel. (*Id.*, fifth "WHEREAS" clause.) Two of the Trustees – Mr. Cantor (as a former Marvel shareholder) and Mr. Snyder (as one of Marvel's unsecured creditors) – are themselves beneficiaries of the Trust and thus have personal

interests aligned with the interests of the other beneficiaries. All of the Trustees are

sophisticated business people familiar with complex commercial matters, and they have

retained as counsel the undersigned firms, both of which have extensive experience in

litigating complex corporate and commercial cases on behalf of sophisticated clients.

## III.

## TRUST AGREEMENT PROVISIONS CONCERNING LITIGATION AND SETTLEMENT

12.    Section 3.02 of the Trust Agreement provides that "the whole title

to all the MAFCO Litigation Trust's assets [including the MAFCO Litigation Claims]

shall be vested in the MAFCO Litigation Trustees . . . ."

13.    The Trust Agreement vests broad and exclusive powers in the

Trustees with respect to the Action, including the "exclusive power to initiate, prosecute,

supervise and direct the MAFCO Litigation Claims." (*Id.* § 7.01(e).) The Trustees also

"have exclusive power to settle or otherwise compromise the MAFCO Litigation Claims,

subject, however, to District Court approval." (*Id.* § 7.01(f).)

14.    Section 4.01 of the Trust Agreement specifically provides that the

Trustees should prosecute the Action and try to conclude a settlement as expeditiously as

possible: the "Trustees shall at all times endeavor to prosecute, direct, settle or

compromise expeditiously the MAFCO Litigation Claims, so as to distribute the

Distribution Proceeds to the Beneficiaries and terminate the MAFCO Litigation Trust as

soon as practicable . . . ."

15.    The Trust Agreement does not authorize the beneficiaries to play any role in the prosecution or settlement of the Action (*id.* § 11.01), and does not entitle the beneficiaries to any voting rights with respect to their interests in the Trust or the management thereof (*id.* § 3.01(b)). The "sole right" of the beneficiaries is the contingent right to receive a share of Trust assets if there are Distributable Proceeds available at the conclusion of the Action. (*Id.* § 3.01.)

16.    The Trust Agreement requires the Trustees to file semi-annual reports with the Court concerning the status of the MAFCO Litigation Claims "including material developments, such as settlements . . . ." (*Id.* § 13.01.) The Trust Agreement does not require any other notice or reporting to beneficiaries or other persons. Pursuant to Section 13.01, beneficiaries may obtain copies of reports filed with the Court at their "request and cost." (*Id.*)

**IV.**

**JURISDICTION AND PRIOR PROCEEDINGS IN THE ACTION**

17.    Section 7.10 of the Plan, as well as Section 12.01 of the Trust Agreement, provides that the Court shall have jurisdiction over the Trustees, the Trust and the MAFCO Litigation Claims. Section 14.1 of the Plan provides that the Court may retain jurisdiction, *inter alia*, to determine any and all applications relating to the MAFCO Litigation Claims. In Paragraph 28 of the Confirmation Order, the Court specifically retained jurisdiction over those matters set forth in Section 14.1 of the Plan. In the *Final Decree Closing Case of Marvel Entertainment Group, Inc.*, Case No. 97-638 (KAJ), this Court specifically retained jurisdiction over all aspects of this Action.

18.     On December 28, 1998, the Trustees filed an Amended Complaint in the Action (D.I. 107), and thereafter moved to be substituted as plaintiffs (D.I. 109-10). The Court granted the Trustees' motion for substitution by order dated December 29, 1999. (D.I. 120.) On or about September 14, 2001, the Trustees moved for leave to file a Second Amended Complaint. (D.I. 149.) The Court granted the Trustees' motion on January 10, 2002 (D.I. 160), and on or about January 28, 2002, the MAFCO Defendants answered the Second Amended Complaint (D.I. 165).

19.     The claims in the Second Amended Complaint were based on the issuance of three tranches of notes by holding companies indirectly wholly owned by defendant Mafco – Marvel Holdings, Inc., Marvel (Parent) Holdings, Inc. and Marvel III Holdings Inc. – which held a majority of Marvel's common stock. (*See* D.I. 149.) The Second Amended Complaint alleged that the MAFCO Defendants breached their fiduciary duties, or aided and abetted a breach of fiduciary duty, in connection with the issuance of the notes.

20.     After extensive discovery and proceedings before this Court, the parties filed cross motions for summary judgment on March 22, 2002. At the time the parties filed these motions, the Action was set for trial before District Judge McKelvie in May 2002.

21.     Before the date scheduled for start of trial, however, Judge McKelvie retired. The case was then reassigned to Judge Jordan.

22.     On December 9, 2002, Magistrate Judge Thynge issued a report and recommendation with respect to the pending summary judgment motions. Magistrate

556473.8                                                    7

Judge Thynge recommended denial of the Trustees' motion and granting in substantial part the MAFCO Defendants' motion. (D.I. 384-85.) On February 18, 2004, the Court (Jordan, D. J.) issued a Memorandum Order adopting the Magistrate Judge's report and dismissing virtually all of plaintiffs' claims. (D.I. 404.) Plaintiffs appealed to the U.S. Court of Appeals for the Third Circuit.

23.     On July 12, 2005, the Court of Appeals (a) reversed the grant of summary judgment in favor of the MAFCO Defendants on the Trustees' unjust enrichment claims, (b) reversed the grant of summary judgment in favor of the MAFCO Defendants on the Trustees' damage claims with respect to the issuance of notes by Marvel (Parent) Holdings Inc. and Marvel III Holdings Inc., (c) affirmed the summary judgment in favor of the MAFCO Defendants on the Trustees' damage claim with respect to the issuance of notes by Marvel Holdings Inc., (d) affirmed the District Court's denial of partial summary judgment in favor of the Trustees, and (e) remanded the Action to the District Court for trial. (D.I. 422.)

