# EXHIBIT 2

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement is made and entered into as of the 16th day of June 2008, by and between: (i) Ronald Cantor, Ivan Snyder and James A. Scarpone, in their capacity as the Trustees of the MAFCO Litigation Trust (the "Trustees"); and (ii) Ronald O. Perelman ("Perelman"); William C. Bevins ("Bevins"); Donald G. Drapkin ("Drapkin"); MacAndrews & Forbes Holdings Inc. (f/k/a Mafco Holdings Inc. and referred to herein as "Mafco"), a corporation organized under the laws of the State of Delaware; MacAndrews & Forbes Inc. (f/k/a MacAndrews & Forbes Holdings Inc. and referred to herein as "MacAndrews & Forbes"), a corporation organized under the laws of the State of Delaware; and Andrews Group Incorporated ("Andrews"), a corporation organized under the laws of the State of Delaware.

WHEREAS on December 27, 1996, Marvel Entertainment Group, Inc. and certain of its subsidiaries (collectively, "Marvel") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States District Court for the District of Delaware (the "District Court");

WHEREAS on October 30, 1997, Marvel commenced an action (the "Action") in the District Court against, *inter alia*, Perelman, Bevins, Drapkin, Mafco, MacAndrews & Forbes and Andrews (collectively, the "MAFCO Defendants") for damages resulting from the MAFCO Defendants' alleged breaches, and aiding and abetting of breaches, of fiduciary duties to Marvel;

WHEREAS the MAFCO Defendants disputed Marvel's management's authority to file the Action on behalf of the plaintiffs named therein;

WHEREAS on July 31, 1998, the District Court confirmed the Fourth Amended Joint Plan of Reorganization for Marvel, and approved the creation of the MAFCO Litigation Trust (the "Trust");

WHEREAS on or about October 1, 1998, Ronald Cantor, James Scarpone and Ivan Snyder became the Trustees of the MAFCO Litigation Trust pursuant to the MAFCO Litigation Trust Agreement, dated October 1, 1998 (the "Trust Agreement");

WHEREAS Marvel contributed to the Trust all of its interest in the causes of action asserted against the MAFCO Defendants in the Action (the "MAFCO Litigation Claims");

WHEREAS the Trustees agreed, pursuant to and through the Trust Agreement, to prosecute, direct, settle or compromise the MAFCO Litigation Claims for the benefit of the beneficiaries of the Trust (being holders of allowed unsecured claims, certain allowed litigation claims and allowed equity interests) and to hold and distribute net proceeds derived from such claims in accordance with the Trust Agreement;

WHEREAS the Action is currently pending in the District Court under the caption *Ronald Cantor, Ivan Snyder and James A. Scarpone, as Trustees of the MAFCO Litigation Trust v. Ronald O. Perelman, Mafco Holdings Inc., MacAndrews & Forbes Holdings Inc., Andrews Group Incorporated, William C. Bevins and Donald G. Drapkin*, Civil Action No. 97-586 (SLR);

WHEREAS the Trustees and the MAFCO Defendants wish to settle and compromise the MAFCO Litigation Claims on the terms set forth herein (including the payment of the Settlement Amount as defined herein, the compromise of all claims for damages in the Action and the dismissal of all claims for disgorgement);

WHEREAS the MAFCO Defendants continue to deny any wrongdoing and wish to settle the Action solely to avoid the burden, expense and uncertainty of continued litigation;

WHEREAS the Trustees have the exclusive power under Section 7.01(f) of the Trust Agreement to settle or otherwise compromise the MAFCO Litigation Claims, subject, however, to District Court approval;

**Execution Copy**

NOW, THEREFORE, the Trustees and the MAFCO Defendants hereby agree as follows:

1.     <u>Settlement Amount</u>.  Sixty days after the execution of this Settlement Agreement (the "Payment Date"), Mafco, on behalf of all of the MAFCO Defendants, shall pay to the Trustees, solely in their collective capacity as trustees of the Trust, in accordance with paragraph 2 hereof the sum of eighty million dollars ($80,000,000) (the "Settlement Amount"), provided that if the Effective Date (as defined below) has not occurred on or before the Payment Date, then, on the Effective Date, Mafco (on behalf of all of the MAFCO Defendants) shall pay to the Trustees in accordance with paragraph 2 hereof the Settlement Amount plus interest on the Settlement Amount at the rate of the federal funds rate as reported in the Wall Street Journal on the Payment Date for the period from the Payment Date to the date payment is actually made. "Effective Date" means the date that is five (5) calendar days after the "Approval Order," as defined in the immediately following sentence, becomes final and non-appealable.  "Approval Order" means a court order approving this Settlement Agreement or approving an amended form of settlement agreement executed by the authorized representatives of the parties.  The term "Settlement Amount" as used hereafter shall include any interest payable pursuant to this paragraph.

