IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD CANTOR, IVAN SNYDER and JAMES A. SCARPONE, as TRUSTEES OF THE MAFCO LITIGATION TRUST, <br><br> *Plaintiffs,* <br><br> v. <br><br> RONALD O. PERELMAN, MAFCO HOLDINGS INC., MacANDREWS & FORBES HOLDINGS INC., ANDREWS GROUP INCORPORATED, WILLIAM C. BEVINS and DONALD G. DRAPKIN, <br><br> *Defendants.* | Civil Action No. 97-586 (SLR) |

**REPLY OF HIGH RIVER LIMITED PARTNERSHIP IN FURTHER SUPPORT OF ITS OBJECTION TO THE TRUSTEES' MOTION FOR AN ORDER APPROVING SETTLEMENT**

High River Limited Partnership ("High River"), by and through its undersigned counsel, respectfully submits this reply in further support of its objection to the Trustees' Motion For an Order Approving Settlement (the "MAFCO Litigation Trustees' Motion")(D.I. 520).

On August 29, 2008, pursuant to the MAFCO Litigation Trust's Notice to Beneficiaries of the MAFCO Litigation Trust, High River duly filed its Statement of Objection to the Trustees' Motion (the "Statement of Objection")(D.I. 523). Responses to the Statement of Objection were received by High River on September 9, 2008 from (i) LaSalle Bank N.A. ("LaSalle")(D.I. 526) and (ii) the Defendants (D.I. 528). High River offers this brief reply to respond to certain of the assertions made in those responses.[1]

---

[1] High River, as noted in its Statement of Objection, is the holder of Marvel Secured Notes totaling $251,520,000 par value (the "High River Secured Notes"). Since the filing of its initial Statement of Objection on August 29, High River has confirmed with Merrill,

8191610

As an initial matter, significant questions exist as to whether appropriate notice of this hearing was provided to the secured noteholders – parties with real economic interest in the settlement. Despite High River's request to LaSalle's counsel in August, High River has not been provided with any information regarding the list of beneficiaries that received LaSalle's August 19, 2008 letter and notice of the approval hearing from LaSalle. (High River itself did not receive such notice until it contacted LaSalle's counsel on August 26, 2008, three days before the objection deadline.) High River understands that counsel to the MAFCO Litigation Trustees also specifically requested this information. Obviously, for the objection process for this proposed settlement (see, e.g., MAFCO Litigation Trustees' Motion at ¶ 33) to be meaningful, proper notice to all interested parties was required. High River does not understand why LaSalle refuses to disclose its holders' list so that the sufficiency of notice can be properly assessed by the Court.

Moreover, LaSalle's response demonstrates additional reasons why approval of the proposed settlement should be deferred. LaSalle now concedes that it will seek to make deduction from the settlement funds provided to it on behalf of holders of Marvel secured notes, like High River. However, LaSalle in its response fails to give any indication whatsoever as to how much it will seek to retain or provide any specific information regarding what purportedly reimbursable expenses are involved. LaSalle, instead, ambiguously states that it "is currently determining the amount of outstanding Trustee Reimbursable Fees and Expenses [as defined in

---

Lynch, Pierce, Fenner & Smith ("Merrill Lynch") that the High River Secured Notes (in the face amount of $251,520,000) have been reinstated and are held for its account at Merrill Lynch. Merrill Lynch has indicated to High River that records at the Depository Trust Company, and/or its nominee, CEDE & Co., reflect this ownership of the High River Secured Notes. As such, the hyper-technical suggestions in the responses of the Debtors and LaSalle that High River, somehow, is not an interested party or has no "standing" to interpose its objection are without merit. High River has a significant and direct economic interest in the resolution of the MAFCO Litigation Trustees' Motion.

2

its response] and intends to develop a <u>recommendation</u> to holders of such amount prior to making a distribution to eligible Noteholders." LaSalle Objection at 6 (emphasis added). Indeed, LaSalle gives no indication as to just what it means by a "recommendation" to Marvel's secured noteholders.

High River requested the details regarding any reimbursement claim from LaSalle's counsel in August but, to date, has received no response. High River understands that LaSalle did not respond to a similar request for the details of LaSalle's reimbursement claim made by counsel to the MAFCO Litigation Trustees, other than a suggestion that at least an additional $2 million in reimbursement would be claimed by LaSalle in addition to previous deductions (as discussed below).

LaSalle's failure to identify the specific amount of cost and expenses for which it intends to reimburse itself from the settlement amount is simply inexplicable. Surely LaSalle knows the costs and expenses which it intends to deduct from the beneficiaries' recoveries. Moreover, secured noteholders like High River have not been afforded any access to the backup (for example, invoices from counsel, etc.) supporting the yet-to-be-specified reimbursement amount LaSalle now concedes it intends to assert. Simply put, High River and other secured noteholders are being left in the dark as to what LaSalle – their fiduciary – intends to do with the funds to be paid to it as trustee for holders of Marvel's secured notes.

LaSalle does not mention in its response that it <u>already</u> has taken $6 million in fee and expense reimbursement as a consequence of its settlement in 2001 of its litigation, brought in its role as successor indenture trustee on the Marvel secured notes, against the defendants herein and certain others. <u>See</u>, <u>e.g.</u>, Joint Motion for Approval of Compromise and Settlement of Disputes and Approval of Notices to Securityholders, Civil Action No. 97-645-RMM, filed

3

August 24, 2001, ¶ 11.

LaSalle's objection raises further concerns regarding the timing of a distribution to the beneficial holders of Marvel Secured Notes. As noted, LaSalle's objection makes reference to some sort of a "recommendation" to Noteholders regarding its cost and expense claim. See LaSalle Objection at 7. No indication is given as to when such "recommendation" will be presented or what options holders of Marvel secured notes will have in response thereto.

LaSalle also indicates in its objection that distribution of settlement proceeds will be delayed until it "confirms and implements a procedure to ensure that" the registered holders to which it will make a distribution have not previously exchanged their secured notes for Marvel common stock pursuant to a 1998 agreement. LaSalle Objection at 3, 7-8. LaSalle give no hint as to how long this process will take – or, for that matter, what it will cost.

Additional material questions raised by LaSalle's response remain unanswered. As LaSalle indicates in its response, certain holders of Marvel secured notes chose to exchange those notes for Marvel stock. What portion, if any, of the as-yet-unspecified reimbursement claim relates to services that were provided by LaSalle to those holders? Does LaSalle intend to allocate any of its reimbursement claim to those holders? Does LaSalle intend that the non-exchanging secured noteholders – like High River – will be charged for the entire amount of its reimbursement claim? Holders of the Marvel secured notes have no answers to these questions that could materially affect their recoveries.

In light of these substantial uncertainties, it would be inappropriate to approve the settlement in question. High River, accordingly, respectfully requests that approval of the MAFCO Litigation Trustees' Motion should be denied at least until such time as: (i) the cost and fee reimbursement claim asserted by LaSalle is made known to all noteholders; (ii) the

"recommendation" to be made by LaSalle is specified; (iii) High River and other beneficiaries are provided with a full and fair opportunity to review and object to such deductions from their settlement recoveries.

Dated: September 10, 2008

/s/ Matthew F. Lintner
Matthew F. Lintner (#4371)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
302.888.6800
mlintner@morrisjames.com

and

Andrew Dash (admitted *pro hac vice*)
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
(212) 209-4800
adash@brownrudnick.com

*Attorneys for High River Limited Partnership*

1924904/3