IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
RONALD CANTOR, IVAN SNYDER and :
JAMES A. SCARPONE, as TRUSTEES OF : No. 97-CIV-586-SLR
THE MAFCO LITIGATION TRUST, :
: **NOTICE OF TRUSTEES'**
          Plaintiffs, : **MOTION FOR AN ORDER**
: **APPROVING SETTLEMENT**
     - against - :
: **DEADLINE FOR**
RONALD O. PERELMAN, : **WRITTEN STATEMENTS:**
MAFCO HOLDINGS INC., : **August 29, 2008**
MacANDREWS & FORBES HOLDINGS INC., :
ANDREWS GROUP INCORPORATED, : **HEARING DATE:**
WILLIAM C. BEVINS and : **September 11, 2008**
DONALD G. DRAPKIN, : **4:00 p.m. (E.T.)**
:
          Defendants. :
:
---------------------------------------------------------------x

## NOTICE TO BENEFICIARIES OF
## THE MAFCO LITIGATION TRUST

The Trustees of the MAFCO Litigation Trust (the "Trust") are providing this Notice in order to inform you of their Motion for an Order Approving Settlement (the "Motion"). On June 20, 2008, the Trustees and all defendants entered into a settlement agreement (the "Settlement") that settles and resolves all claims in this action (the "Action"). On behalf of the Trust, the Trustees have exclusive power to settle or otherwise compromise these claims, subject, however, to Court approval. The Motion requests Court approval of the Settlement.

As more fully described below, under the terms of the Settlement, the Trust will receive $80 million (the "Settlement Amount") if the Settlement is approved by the Court, and the order of approval becomes final and non-appealable. In such event, the beneficiaries of the Trust will be entitled to receive a distribution from the Trust. If the Settlement is not approved by the Court, the settlement agreement will be of no effect, and the Action will continue.

Just because you are receiving this Notice does not mean that you are a beneficiary of the Trust. This Notice describes below who are the beneficiaries of the Trust.

Any beneficiary who wishes to do so may submit written statements in support of or in objection to the Motion. Any such statement must be in writing, mailed to the addresses specified in paragraph 10 below, and postmarked on or before August 29, 2008. The Court has also scheduled a hearing at which it will consider the Motion. The hearing will be held

on September 11, 2008, at 4:00 p.m (E.T.), at the United States Courthouse for the District of Delaware, 844 N. King Street, 6th Floor, Courtroom #6B, Wilmington, Delaware 19801. Any beneficiary may attend the hearing. However, any beneficiary who wishes to be heard by the Court either personally or through counsel must submit a written statement on or before the August 29, 2008 deadline for such statements.

Beneficiaries of the Trust are not required to respond to this Notice or take any other action at this time in order to maintain their rights as beneficiaries.

## BACKGROUND OF THE ACTION AND THE TRUST

**1.    What is this lawsuit about?**

In 1996, Marvel Entertainment Group, Inc. and its affiliates ("Marvel") filed for bankruptcy protection. In 1997, Marvel commenced this Action asserting that the defendants had breached their fiduciary duties (or aided and abetted a breach of fiduciary duty) when in 1993 and 1994 certain companies that held a majority of Marvel's stock – and which companies were indirectly owned by defendant MacAndrews & Forbes Holdings, Inc. (formerly known as Mafco Holdings Inc. and referred to herein as "Mafco") – issued three tranches of notes. The claims in this Action allege, among other things, that the defendants used their fiduciary positions in Marvel to obtain benefits from the note issuances that were not shared with Marvel or Marvel's other shareholders.

**2.    What is the Trust and how were the Trustees appointed?**

In 1998, Marvel emerged from bankruptcy pursuant to a reorganization plan (the "Plan") confirmed by the Court. As part of the Plan, the Trust was established and the Trustees were appointed pursuant to the MAFCO Litigation Trust Agreement (the "Trust Agreement") to continue the litigation of the claims in this Action.

Ronald Cantor and Ivan Snyder were designated as Trustees by, respectively, the Equity Committee and the Creditors Committee in the Marvel bankruptcy. James Scarpone was designated as a Trustee by the Court-appointed Chapter 11 Trustee for Marvel (the Honorable John J. Gibbons, former Judge of the United States Court of Appeals for the Third Circuit).

The Trustees have served continuously in that capacity since their appointment.