24.     On remand, the parties engaged in further discovery, prepared and exchanged additional expert reports (submitted by eight different experts, all of whom were deposed), filed a joint pre-trial order, briefed and argued *Daubert* and *in limine* and other motions (all of which were decided by this Court), and submitted pre-trial briefs. Over the Trustees' objection, the Court ruled that all the claims were triable to the Court, not a jury. Trial was set to begin on January 2, 2007, but was postponed when then-District Judge Jordan was elevated to the Third Circuit. By Order dated March 18, 2008, the Court scheduled trial to begin on August 18, 2008.

25.    In sum, this matter has been vigorously litigated for over a decade. Counsel for the Trustees have reviewed hundreds of thousands of pages of documents, taken and defended thirty-five depositions, and propounded and responded to dozens of other discovery requests.  The parties have briefed and argued multiple significant motions, as well as an appeal to the Third Circuit.

**V.**

**RELIEF REQUESTED**

26.    The Trustees have determined, after consultation with counsel, that the Settlement Agreement is fair and reasonable, and in the best interests of the Trust and its beneficiaries.  By this motion, they respectfully request that the Court approve the Settlement Agreement in accordance with section 7.01(f) of the Trust Agreement.

27.    The principal reason for the Trustees' decision to enter into the Settlement Agreement is the value of the settlement measured against the considerable uncertainty as to the ultimate outcome of the Action, as well as the timing of that outcome if the parties proceed to trial (and the likely appeal by one side or the other).

28.    The Trustees recognize that the ultimate outcome of a trial could be less favorable than the settlement amount of $80 million now being offered by defendants.  The Trustees also recognize that the MAFCO Defendants have presented a vigorous defense in the Action, and would continue to do so if this case proceeds to trial. The Trustees understand that at any trial of the Action, the MAFCO Defendants would argue that the claims asserted against them lack merit, and that the measure of recovery sought by the Trustees is not supported by the law or facts.  While the Trustees would be

prepared to present experts in support of monetary recoveries greater than the settlement amount, the Trustees recognize that the MAFCO Defendants deny all liability and would present experts at trial who would testify that damages recoverable by the Trust, if any, are in the range of zero to a figure substantially less than the settlement amount. In light of these factors, the Trustees strongly believe that the Settlement Agreement is the best resolution that can be achieved under the circumstances.

29.    Consistent with the requirements of section 4.01 of the Trust Agreement, the Trustees believe that it is in the best interest of the Trust and the beneficiaries to conclude the settlement as expeditiously as possible. Due to circumstances beyond the control of the parties and the Court – for example, the requisite reassignment of the case due to the retirement of one District Judge and the elevation of another, and the time required for appellate proceedings and further extensive pretrial proceedings on remand – the Action has been pending for ten years. At the present time, in light of the agreed-upon settlement terms, it is in the best interest of the Trust, and consistent with the terms of the Trust Agreement, to finalize the settlement and distribute the Distributable Proceeds to the beneficiaries as soon as possible.

30.    In their consideration and negotiation of the Settlement Agreement, the Trustees have acted in accord with their fiduciary duties to all the beneficiaries and the exclusive authority vested in them to conduct and settle the Action. The Trustees have carefully considered the strengths and weaknesses of the case. Unlike any individual beneficiary whose views could represent such beneficiary's self-interest or

personal agenda, the Trustees have exercised their judgment in the best interests of the Trust as a whole and all of the beneficiaries.

31.    The Trustees believe that it would be irresponsible for them to reject the $80 million settlement offer and risk the outcome and delay of a trial and appeal (especially since this Court once previously decided that the Trustees' claims should be dismissed as a matter of law, and, now, even if the Trustees prevail after trial, the amount of any recovery is highly uncertain).  Accordingly, the Trustees believe that the Settlement Agreement represents a prudent and favorable resolution of the Action that should be approved by the Court.

32.    The Trustees believe that the papers submitted herewith constitute everything that is necessary for the Court's consideration and approval of this application.  But if the Court requires any additional information, the parties and their counsel are prepared to supply whatever is necessary at the Court's convenience.

33.    The Trustees have served this application on the defendants and filed it with the Court.  All the defendants have consented to the granting of this application and the Court's issuance of the order requested herein.  The Trustees will request that the Court schedule a deadline for the filing of any objections to this motion, and a hearing to consider this motion.  The Trustees will then provide notice of this motion to the beneficiaries of the Trust, and the notice will include the dates set by the Court for the filing of objections and the hearing.

34.    Should the Court approve the Settlement and enter the order requested, and once the order becomes final and the Settlement Amount is paid, the

556473.8

Trustees will proceed expeditiously under Section 4.01 of the Trust Agreement to distribute the Distributable Proceeds to the beneficiaries of the Trust.

**VI.**

**CONCLUSION**

35.    For all of the foregoing reasons, the Trustees respectfully request that the Court approve the Settlement Agreement, and enter the proposed order that is attached hereto as Exhibit 1.

Dated: June 20, 2008

ASHBY & GEDDES

_____
Lawrence C. Ashby (I.D. 468)
Philip Trainer, Jr. (I.D. 2788)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
(302) 654-1888

-and-

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
1633 Broadway
New York, New York  10019
(212) 833-1100

*Attorneys for Plaintiffs Ronald Cantor, Ivan Snyder, and James A. Scarpone, Trustees of the MAFCO Litigation Trust.*

556473.8                                12