2.     <u>Payment Instructions</u>.  The Settlement Amount shall be paid via wire transfer, in immediately available funds, to Friedman Kaplan Seiler & Adelman LLP as attorneys for the Trustees to the following account:

> First Republic Bank
> 1230 Avenue of the Americas
> New York, NY 10020
>
> Account Name: Friedman Kaplan Seiler & Adelman LLP
>                     IOLA Account

622361.1

3

ABA Number: 321081669
Account Number: 97900019856

Contact Person:    Prior to (or, if not practical, as soon as practical after) initiating the wire transfer, please telephone Eugene A. Head, Jr. of Friedman Kaplan Seiler & Adelman LLP at (212) 833-1149 with the following information (please leave a voice mail message if need be):

    1.    Name and address of institution
    2.    Amount of funds
    3.    Federal Depository tracking number

3.    <u>No Reduction in Settlement Amount.</u>  The MAFCO Defendants agree that neither they nor any of their affiliates (defined as business entities controlled by or under common control with a MAFCO Defendant), direct or indirect parents, direct or indirect subsidiaries, divisions, successors, or assigns, will directly or indirectly:  (i) seek or accept any reduction in the Settlement Amount once this Settlement Agreement has been executed; (ii) have any interest in the Trust or its assets, including the Settlement Amount once paid and the rights of the Trust under this Settlement Agreement; or (iii) seek to recover or accept the return or payment of all or any part of the Settlement Amount.

4.    <u>Cooperation.</u>  The MAFCO Defendants shall reasonably cooperate with and support the Trustees' application for approval of the Settlement Agreement, including any appeals.  Promptly upon the full execution of the Settlement Agreement, the Trustees will file a motion for approval of the Settlement Agreement in the form of Exhibit A hereto, and provide notice of said motion to the beneficiaries of the Trust.  The MAFCO Defendants hereby agree that they do not and will not oppose the issuance by the Court of the order requested therein.  The MAFCO Defendants agree that they and their affiliates, parents, subsidiaries, divisions, successors, assigns, and, in their capacity as such, their agents, representatives, shareholders, officers, directors and counsel, shall not directly or indirectly oppose or challenge this Settlement

Agreement or interfere with or impede or delay the Trustees' efforts to obtain approval for this Settlement Agreement.

5.     <u>Trust Management</u>. Except as otherwise reasonably requested by the Trustees or directed by the Court, the MAFCO Defendants agree that they and their affiliates, parents, subsidiaries, divisions, successors, assigns, and, in their capacity as such, their agents, representatives, shareholders, officers, directors and attorneys shall not directly or indirectly take any position in any court proceedings, or make any public statement, or otherwise communicate with the beneficiaries of the Trust in their capacity as such, with respect to the management of the Trust, or the administration and distribution of or expenditures from Trust assets (including the Settlement Amount), or encourage or assist any other person in doing so.

6.     <u>Releases</u>. Upon the occurrence of both the Effective Date and the payment of the Settlement Amount as set forth in paragraph 1, then the releases set forth in paragraphs (a) and (b) below shall become effective, subject to and in accordance with the provisions of paragraphs 6(c) and 6(d):

(a)     <u>Release by Trustees</u>. In consideration of this Settlement Agreement and the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Trustees, in their capacity as Trustees, and on behalf of the Trust, and (to the extent permissible by law) on behalf of the beneficiaries of the Trust (there being no representation express or implied that the Trustees have such authority on behalf of the beneficiaries), and each of their past and present successors, predecessors and assigns, do hereby release and discharge each of the MAFCO Defendants and each of their past and present affiliates, parents, subsidiaries, divisions, successors, predecessors and assigns, and the shareholders, officers, directors, members, partners, employees, insurers, advisors, consultants,

representatives, auditors, accountants, agents and counsel of each of the foregoing (solely in their

capacities as such), from any MAFCO Litigation Claims (as defined in the MAFCO Litigation

Trust Agreement) and any and all claims, demands, liabilities, causes of action in law or equity,

rights, damages, costs (including attorneys' fees and litigation costs), obligations and losses of

any kind or nature whatsoever, known or unknown, foreseen or unforeseen, contingent or

absolute, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in

the future can or might be asserted in the Action or in any court, tribunal or proceeding

(including, but not limited to, actions arising under state, federal or common law), based upon

any conduct occurring before the date of this Settlement Agreement, which have arisen, could

have arisen, or may hereafter arise out of, or relate to, in any manner, the claims, demands,

assertions, allegations, facts, events, transactions, contracts, matters, acts, occurrences, promises,

disclosures, statements, representations, misrepresentations, omissions, or any other matter, thing

or cause whatsoever, or any series thereof, embraced, involved, or set forth in, or referred to or

otherwise related, directly or indirectly, in any way to:  (i) the Action, (ii) the facts alleged and

claims asserted in the Action, (iii) any of the MAFCO Defendants' service as directors or

officers of Marvel, or any of the Trustees' service as Trustees under the Trust Agreement, (iv)

any of the MAFCO Defendants' alleged control, directly or indirectly, of Marvel, or (v) any

notes issued by Marvel Holdings Inc., Marvel (Parent) Holdings Inc. or Marvel III Holdings Inc.;

except that nothing herein shall release any claims or causes of action in law or equity arising

under this Settlement Agreement.