**3.    Who are the beneficiaries of the Trust?**

Under the terms of the Plan and the Trust Agreement, the beneficiaries of the Trust are the holders of: (i) certain Allowed Unsecured Claims and (ii) Allowed Equity Interests. If there had been Allowed Class Securities Litigation Claims, the holders of such claims would also have been beneficiaries of the Trust. However, the Trustees have determined that there are no holders of Allowed Class Securities Litigation Claims because none of those claims have been reduced to a judgment, as required by the Plan and the Trust Agreement. Thus, only holders of certain Allowed Unsecured Claims and Allowed Equity Interests are beneficiaries of the Trust.

Two of the Trustees are beneficiaries of the Trust. Ivan Snyder is a holder of an Allowed Unsecured Claim, and Ronald Cantor is a holder of an Allowed Equity Interest. Mr. Cantor's son is also a holder of an Allowed Equity Interest.

4. **What interest do the beneficiaries have in the claims asserted in this Action?**

The beneficiaries' sole right under the Trust Agreement is the contingent right to share in any distribution the Trustees make pursuant to the terms of the Trust Agreement. The beneficiaries have no voting rights with respect to their beneficial interests in the Trust or the management of Trust assets, and no legal title to any part of the Trust assets. The beneficiaries do not have a right to approve or disapprove any settlement entered into by the Trustees, but any settlement must be approved by the Court.

5. **Why is the Action being settled?**

The Trustees have determined that the Settlement is in the best interests of the Trust and the beneficiaries of the Trust, and is consistent with their obligations under the Trust Agreement to prosecute or settle the claims in the Action. The Trustees believe that the substantial monetary value of the Settlement outweighs the considerable uncertainty as to the ultimate outcome of this Action, as well as the timing of that outcome, if the parties proceeded to trial (and the likely appeal by one side or the other).

In determining to enter into the Settlement, the Trustees relied on the advice of their counsel who have substantial experience in matters of this nature, and their judgment concerning the strengths and weaknesses of the case developed during the decade that the Action has been vigorously litigated by the parties. During that time the Trustees and their counsel have devoted great efforts to develop legal and factual support for the claims in this Action, and the defendants have raised numerous defenses to such claims. In 2004, the defendants made a motion for summary judgment, which was granted in large part by the Court and resulted in the dismissal of virtually all of the claims. However, the Trustees appealed to the United States Court of Appeals for the Third Circuit. In 2005, the Court of Appeals reversed in part and affirmed in part, thereby permitting the Action to proceed. The Trustees recognize that there is no assurance that the Trust would be entitled to any recovery if the case proceeded to trial.

## DISTRIBUTION OF THE SETTLEMENT AMOUNT

6. **How will the Settlement Amount be distributed?**

If an order approving the Settlement becomes final and non-appealable, and the Trust receives the Settlement Amount, the Trust Agreement requires that the Trustees pay the costs and expenses incurred by the Trust before distributing the net proceeds to the beneficiaries of the Trust. Such costs and expenses include the fees described below, as well as: (a) $550,000 in estimated administration costs to wind up the affairs of the Trust, including future Trustee fees and expenses necessary to make distributions to the beneficiaries, and (b) $2,000,000 in estimated unpaid principal and interest due on a loan to the Trust from Marvel Enterprises, Inc.

### 7. What are the fees payable to the Trustees under the Trust Agreement?

The Trustees are entitled to fees as provided for in the Trust Agreement. To date, the Trustees have been paid a total of $224,250 in fees; they are owed another $317,250 in total fees for the period through June 30, 2008. Assuming the Settlement becomes final, it is anticipated that the Trustees will be paid an additional $76,500 in total fees for the period through December 31, 2009.

In addition, the two Trustees who are beneficiaries of the Trust – Ronald Cantor and Ivan Snyder – will be entitled to their proportionate distributions as beneficiaries of the Trust.

### 8. What are the legal fees due to the attorneys representing the Trust?

To date, counsel for the Trust have been paid $839,172. Of that amount, $725,000 has been paid to the law firm of Friedman Kaplan Seiler & Adelman LLP ("FKSA").

If the Settlement is approved and becomes final, the Trust will owe FKSA additional fees of $25,941,667, pursuant to the terms of the retainer agreement entered into between the Trustees and FKSA. The original retainer agreement was amended as of March 2006 because the Trust was unable to make the payments of fees and expenses it had previously agreed to make to FKSA under that original agreement. In the amended retainer agreement, FKSA agreed that it would not receive any additional fees for its services, or reimbursement of the funds it advanced to pay expert fees and other litigation costs, unless there was a settlement or judgment in the Action. In consideration, the Trustees agreed that FKSA would be entitled to a share (not to exceed one-third) of any settlement or judgment as payment of its fees.