      (b)    <u>Release by the MAFCO Defendants</u>.  In consideration of this Settlement

Agreement, and other good and valuable consideration, the sufficiency and receipt of which are

hereby acknowledged, the MAFCO Defendants and each of their past and present successors,

predecessors and assigns, do hereby release and discharge the Trustees, individually and in their

capacity as Trustees of the Trust, and the beneficiaries of the Trust (solely in their capacities as

beneficiaries), and each of their past and present affiliates, successors, predecessors and assigns,

and the shareholders, officers, directors, employees, insurers, advisors, consultants,

representatives, auditors, accountants, agents and counsel of each of the foregoing (solely in their

capacities as such) from any and all claims, demands, liabilities, causes of action in law or

equity, rights, damages, costs (including attorneys' fees and litigation costs), obligations and

losses of any kind or nature whatsoever, known or unknown, foreseen or unforeseen, contingent

or absolute, disclosed or undisclosed, matured or unmatured, that have been, could have been, or

in the future can or might be asserted in the Action or in any court, tribunal or proceeding

(including, but not limited to, actions arising under state, federal or common law), based upon

any conduct occurring before the date of this Settlement Agreement, which have arisen, could

have arisen, or may hereafter arise out of, or relate to, in any manner, the claims, demands,

assertions, allegations, facts, events, transactions, contracts, matters, acts, occurrences, promises,

disclosures, statements, representations, misrepresentations, omissions, or any other matter,

thing, or cause whatsoever, or any series thereof, embraced, involved, or set forth in, or referred

to or otherwise related, directly or indirectly, in any way to:  (i) the Action, or (ii) the facts

alleged and claims asserted in the Action, (iii) any of the MAFCO Defendants' service as

directors or officers of Marvel, or any of the Trustees' service as Trustees under the Trust

Agreement, (iv) any of the MAFCO Defendants' alleged control, directly or indirectly, of

Marvel, or (v) any notes issued by Marvel Holdings Inc., Marvel (Parent) Holdings Inc. or

Marvel III Holdings Inc.; except that nothing herein shall release any claims or causes of action

in law or equity arising under this Settlement Agreement.

(c)     <u>Release of Unknown Claims</u>.  The releases contained in this Settlement Agreement extend to claims that any person granting a release (the "Releasing Person") does not know or suspect to exist at the time of the release, which, if known, might have affected the Releasing Person's decision to enter into this release.  The Releasing Person will be deemed to relinquish, to the extent it is applicable, and to the full extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

(d)     In addition, the Releasing Person will be deemed to relinquish, to the extent they are applicable, and to the full extent permitted by law, the provisions, rights, and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to §1542 of the California Civil Code. The Releasing Person acknowledges that the Releasing Person may discover facts in addition to or different from those now known or believed to be true with respect to the claims being released in this Settlement Agreement, but that it is the intention of the Releasing Person to hereby completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all such claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts.  The Releasing Person warrants that the Releasing Person has read and understands §1542 of the California Civil Code and has had the opportunity to consult with and be advised by counsel regarding its meaning and effect.  The Releasing Person hereby voluntarily waives the provisions, rights, and benefits of §1542 of the California Civil Code and the provisions, rights, and benefits of any law of any state or territory

of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to §1542 of the California Civil Code.

7.    <u>If Settlement Agreement Is Not Approved</u>.  In the event that a court order denying approval of this Settlement Agreement (or as it may be amended pursuant to paragraph 1 hereof or otherwise) becomes final and non-appealable, then this Settlement Agreement shall be null and void and of no further force and effect, and the parties shall be restored to all of their rights as if this Settlement Agreement had never been entered into, and neither this Settlement Agreement nor any communications or negotiations concerning settlement of the Action or this Settlement Agreement shall be admissible in evidence at any trial, hearing or other proceeding in the Action, or otherwise.

8.    <u>No Admission</u>.  This Settlement Agreement shall not in any way be construed as an admission by the Trustees or the MAFCO Defendants of any nature.

9.    <u>Representation by Legal Counsel</u>.  Each of the Trustees and the MAFCO Defendants represents that each has been represented by legal counsel of its own choosing with respect to this Settlement Agreement, that each has been fully advised by its counsel concerning its rights and obligations with respect to execution of this Settlement Agreement, that each understands the same, and that each freely, knowingly, and voluntarily enters into this Settlement Agreement.

10.    <u>Stipulation of Dismissal</u>.  At any time after the occurrence of both the Effective Date and the Trustees' receipt of the Settlement Amount as set forth in paragraph 1, any party may file with the District Court an executed copy of the attached Stipulation of Dismissal with Prejudice, in the form annexed hereto as Exhibit B, which shall be signed in duplicate originals simultaneous with the execution of this Settlement Agreement (it being

**Execution Copy**

understood that counsel for the respective parties will hold such stipulations in escrow pending the time for filing in accord with this paragraph).