As a point of reference, FKSA personnel have devoted over 18,000 hours to this case during the past ten years. The total charges for those services had they been billed out at FKSA's standard rates – and had the Trust been able to pay those charges – would have been approximately $7 million. In addition, FKSA has advanced $1,151,896 to pay expert fees and other costs related to the Action, which will be separately reimbursed from the Settlement Amount. The Trustees believe that the fee arrangements with FKSA are fair and appropriate, and were entered into in accordance with their authority under the Trust Agreement to act for the benefit of the Trust and its beneficiaries.

### 9. What will be the net proceeds for distribution to the Trust beneficiaries?

After paying the costs referred to above, approximately $50 million of the Settlement Amount (subject to adjustment depending on actual costs incurred) is expected to be distributed to the beneficiaries of the Trust as follows: approximately $18.2 million will be paid to holders of Allowed Unsecured Claims, and approximately $31.9 million will be paid to holders of Allowed Equity Interests.

The amount any individual beneficiary would receive would depend upon, among other things, the size of the claim held by that beneficiary relative to all claims held by that particular class of beneficiaries. For example, if a beneficiary held an Allowed Unsecured Claim that represented 1% of all Allowed Unsecured Claims, that beneficiary would

4

receive approximately $180,000. Unclaimed distributions will be redistributed to the remaining Trust beneficiaries in accordance with the terms of the Trust.

## WRITING TO THE COURT ABOUT THE MOTION

**10.    How can I tell the Court if I support or object to the Motion?**

If you wish to support or object to the Motion, you may do so by mailing to the Clerk of the Court, as well as counsel for the Trustees, a written statement describing the specific reasons for your support or objection, together with any evidence or legal authority you believe supports your position. The statement must also contain the name of the Action (*Cantor v. Perelman*), your name, address, and whether you are a beneficiary of the Trust because you are a holder of an Allowed Unsecured Claim or an Allowed Equity Interest. Your statement of support or objection must be postmarked on or before August 29, 2008 and sent to both:

| the Court: | and counsel for the Trustees: |
|---|---|
| Clerk of the Court<br>United States District Court of the<br>District of Delaware<br>844 North King Street<br>Wilmington, Delaware  19801 | Lawrence C. Ashby<br>Philip Trainer, Jr.<br>Ashby & Geddes<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, Delaware  19899<br><br>- and -<br><br>Edward A. Friedman<br>Daniel B. Rapport<br>Friedman Kaplan Seiler & Adelman LLP<br>1633 Broadway<br>New York, New York  10019 |

Please note, Beneficiaries of the Trust are not required to respond to this Notice or take any other action at this time in order to maintain their rights as beneficiaries.

## THE COURT HEARING ON THE MOTION

**11.    When and where will the hearing take place?**

The Court will hold a hearing on September 11, 2008 at 4:00 p.m. The hearing will be held in Courtroom 6B, United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801. The Court reserves the right to reschedule the hearing without further notice to the beneficiaries of the Trust.

At the hearing, the Court will consider whether the Settlement should be approved. We do not know when the Court will make its decision whether or not to approve the Settlement.

**12.   May I attend, and speak at, the hearing?**

You do not need to attend the hearing, but you may do so at your own expense if you wish. You may also pay your own lawyer to attend, but it is not necessary. If you or your lawyer intends to speak at the hearing, you or your lawyer must send a Notice of Appearance together with your written statement referred to above and any written materials to be presented to the Court, to (a) the Clerk of the Court, and (b) counsel for the Trustees, at the addresses listed above. These materials must be postmarked on or before August 29, 2008.

### IMPORTANT INFORMATION

You may obtain the complete text of the Settlement, the Motion, the Trust Agreement and the Plan: (i) at http://www.mafcosettlement.com/ or (ii) from the Court file (which is available for your inspection during regular business hours at the address specified in paragraph 10 above). This Notice is intended to provide a summary of the Settlement and related matters, and is qualified by reference to the documents referred to herein.

There will be no distribution to the beneficiaries of the Trust in connection with the Settlement unless and until the Court approves the Settlement, and the order of approval becomes final and non-appealable.

Dated: August 1, 2008

> Submitted on behalf of Ronald Cantor,
> Ivan Snyder and James A. Scarpone,
> the Trustees of the MAFCO Litigation Trust
>
> by
>
> ASHBY & GEDDES
> Lawrence C. Ashby
> Philip Trainer, Jr.
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, Delaware  19899
>
> -and-
>
> FRIEDMAN KAPLAN SEILER &
>   ADELMAN LLP
> Edward A. Friedman
> Daniel B. Rapport
> 1633 Broadway
> New York, New York  10019
> drapport@fklaw.com