       11.    <u>Written Modification Only</u>.  This Settlement Agreement may not be amended, modified, superseded, changed, or canceled, and the terms and conditions hereof may not be waived, except by a written instrument signed by each of the parties expressly stating that it is intended to modify this Settlement Agreement.  Each party agrees that, in interpreting and applying the terms and provisions of this Settlement Agreement, no party shall be deemed the drafter of any provision, and that no presumption shall exist or be implied for or against any party as a result of who drafted any provision.

       12.    <u>Non-Assignment</u>.  Each of the parties hereto covenants and warrants that it has not assigned or pledged in any manner to any third party any claims it has or may have against another party to this Settlement Agreement or any other person released or to be released pursuant to paragraph 6.

       13.    <u>Successors and Assigns</u>.  This Settlement Agreement, and the rights and duties of the parties under this Settlement Agreement, are binding upon the parties and also shall inure to the benefit of and be binding upon their successors and assigns.

       14.    <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts, each executed counterpart constituting an original but all together only one agreement between the parties.  Facsimile or "pdf" signatures shall be treated as originals for purposes of this Settlement Agreement.  Each of the undersigned represents and warrants that it is duly authorized to execute this Settlement Agreement on behalf of the party for which it is signing.

    15.   <u>Governing Law</u>.  The laws of the State of Delaware shall govern the

validity and interpretation of this Settlement Agreement and any issues concerning the

performance by the parties of their respective duties and obligations hereunder, without regard to

Delaware's choice of law rules or principles that might otherwise refer to the substantive law of

some other jurisdiction.  Any action relating to enforcement of this Settlement Agreement will be

filed exclusively in the United States District Court for the District of Delaware and, accordingly,

each party hereto in any such action (but no other action) (i) consents to personal jurisdiction; (ii)

consents to service of process by registered mail upon counsel of record in the Action; and (iii)

waives any objection to venue.

    IN WITNESS WHEREOF, the parties intending to be legally bound, have caused

this Settlement Agreement to be executed and delivered as of the date first written above.

        RONALD CANTOR,
        as a Trustee of the MAFCO Litigation Trust

        _____(seal)

622361.1

11

**Execution Copy**

IVAN SNYDER,
as a Trustee of the MAFCO Litigation Trust

_____(seal)

JAMES A. SCARPONE,
as a Trustee of the MAFCO Litigation Trust

_____(seal)

RONALD O. PERELMAN

_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

WILLIAM C. BEVINS

_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

DONALD G. DRAPKIN

_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

MacANDREWS & FORBES HOLDINGS INC. (f/k/a
Mafco Holdings Inc.)

By:_____(seal)
        Name:
        Title:

622361.1                           12

Execution Copy

IVAN SNYDER,
as a Trustee of the MAFCO Litigation Trust


_____(seal)

JAMES A. SCARPONE,
as a Trustee of the MAFCO Litigation Trust

_____(seal)
RONALD O. PERELMAN


_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

WILLIAM C. BEVINS


_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

DONALD G. DRAPKIN


_____(seal)
By Thomas J. Allingham II, as attorney-in-fact

MacANDREWS & FORBES HOLDINGS INC. (f/k/a
Mafco Holdings Inc.)


By:_____(seal)
     Name:
     Title:

622361.1                          12

IVAN SNYDER,
as a Trustee of the MAFCO Litigation Trust

_____(seal)

JAMES A. SCARPONE,
as a Trustee of the MAFCO Litigation Trust

_____(seal)

RONALD O. PERELMAN

_____(seal)

By Thomas J. Allingham II, as attorney-in-fact

WILLIAM C. BEVINS

_____(seal)

By Thomas J. Allingham II, as attorney-in-fact

DONALD G. DRAPKIN

_____(seal)

By Thomas J. Allingham II, as attorney-in-fact

MacANDREWS & FORBES HOLDINGS INC. (f/k/a
Mafco Holdings Inc.)

By: _____(seal)
    Name: Steven Fasman
    Title: Senior V.P.

622361.1                          12

Execution Copy

MacANDREWS & FORBES INC. (f/k/a MacAndrews & Forbes Holdings Inc.)

By: _____ (seal)
   Name: Steven Fasman
   Title: Senior V.P.

ANDREWS GROUP INCORPORATED

By: _____ (seal)
   Name: Steven Fasman
   Title: Senior V.P.

622361.1

## **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                    :
RONALD CANTOR, IVAN SNYDER and      :
JAMES A. SCARPONE, as TRUSTEES OF   :
THE MAFCO LITIGATION TRUST,         :
                                    :
                                    :   Civil Action No. 97-586 (SLR)
            Plaintiffs,             :
                                    :
                                    :
         - against -                :
                                    :
                                    :
RONALD O. PERELMAN,                 :
MAFCO HOLDINGS INC.,                :
MacANDREWS & FORBES HOLDINGS INC.,  :
ANDREWS GROUP INCORPORATED,         :
WILLIAM C. BEVINS and               :
DONALD G. DRAPKIN,                  :
                                    :
            Defendants.             :
                                    :
-------------------------------------------------------------x
```

## **TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

Plaintiffs Ronald Cantor, Ivan Snyder and James A. Scarpone, as Trustees (the "Trustees") of the MAFCO Litigation Trust (the "Trust"), by and through their counsel Ashby & Geddes and Friedman Kaplan Seiler & Adelman LLP, hereby move this Court to enter an order in the form attached hereto as Exhibit 1 approving the Settlement Agreement, dated **[DATE]**, 2008, a copy of which is attached hereto as Exhibit 2. In support of this motion, the Trustees respectfully represent as follows:

# I.

## <u>INTRODUCTION</u>

1.      After ten years of litigation, the parties have entered into a Settlement Agreement that will resolve all issues in this action (the "Action"). The Trustees, in consultation with their counsel, have determined and strongly believe that settlement of the Action on the terms of the Settlement Agreement is in the best interest of the Trust.

2.      Pursuant to the Settlement Agreement, defendant Mafco Holdings Inc. (now known as MacAndrews & Forbes Holdings Inc. and referred to herein as "Mafco") has agreed to pay, on behalf of all defendants, $80 million to the Trust; the Trustees and defendants have agreed to exchange releases; and the parties have agreed to a dismissal with prejudice of the Action, all subject to the entry of the order requested herein approving the Settlement Agreement and such order becoming final and non-appealable. Mafco has agreed to pay the settlement amount on **[DATE]**, provided that the approval order has been issued and become final and non-appealable on or before that date.

3.      The Settlement Agreement is the result of arm's-length negotiations between the Trustees and the defendants over the last two years, which culminated in a successful mediation before Magistrate Judge Mary Pat Thynge in June 2008.

4.      All three of the Trustees have signed the Settlement Agreement, and all three Trustees join in this application. The Trustees are and have been represented by experienced and competent counsel at all times during the course of this litigation and in the settlement negotiations.

5.      Under the MAFCO Litigation Trust Agreement (the "Trust Agreement"), the Trustees "have exclusive power to settle or otherwise compromise the MAFCO Litigation

Claims, subject, however to District Court approval." A copy of the Trust Agreement is attached hereto as Exhibit 3.

6.    By this application, the Trustees are asking the Court to approve the Settlement Agreement and enter the order requested herein as promptly as practicable.

## II.

## BACKGROUND

7.    On December 27, 1996, Marvel Entertainment Group, Inc., The Asher Candy Company, Fleer Corp., Frank H. Fleer Corp., Heroes World Distribution, Inc., Malibu Comics Entertainment, Inc., Marvel Characters, Inc., Marvel Direct Marketing, Inc., and Skybox International, Inc. (collectively, "Marvel") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8.    As debtor in possession, Marvel commenced the Action on October 30, 1997, asserting claims for breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, against, *inter alia*, Ronald O. Perelman, MacAndrews & Forbes Holdings Inc. (f/k/a Mafco Holdings, Inc. and referred to herein as "Mafco"), MacAndrews & Forbes Inc. (f/k/a MacAndrews & Forbes Holdings, Inc.), Andrews Group Incorporated, William C. Bevins, and Donald G. Drapkin (the "MAFCO Defendants").

9.    On July 31, 1998, this Court confirmed the Fourth Amended Joint Plan of Reorganization for Marvel (the "Plan"), and approved the creation of the Trust. A copy of the Plan is attached hereto as Exhibit 4; a copy of the order dated July 31, 1998 confirming the Plan (the "Confirmation Order") is attached hereto as Exhibit 5. The purpose of the Trust was, *inter alia*, to vest in the Trustees the ownership of Marvel's interest in the causes of action asserted against the MAFCO Defendants in the Action (the "MAFCO Litigation Claims"), and the responsibility to litigate and/or settle such claims. (Exhibit 3, Trust Agreement §2.02.)

622361.1                                    3

**Execution Copy**

10.    On or about October 1, 1998, Ronald Cantor, Ivan Snyder and James Scarpone became the Trustees of the Trust pursuant to the Trust Agreement. Mr. Cantor was designated by the Equity Committee in the Marvel bankruptcy, Mr. Snyder was designated by the Unsecured Creditors' Committee, and Mr. Scarpone was designated by the Court-appointed Chapter 11 Trustee (former Third Circuit Judge John Gibbons). (*Id.* § 10.01.) Mssrs. Cantor, Snyder and Scarpone have served continuously as Trustees since the inception of the Trust.

11.    The beneficiaries of the Trust are the holders of Allowed Unsecured Claims, holders of Allowed Class Securities Claims and holders of Allowed Equity Interests in Marvel. (*Id.*, fifth "WHEREAS" clause.) Two of the Trustees – Mr. Cantor (as a former Marvel shareholder) and Mr. Snyder (as one of Marvel's unsecured creditors) – are themselves beneficiaries of the Trust and thus have personal interests aligned with the interests of the other beneficiaries. All of the Trustees are sophisticated business people familiar with complex commercial matters, and they have retained as counsel the undersigned firms, both of which have extensive experience in litigating complex corporate and commercial cases on behalf of sophisticated clients.

## III.

## TRUST AGREEMENT PROVISIONS CONCERNING LITIGATION AND SETTLEMENT

12.    Section 3.02 of the Trust Agreement provides that "the whole title to all the MAFCO Litigation Trust's assets [including the MAFCO Litigation Claims] shall be vested in the MAFCO Litigation Trustees . . . ."

13.    The Trust Agreement vests broad and exclusive powers in the Trustees with respect to the Action, including the "exclusive power to initiate, prosecute, supervise and direct the MAFCO Litigation Claims." (*Id.* § 7.01(e).) The Trustees also "have exclusive power

622361.1

to settle or otherwise compromise the MAFCO Litigation Claims, subject, however, to District Court approval." (*Id.* § 7.01(f).)

14.     Section 4.01 of the Trust Agreement specifically provides that the Trustees should prosecute the Action and try to conclude a settlement as expeditiously as possible: the "Trustees shall at all times endeavor to prosecute, direct, settle or compromise expeditiously the MAFCO Litigation Claims, so as to distribute the Distribution Proceeds to the Beneficiaries and terminate the MAFCO Litigation Trust as soon as practicable . . . ."

15.     The Trust Agreement does not authorize the beneficiaries to play any role in the prosecution or settlement of the Action (*id.* § 11.01), and does not entitle the beneficiaries to any voting rights with respect to their interests in the Trust or the management thereof (*id.* § 3.01(b)). The "sole right" of the beneficiaries is the contingent right to receive a share of Trust assets if there are Distributable Proceeds available at the conclusion of the Action. (*Id.* § 3.01.)

16.     The Trust Agreement requires the Trustees to file semi-annual reports with the Court concerning the status of the MAFCO Litigation Claims "including material developments, such as settlements . . . ." (*Id.* § 13.01.) Pursuant to Section 13.01, beneficiaries may obtain copies of reports filed with the Court at their "request and cost." (*Id.*)

**IV.**

**JURISDICTION AND PRIOR PROCEEDINGS IN THE ACTION**

17.     Section 7.10 of the Plan, as well as Section 12.01 of the Trust Agreement, provides that the Court shall have jurisdiction over the Trustees, the Trust and the MAFCO Litigation Claims. Section 14.1 of the Plan provides that the Court may retain jurisdiction, *inter alia*, to determine any and all applications relating to the MAFCO Litigation Claims. In Paragraph 28 of the Confirmation Order, the Court specifically retained jurisdiction over those

**Execution Copy**

matters set forth in Section 14.1 of the Plan.  In the *Final Decree Closing Case of Marvel Entertainment Group, Inc.*, Case No. 97-638 (KAJ), this Court specifically retained jurisdiction over all aspects of this Action.

18.    On December 28, 1998, the Trustees filed an Amended Complaint in the Action (D.I. 107), and thereafter moved to be substituted as plaintiffs (D.I. 109-10).  The Court granted the Trustees' motion for substitution by order dated December 29, 1999.  (D.I. 120.)  On or about September 14, 2001, the Trustees moved for leave to file a Second Amended Complaint.  (D.I. 149.)  The Court granted the Trustees' motion on January 10, 2002 (D.I. 160), and on or about January 28, 2002, the MAFCO Defendants answered the Second Amended Complaint (D.I. 165).

19.    The claims in the Second Amended Complaint were based on the issuance of three tranches of notes by holding companies indirectly wholly owned by defendant Mafco – Marvel Holdings, Inc., Marvel (Parent) Holdings, Inc. and Marvel III Holdings Inc. – which held a majority of Marvel's common stock.  (*See* D.I. 149.)  The Second Amended Complaint alleged that the MAFCO Defendants breached their fiduciary duties, or aided and abetted a breach of fiduciary duty, in connection with the issuance of the notes.

20.    After extensive discovery and proceedings before this Court, the parties filed cross motions for summary judgment on March 22, 2002.  At the time the parties filed these motions, the Action was set for trial before District Judge McKelvie in May 2002.

21.    Before the date scheduled for start of trial, however, Judge McKelvie retired.  The case was then reassigned to Judge Jordan.

22.    On December 9, 2002, Magistrate Judge Thynge issued a report and recommendation with respect to the pending summary judgment motions.  Magistrate Judge

Thynge recommended denial of the Trustees' motion and granted in substantial part the MAFCO

Defendants' motion. (D.I. 384-85.) On February 18, 2004, the Court (Jordan, D. J.) issued a

Memorandum Order adopting the Magistrate Judge's report and dismissing virtually all of

plaintiffs' claims. (D.I. 404.) Plaintiffs appealed to the U.S. Court of Appeals for the Third

Circuit.

      23.     On July 12, 2005, the Court of Appeals (a) reversed the grant of summary

judgment in favor of the MAFCO Defendants on the Trustees' unjust enrichment claims,

(b) reversed the grant of summary judgment in favor of the MAFCO Defendants on the Trustees'

damage claims with respect to the issuance of notes by Marvel (Parent) Holdings Inc. and

Marvel III Holdings Inc., (c) affirmed the summary judgment in favor of the MAFCO

Defendants on the Trustees' damage claim with respect to the issuance of notes by Marvel

Holdings Inc., (d) affirmed the District Court's denial of partial summary judgment in favor of

the Trustees, and (e) remanded the Action to the District Court for trial. (D.I. 422.)

      24.     On remand, the parties engaged in further discovery, prepared and

exchanged additional expert reports (submitted by eight different experts, all of whom were

deposed), filed a joint pre-trial order, briefed and argued *Daubert* and *in limine* and other

motions (all of which were decided by this Court), and submitted pre-trial briefs. Over the

Trustees' objection, the Court ruled that all the claims were triable to the Court, not a jury. Trial

was set to begin on January 2, 2007, but was postponed when then-District Judge Jordan was

elevated to the Third Circuit. By Order dated March 18, 2008, the Court scheduled trial to begin

on August 18, 2008.

      25.     In sum, this matter has been vigorously litigated for over a decade.

Counsel for the Trustees have reviewed hundreds of thousands of pages of documents, taken and

defended thirty-five depositions, and propounded and responded to dozens of other discovery requests. The parties have briefed and argued multiple significant motions, as well as an appeal to the Third Circuit.

## V.

## RELIEF REQUESTED

26.     The Trustees have determined, after consultation with counsel, that the Settlement Agreement is fair and reasonable, and in the best interests of the Trust and its beneficiaries. By this motion, they respectfully request that the Court approve the Settlement Agreement in accordance with section 7.01(f) of the Trust Agreement.

27.     The principal reason for the Trustees' decision to enter into the Settlement Agreement is the value of the settlement measured against the considerable uncertainty as to the ultimate outcome of the Action, as well as the timing of that outcome if the parties proceed to trial (and the likely appeal by one side or the other).

28.     The Trustees recognize that the ultimate outcome of a trial could be less favorable than the settlement amount of $80 million now being offered by defendants. The Trustees also recognize that the MAFCO Defendants have presented a vigorous defense in the Action, and would continue to do so if this case proceeds to trial. The Trustees understand that at any trial of the Action, the MAFCO Defendants would argue that the claims asserted against them lack merit, and that the measure of recovery sought by the Trustees is not supported by the law or facts. While the Trustees would be prepared to present experts in support of monetary recoveries greater than the settlement amount, the Trustees recognize that the MAFCO Defendants deny all liability and would present experts at trial who would testify that damages recoverable by the Trust, if any, are in the range of zero to a figure substantially less than the

settlement amount.  In light of these factors, the Trustees strongly believe that the Settlement

Agreement is the best resolution that can be achieved under the circumstances.

29.    Consistent with the requirements of section 4.01 of the Trust Agreement,

the Trustees believe that it is in the best interest of the Trust and the beneficiaries to conclude the

settlement as expeditiously as possible.  Due to circumstances beyond the control of the parties

and the Court – for example, the requisite reassignment of the case due to the retirement of one

District Judge and the elevation of another, and the time required for appellate proceedings and

further extensive pretrial proceedings on remand – the Action has been pending for ten years.  At

the present time, in light of the agreed-upon settlement terms, it is in the best interest of the

Trust, and consistent with the terms of the Trust Agreement, to finalize the settlement and

distribute the Distributable Proceeds to the beneficiaries as soon as possible.

30.    In their consideration and negotiation of the Settlement Agreement, the

Trustees have acted in accord with their fiduciary duties to all the beneficiaries and the exclusive

authority vested in them to conduct and settle the Action.  The Trustees have carefully

considered the strengths and weaknesses of the case.  Unlike any individual beneficiary whose

views could represent such beneficiary's self-interest or personal agenda, the Trustees have

exercised their judgment in the best interests of the Trust as a whole and all of the beneficiaries.

31.    The Trustees believe that it would be irresponsible for them to reject the

$80 million settlement offer and risk the outcome and delay of a trial and appeal (especially since

this Court once previously decided that the Trustees' claims should be dismissed as a matter of

law, and, now, even if the Trustees prevail after trial, the amount of any recovery is highly

uncertain).  Accordingly, the Trustees believe that the Settlement Agreement represents a

prudent and favorable resolution of the Action that should be approved by the Court.

32.    The Trustees believe that the papers submitted herewith constitute everything that is necessary for the Court's consideration and approval of this application. But if the Court requires any additional information, the parties and their counsel are prepared to supply whatever is necessary at the Court's convenience.

33.    The Trustees have served this application on the defendants and filed it with the Court. All the defendants have consented to the granting of this application and the Court's issuance of the order requested herein. The Trustees will request that the Court schedule a deadline for the filing of any objections to this motion, and a hearing to consider this motion. The Trustees will then provide notice of this motion to the beneficiaries of the Trust, and the notice will include the dates set by the Court for the filing of objections and the hearing.

34.    Should the Court approve the Settlement and enter the order requested, and once the order becomes final and the Settlement Amount is paid, the Trustees will proceed expeditiously under Section 4.01 of the Trust Agreement to distribute the Distributable Proceeds to the beneficiaries of the Trust.

# VI.

## <u>CONCLUSION</u>

35.    For all of the foregoing reasons, the Trustees respectfully request that the Court approve the Settlement Agreement, and enter the proposed order that is attached hereto as Exhibit 1.

Dated: **[DATE]**, 2008

ASHBY & GEDDES

_____

Lawrence C. Ashby (I.D. 468)
Philip Trainer, Jr. (I.D. 2788)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
(302) 654-1888

-and-

FRIEDMAN KAPLAN SEILER &
   ADELMAN LLP
Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
1633 Broadway
New York, New York 10019
(212) 833-1100

*Attorneys for Plaintiffs Ronald Cantor, Ivan Snyder,*
*and James A. Scarpone, Trustees of the MAFCO*
*Litigation Trust.*

**EXHIBIT 1 TO TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                    :

RONALD CANTOR, IVAN SNYDER and    :
JAMES A. SCARPONE, as TRUSTEES OF  :
THE MAFCO LITIGATION TRUST,      :

                                      :   Civil Action No. 97-586 (SLR)

               Plaintiffs,     :

                                      :

        - against -           :

                                      :

RONALD O. PERELMAN,          :
MAFCO HOLDINGS INC.,         :
MacANDREWS & FORBES HOLDINGS INC., :
ANDREWS GROUP INCORPORATED,   :
WILLIAM C. BEVINS and         :
DONALD G. DRAPKIN,           :

                                      :

             Defendants.    :

                                      :
-------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT

       Upon consideration of the motion by the plaintiffs in this action, for an order

approving the settlement and compromise of this action on the terms set forth in the Settlement

Agreement, dated June __, 2008 (the "Settlement Agreement"); and it appearing that good cause

exists for approval of the Settlement Agreement;

622361.1

IT IS HEREBY ORDERED THAT:

1.      The motion is granted.

2.      The Court approves the Settlement Agreement.

3.      Upon the payment of the Settlement Amount (as defined in the Settlement Agreement), the parties shall file the Stipulation of Dismissal with Prejudice in accordance with the Settlement Agreement and the Court shall "So Order" such stipulation.


Dated: _____, 2008        _____

                                        Hon. Sue L. Robinson
                                        United States District Judge

**EXHIBIT 2 TO TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

[Settlement Agreement]

**EXHIBIT 3 TO TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

[MAFCO Litigation Trust Agreement]

**EXHIBIT 4 TO TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

[Fourth Amended Joint Plan of Reorganization for Marvel]

**EXHIBIT 5 TO TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

[Confirmation Order, dated July 31, 1998, confirming the
Fourth Amended Joint Plan of Reorganization for Marvel]

Execution Copy

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                               :
RONALD CANTOR, IVAN SNYDER and                 :
JAMES A. SCARPONE, as TRUSTEES OF              :
THE MAFCO LITIGATION TRUST,                    :
                                               :
                           Plaintiffs,         :     Civil Action No. 97-586 (MSR)
                                               :
              - against -                      :
                                               :
RONALD O. PERELMAN,                            :
MAFCO HOLDINGS INC.,                           :
MacANDREWS & FORBES HOLDINGS INC.,             :
ANDREWS GROUP INCORPORATED,                    :
WILLIAM C. BEVINS and                          :
DONALD G. DRAPKIN,                             :
                                               :
                           Defendants.         :
                                               :
-------------------------------------------------------------x
```

## STIPULATION AND ORDER OF DISMISSAL
## WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED that the above-captioned action be and the same is hereby discontinued with prejudice and without costs to either party as against the other.

Dated: _____, 2008

 

_____
Lawrence C. Ashby (I.D. No. 468)
Philip Trainer, Jr. (I.D. No. 2788)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, Delaware  19899
(302) 654-1888

**Execution Copy**

-and-

Edward A. Friedman
Andrew W. Goldwater
Daniel B. Rapport
Emily A. Stubbs
Jonathan Gottfried
FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP
1633 Broadway
New York, New York  10019
(212) 833-1100

*Attorneys for Plaintiffs*

Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2051)
Paul J. Lockwood (I.D. No. 3369)
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000

*Attorneys for Defendants*

SO ORDERED:

United States District Judge